**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>VERIZON COMMUNICATIONS INC.,<br>CELLCO PARTNERSHIP d/b/a VERIZON<br>WIRELESS, and VERIZON CORPORATE<br>SERVICES GROUP, INC.,<br><br>      Defendants. | CIVIL ACTION NO. 2:23-CV-00352<br><br>**JURY TRIAL DEMANDED** |

## VERIZON'S ANSWER

Defendants' Verizon Communications Inc., Cellco Partnership, d/b/a Verizon Wireless, and Verizon Corporate Services Group Inc. (collectively, "Verizon" or "Defendants"), by and through their attorneys, hereby submit this Answer to Plaintiff Headwater Research LLC's ("Plaintiff") complaint (Dkt. 1) (the "Complaint") as follows:

## GENERAL DENIAL

Unless specifically admitted below, Verizon denies each and every allegation in the Complaint.  To the extent any factual allegation below is admitted, it is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may follow from the admitted facts.  No admission below should be construed as an admission or concession regarding the relevance of any allegation of the Complaint.  Nor should any admission below be construed as an admission or concession regarding the accuracy, authenticity, admissibility, or relevance of any documents cited or referenced in the Complaint.  Verizon further denies that Plaintiff is entitled to the relief requested or to any other

relief.  The headings below track those used in the Complaint and are for convenience only.  They do not constitute any part of Verizon's Answer or any admission by Verizon as to the truth of the matters asserted.  To the extent the headings of the Complaint are construed as allegations, they are each denied.

## RESPONSES TO NUMBERED PARAGRAPHS IN THE COMPLAINT

## BACKGROUND

1.      Verizon denies the allegations of Paragraph 1 of the Complaint.

2.      Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and on that basis denies each and every allegation.

3.      Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and on that basis denies each and every allegation.

4.      Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and on that basis denies each and every allegation.

5.      Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and on that basis denies each and every allegation.

6.      Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and on that basis denies each and every allegation.

7.      Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and on that basis denies each and every allegation.

8.      Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and on that basis denies each and every allegation.

9.      Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis denies each and every allegation.

10.      Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and on that basis denies each and every allegation.

11.      Verizon admits that smartphones and other mobile devices have become significantly more widely used in the past few decades and that their functionality include: making and receiving phone calls, getting notifications, downloading music, uploading photos, streaming entertainment, transacting business, exchanging ideas, and keeping individuals connected to family and friends.  Verizon also admits that it is possible to exchange large amounts of data over the internet using wireless and cellular networks.  Except as expressly admitted, Verizon does not have knowledge or information sufficient to form a belief as to the truth of the remaining characterizations contained in Paragraph 11 and on that basis denies them.

12.      Verizon admits that overall data consumption by mobile devices has generally increased since 2011.  Except as expressly admitted, Verizon does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 and on that basis denies each and every allegation.

13.     Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and on that basis denies each and every allegation.

14.     Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and on that basis denies each and every allegation.

15.     Verizon denies the allegations of Paragraph 15 of the Complaint.

<b>NOTICE OF THE ASSERTED PATENTS</b>

16.     Verizon denies the allegations of Paragraph 16 of the Complaint.

17.     Verizon admits that, on or about June 30, 2009, Defendant Verizon Corporate Services Group, Inc. entered into a non-disclosure agreement with Headwater Partners, LLC. Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 17 of the Complaint.

18.     Verizon admits that in July 2009, Headwater provided presentations to Verizon. Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 18 of the Complaint.

19.     Verizon admits that in August, 2009, Headwater provided presentations about the ItsOn platform to Verizon.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 19 of the Complaint.

20.     Verizon denies the allegations of Paragraph 20 of the Complaint.

21.     Verizon admits that a Verizon employee received a document bearing the title "Detailed Patent Brief" and dated October 2009.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 21 of the Complaint.

22.     Verizon denies the allegations of Paragraph 22 of the Complaint.

23.     Verizon admits that Thomas Russell is a former Director of Marketing at Verizon who was involved in conversations with ItsOn and other Verizon employees about ItsOn's technology.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 23.

24.     Verizon admits that a document entitled "Opportunity for Partnership" discusses the possibility of a partnership with ItsOn, and the supposed "need" for and purported potential benefits of piloting ItsOn technology if it were pursued and successful.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 24 of the Complaint.

25.     Verizon denies the allegations of Paragraph 25 of the Complaint.

26.     Verizon admits that, in 2010, Verizon and ItsOn entered into a Software License, Evaluation Trial, and Application Programming Interfaces Development Agreement, under which Verizon agreed to pay ███████ for a license to certain software for evaluation and for the purchase of certain accompanying software and applications.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 26 of the Complaint.

27.     Verizon denies the allegations of Paragraph 27 of the Complaint.

28.     Verizon denies the allegations of Paragraph 28 of the Complaint.

29.     Verizon denies the allegations of Paragraph 29 of the Complaint.

30.     Verizon denies the allegations of Paragraph 30 of the Complaint.

31.     Verizon admits that Exhibit 1 to the Complaint purports to be a copy of the complaint, filed on September 30, 2013, in *Thomas Russell vs. Cellco Partnership d/b/a Verizon Wireless,* Superior Court of New Jersey, Somerset County Division, Dkt. No. L-1331-13.  Verizon admits that the Complaint accurately recopies portions of Exhibit 1 into the Complaint.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 31 of the Complaint.

32.     Verizon admits that the Complaint accurately recopies portions of Exhibit 1 into the Complaint.   Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 32 of the Complaint.

33.     Verizon denies the allegations of Paragraph 33 of the Complaint.

34.     Verizon denies the allegations of Paragraph 34 of the Complaint.

35.     Verizon admits that U.S. Patent Application No. 14/966,543 was filed on January 15, 2016 by Verizon Patent and Licensing Inc.  Verizon admits that Paragraph 35 of the Complaint accurately reproduces Claim 1 as it appeared in U.S. Patent Application No. 14/966,543 as filed in January 15, 2016.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 35 of the Complaint.

36.     Verizon admits that the February 22, 2017 Notice of References Cited included US Patent Pub. No. 2011/0314145.   Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 36 of the Complaint.

37.     Verizon denies the allegations of Paragraph 37 of the Complaint.

**PLAINTIFF HEADWATER AND THE PATENTS-IN-SUIT**

38.     Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and on that basis denies each and every allegation.

39.     Verizon admits that Exhibit 2 to the Complaint purports to be a copy of U.S. Patent No. 8,589,541.  Except as expressly admitted, Verizon does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 and on that basis denies each and every allegation.

40.     Verizon admits that Exhibit 3 to the Complaint purports to be a copy of U.S. Patent No. 8,924,543.  Except as expressly admitted, Verizon does not have knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 and on that basis denies each and every allegation.

41.      Verizon admits that Exhibit 4 to the Complaint purports to be a copy of U.S. Patent No. 9,198,042.  Except as expressly admitted, Verizon does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 and on that basis denies each and every allegation.

42.      Verizon admits that Exhibit 5 to the Complaint purports to be a copy of U.S. Patent No. 9,215,613.  Except as expressly admitted, Verizon does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 and on that basis denies each and every allegation.

## DEFENDANTS AND THE ACCUSED INSTRUMENTALITIES

43.      Verizon admits that Verizon Communications Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 1095 Avenue of the Americas, New York, New York 10036 and that it may be served with process through its registered agent at The Corporation Trust Company, 1209 Orange St, Wilmington, Delaware 19801.  Verizon denies the remaining allegations of Paragraph 43 of the Complaint.

44.      Verizon admits the allegations of Paragraph 44 of the Complaint.

45.      Verizon admits the allegations of Paragraph 45 of the Complaint.

46.      Verizon admits that the Complaint purports to accuse mobile devices, cellular networks, servers, and services of patent infringement.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 46 of the Complaint.

## JURISDICTION AND VENUE

47.     Verizon admits that the Complaint purports to allege patent infringement under Title 35 of the United States Code.  Verizon denies that it infringes any asserted patent, and denies the remaining allegations in Paragraph 47 of the Complaint.

48.     Verizon admits that the Complaint purports to state claims over which the Court would have subject matter jurisdiction.

49.     The allegations of Paragraph 49 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, for purposes of this action only, Verizon does not contest that this Court has personal jurisdiction over the named defendants other than Defendant Verizon Communications Inc.  Verizon specifically denies that this Court has personal jurisdiction over Defendant Verizon Communications Inc. Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 49 of the Complaint.

50.     Verizon denies the allegations of Paragraph 50 of the Complaint.

51.     The allegations of Paragraph 51 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, Verizon denies the allegations of Paragraph 51 of the Complaint.

52.     Verizon admits that the Complaint purports to reference the webpage https://www.verizon.com/coverage-map/ and to display an image in response to an inquiry therefrom.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 52 of the Complaint.

53.     Verizon admits that the Complaint purports to reference data from the webpage https://www.verizon.com/about/sites/default/files/Verizon_Fact_Sheet.pdf.  Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 53 of the Complaint.

54.     Verizon admits that the Complaint purports to identify authorized Verizon retailers in Texas purportedly referenced at the webpage https://www.verizon.com/stores/search-results/?lat=32.54691&long=-94.35011.     Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 54 of the Complaint.

### COUNT 1 – CLAIM FOR INFRINGEMENT OF THE '541 PATENT

55.     Verizon repeats and re-alleges the responses set forth in the preceding paragraphs above as though set forth in full herein.

56.     Verizon admits that Exhibit 2 to the Complaint purports to be a copy of U.S. Patent No. 8,589,541 (the "'541 Patent"), which is titled "Device-assisted services for protecting network capacity" and which issued on November 19, 2013.

57.     Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and on that basis denies each and every allegation.

58.     The allegations of Paragraph 58 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, Verizon denies the allegations in Paragraph 58 of the Complaint.

59.     The allegations of Paragraph 59 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, Verizon denies the allegations in Paragraph 58 of the Complaint.

60.     Verizon denies the allegations of Paragraph 60 of the Complaint.

61.     Verizon denies the allegations of Paragraph 61 of the Complaint.

62.     Verizon admits that Exhibit 6 to the Complaint is a chart that purports to include Plaintiff's allegations regarding infringement of claim 1 of the '541 Patent.  Verizon denies that it infringes the '541 Patent and denies the remaining allegations in Paragraph 62 of the Complaint.

63.     Verizon denies the allegations of Paragraph 63 of the Complaint.

64.     Verizon denies the allegations of Paragraph 64 of the Complaint.

65.     Verizon denies the allegations of Paragraph 65 of the Complaint.

66.     Verizon denies the allegations of Paragraph 66 of the Complaint.

67.     Verizon denies the allegations of Paragraph 67 of the Complaint.

68.     Verizon denies the allegations of Paragraph 68 of the Complaint.

**COUNT 2 – CLAIM FOR INFRINGEMENT OF THE '543 PATENT**

69.     Verizon repeats and re-alleges the responses set forth in the preceding paragraphs above as though set forth in full herein.

70.     Verizon admits that Exhibit 3 to the Complaint purports to be a copy of U.S. Patent No. 8,924,543 (the "'543 Patent"), which is titled "Service design center for device assisted services" and which issued on December 30, 2014.

71.     Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and on that basis denies each and every allegation.

72.     The allegations of Paragraph 72 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, Verizon denies the allegations in Paragraph 72 of the Complaint.

73.     The allegations of Paragraph 73 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, Verizon denies the allegations in Paragraph 73 of the Complaint.

74.     Verizon denies the allegations of Paragraph 74 of the Complaint.

75.     Verizon denies the allegations of Paragraph 75 of the Complaint.

76.     Verizon admits that Exhibit 7 to the Complaint is a chart that purports to include Plaintiff's allegations regarding infringement of claim 1 of the '543 Patent.  Verizon denies that it infringes the '543 Patent and denies the remaining allegations in Paragraph 76 of the Complaint.

77.     Verizon denies the allegations of Paragraph 77 of the Complaint.

78.     Verizon denies the allegations of Paragraph 78 of the Complaint.

79.     Verizon denies the allegations of Paragraph 79 of the Complaint.

80.     Verizon denies the allegations of Paragraph 80 of the Complaint.

81.     Verizon denies the allegations of Paragraph 81 of the Complaint.

82.     Verizon denies the allegations of Paragraph 82 of the Complaint.

**COUNT 3 – CLAIM FOR INFRINGEMENT OF THE '042 PATENT**

83.     Verizon repeats and re-alleges the responses set forth in the preceding paragraphs above as though set forth in full herein.

84.     Verizon admits that Exhibit 4 to the Complaint purports to be a copy of U.S. Patent No. 9,198,042 (the "'042 Patent"), which is titled "Security techniques for device assisted services" and which issued on November 24, 2015.

85.     Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and on that basis denies each and every allegation.

86.     The allegations of Paragraph 86 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, Verizon denies the allegations in Paragraph 86 of the Complaint.

87.     The allegations of Paragraph 87 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, Verizon denies the allegations in Paragraph 87 of the Complaint.

88.     Verizon denies the allegations of Paragraph 88 of the Complaint.

89.     Verizon denies the allegations of Paragraph 89 of the Complaint.

90.     Verizon admits that Exhibit 8 to the Complaint is a chart that purports to include Plaintiff's allegations regarding infringement of claim 1 of the '042 Patent.  Verizon denies that it infringes the '042 Patent and denies the remaining allegations in Paragraph 90 of the Complaint.

91.     Verizon denies the allegations of Paragraph 91 of the Complaint.

92.     Verizon denies the allegations of Paragraph 92 of the Complaint.

93.     Verizon denies the allegations of Paragraph 93 of the Complaint.

94.     Verizon denies the allegations of Paragraph 94 of the Complaint.

95.     Verizon denies the allegations of Paragraph 95 of the Complaint.

96.     Verizon denies the allegations of Paragraph 96 of the Complaint.

**COUNT 4 – CLAIM FOR INFRINGEMENT OF THE '613 PATENT**

97.     Verizon repeats and re-alleges the responses set forth in the preceding paragraphs above as though set forth in full herein.

98.     Verizon admits that Exhibit 5 to the Complaint purports to be a copy of U.S. Patent No. 9,215,613 (the "'613 Patent"), which is titled "Wireless end-user device with differential traffic control policy list having limited user control" and which issued on December 15, 2015.

99.     Verizon does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and on that basis denies each and every allegation.

100.    The allegations of Paragraph 100 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, Verizon denies the allegations in Paragraph 100 of the Complaint.

101.    The allegations of Paragraph 101 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, Verizon denies the allegations in Paragraph 101 of the Complaint.

102.    Verizon denies the allegations of Paragraph 102 of the Complaint.

103.    Verizon denies the allegations of Paragraph 103 of the Complaint.

104.    Verizon admits that Exhibit 9 to the Complaint is a chart that purports to include Plaintiff's allegations regarding infringement of claim 1 of the '613 Patent.  Verizon denies that it infringes the '613 Patent and denies the remaining allegations in Paragraph 104 of the Complaint.

105.    Verizon denies the allegations of Paragraph 105 of the Complaint.

106.    Verizon denies the allegations of Paragraph 106 of the Complaint.

107.    Verizon denies the allegations of Paragraph 107 of the Complaint.

108.    Verizon denies the allegations of Paragraph 108 of the Complaint.

109.    Verizon denies the allegations of Paragraph 109 of the Complaint.

110.    Verizon denies the allegations of Paragraph 110 of the Complaint.

### RESPONSE TO PLAINTIFF'S JURY DEMAND

111.    Verizon demands a jury trial pursuant to Fed. R. Civ. P. 38.

### RESPONSE TO PLAINTIFF'S RELIEF REQUESTED

Verizon denies that Plaintiff is entitled to any relief, including but not limited to the relief sought by Plaintiff under Paragraphs A–G of the Complaint.

### <u>VERIZON'S AFFIRMATIVE DEFENSES</u>

112.    Verizon incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses. Verizon asserts the following defenses without assuming any burden that it would not otherwise have, including without admitting or

acknowledging that it bears the burden of proof as to any of these defenses.  Verizon reserves the right to amend this Answer with additional defenses as additional information becomes available.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

113.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

114.    Verizon has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '541 Patent, '543 Patent, '042 Patent, or '613 Patent, and do not directly infringe, contributorily infringe, or induce the infringement of any valid and enforceable claim of the '541 Patent, '543 Patent, '042 Patent, or '613 Patent, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

115.    The claims of the '541 Patent, '543 Patent, '042 Patent, and '613 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

116.    To the extent Plaintiff has failed to comply with the notice requirements of 35 U.S.C. § 287, Plaintiff is barred from all monetary relief for acts that occurred prior to Plaintiff providing actual notice to Verizon.

## FIFTH AFFIRMATIVE DEFENSE
### (License, Exhaustion, Waiver, and Estoppel)

117.    Plaintiff's claims are barred, in whole or in part, by license, exhaustion, and/or doctrines of waiver and/or equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver/Estoppel/Laches/Acquiescence)

118.    Plaintiff's claims are barred in whole or in part under principles of equity, including waiver, estoppel, laches, and/or acquiescence, including but not limited to, prosecution history estoppel arising from the patentee's actions, representations, or conduct before the United States Patent and Trademark Office during prosecution of the Patents-in-Suit.

## SEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

119.    Plaintiff has an adequate remedy at law and no basis exists for the grant of injunctive relief.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Willfulness)

120.    On information and belief, Verizon has not knowingly or with reckless disregard willfully infringed valid and enforceable claims of the asserted patents and does not knowingly or with reckless disregard willfully infringe any valid and enforceable claims of the asserted patents. For at least these reasons, Plaintiff cannot maintain a claim of willfulness.

## NINTH AFFIRMATIVE DEFENSE
### (No Attorneys' Fees)

121.    Plaintiff is not entitled to attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code, including because none of Plaintiff's claims are valid.

## TENTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

122.    Verizon reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, as well as any other defenses at law or in equity that may exist now or that may be available in the future.

## PRAYER FOR RELIEF

WHEREFORE, Verizon asks this Court to enter judgment in favor of Verizon and against Plaintiff by granting the following relief:

A.      A dismissal of all claims in Plaintiff's Complaint with prejudice and a complete denial of Plaintiff's requests for damages, injunctive relief, interest, costs, expenses, accounting, attorneys' fees, and any other form of relief, and

B.      An award to Verizon of their reasonable attorneys' fees, costs, and all interest (including without limitation any attorney fee awards based upon 35 U.S.C. § 285) and any such other and further relief as the Court finds just and proper.

## COUNTERCLAIMS

Defendants and Counterclaim-Plaintiffs Verizon Cellco Partnership d/b/a Verizon Wireless and Verizon Corporate Services Group, Inc. (collectively, "Verizon Counterclaimants") bring the following counterclaims against Plaintiff and Counterclaim-Defendant Headwater Research LLC ("Counterclaim-Defendant"):

## THE PARTIES

1.      Defendant and Counterclaim-Plaintiff Cellco Partnership d/b/a Verizon Wireless is a Delaware partnership with a principal place of business in Basking Ridge, New Jersey.

2.      Defendant and Counterclaim-Plaintiff Verizon Corporate Services Group, Inc. is a New York corporation with a principal place of business in Basking Ridge, New Jersey.

3.      Upon information and belief, and based on Paragraph 38 of the Complaint as pleaded by Counterclaim-Defendant, Headwater Research LLC is a Texas limited liability company with its headquarters at 110 North College Avenue, Suite 1116, Tyler, Texas 75702.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over these counterclaims pursuant to the Federal Patent Act, 28 U.S.C. §§ 1331, 1338(a), and 2202.

5.      Counterclaim-Defendant has subjected itself to personal jurisdiction by maintaining its lawsuit against Verizon in this judicial district.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

7.      Counterclaim-Defendant has sued Verizon Counterclaimants for infringement of the '541 Patent, '543 Patent, '042 Patent, or '613 Patent.  Verizon Counterclaimants deny infringement and deny that the claims of the asserted patents are valid. There is therefore a substantial, actual, and continuing controversy between Counterclaim-Defendants and Verizon Counterclaimants as to the validity and infringement of the asserted patents.

## COUNT 1
### (Declaratory Judgment of Non-Infringement of the '541 Patent)

8.      Verizon Counterclaimants repeat and reallege the allegations in each of the foregoing Counterclaim paragraphs as if fully set forth herein.

9.      Verizon Counterclaimants have not infringed and do not infringe any valid and/or enforceable claim of the '541 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

10.      To resolve the legal and factual questions raised by Counterclaim-Defendant and to afford relief from the uncertainty and controversy that Counterclaim-Defendant's allegations have created, Verizon Counterclaimants are entitled to a declaratory judgment that they do not infringe the '541 Patent.

## COUNT 2
### (Declaratory Judgment of Invalidity of the '541 Patent)

11.     Verizon Counterclaimants repeat and reallege the allegations in each of the foregoing Counterclaim paragraphs as if fully set forth herein.

12.     The '541 Patent claims are invalid and/or patent ineligible for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability and/or patent eligibility under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and/or 112.

13.     To resolve the legal and factual questions raised by Counterclaim-Defendant and to afford relief from the uncertainty and controversy that Counterclaim-Defendant's allegations have created, Verizon Counterclaimants are entitled to a declaratory judgment the '541 Patent is invalid and/or patent-ineligible.

## COUNT 3
### (Declaratory Judgment of Non-Infringement of the '543 Patent)

14.     Verizon Counterclaimants repeat and reallege the allegations in each of the foregoing Counterclaim paragraphs as if fully set forth herein.

15.     Verizon Counterclaimants have not infringed and do not infringe any valid and/or enforceable claim of the '543 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

16.     To resolve the legal and factual questions raised by Counterclaim-Defendant and to afford relief from the uncertainty and controversy that Counterclaim-Defendant's allegations have created, Verizon Counterclaimants are entitled to a declaratory judgment that they do not infringe the '543 Patent.

## COUNT 4
**(Declaratory Judgment of Invalidity of the '543 Patent)**

17.     Verizon Counterclaimants repeat and reallege the allegations in each of the foregoing Counterclaim paragraphs as if fully set forth herein.

18.     The '543 Patent claims are invalid and/or patent ineligible for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability and/or patent eligibility under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and/or 112.

19.     To resolve the legal and factual questions raised by Counterclaim-Defendant and to afford relief from the uncertainty and controversy that Counterclaim-Defendant's allegations have created, Verizon Counterclaimants are entitled to a declaratory judgment the '543 Patent is invalid and/or patent-ineligible.

## COUNT 5
**(Declaratory Judgment of Non-Infringement of the '042 Patent)**

20.     Verizon Counterclaimants repeat and reallege the allegations in each of the foregoing Counterclaim paragraphs as if fully set forth herein.

21.     Verizon Counterclaimants have not infringed and do not infringe any valid and/or enforceable claim of the '042 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

22.     To resolve the legal and factual questions raised by Counterclaim-Defendant and to afford relief from the uncertainty and controversy that Counterclaim-Defendant's allegations have created, Verizon Counterclaimants are entitled to a declaratory judgment that they do not infringe the '042 Patent.

## COUNT 6
### (Declaratory Judgment of Invalidity of the '042 Patent)

23.     Verizon Counterclaimants repeat and reallege the allegations in each of the foregoing Counterclaim paragraphs as if fully set forth herein.

24.     The '042 Patent claims are invalid and/or patent ineligible for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability and/or patent eligibility under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and/or 112.

25.     To resolve the legal and factual questions raised by Counterclaim-Defendant and to afford relief from the uncertainty and controversy that Counterclaim-Defendant's allegations have created, Verizon Counterclaimants are entitled to a declaratory judgment the '042 Patent is invalid and/or patent-ineligible.

## COUNT 7
### (Declaratory Judgment of Non-Infringement of the '613 Patent)

26.     Verizon Counterclaimants repeat and reallege the allegations in each of the foregoing Counterclaim paragraphs as if fully set forth herein.

27.     Verizon Counterclaimants have not infringed and do not infringe any valid and/or enforceable claim of the '613 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

28.     To resolve the legal and factual questions raised by Counterclaim-Defendant and to afford relief from the uncertainty and controversy that Counterclaim-Defendant's allegations have created, Verizon Counterclaimants are entitled to a declaratory judgment that they do not infringe the '613 Patent.

## COUNT 8
### (Declaratory Judgment of Invalidity of the '613 Patent)

29.     Verizon Counterclaimants repeat and reallege the allegations in each of the foregoing Counterclaim paragraphs as if fully set forth herein.

30.     The '613 Patent claims are invalid and/or patent ineligible for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability and/or patent eligibility under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and/or 112.

31.     To resolve the legal and factual questions raised by Counterclaim-Defendant and to afford relief from the uncertainty and controversy that Counterclaim-Defendant's allegations have created, Verizon Counterclaimants are entitled to a declaratory judgment the '613 Patent is invalid and/or patent-ineligible.

## PRAYER FOR RELIEF

WHEREFORE, Verizon Counterclaimants respectfully request that this Court:

A.     Enter judgment against Counterclaim-Defendant and dismiss the claims filed by Counterclaim-Defendant against Verizon Counterclaimants with prejudice;

B.     Determine and declare that the claims of the asserted patents are not infringed by Verizon Counterclaimants;

C.     Determine and declare that the claims of the asserted patents are invalid and/or patent-ineligible;

D.     Award Verizon Counterclaimants their costs, disbursements, and reasonable attorneys' fees incurred in this action; and,

E.     Grant such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Verizon Counterclaimants hereby demand trial by jury in this action on all issues so triable.

DATED:  October 9, 2023

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Katherine Q. Dominguez*

Katherine Q. Dominguez (Lead Attorney)
kdominguez@gibsondunn.com
Josh A. Krevitt
jkrevitt@gibsondunn.com
Brian Rosenthal
brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Andrew Robb
arobb@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301
Telephone:  (650) 849-5300

Deron R. Dacus
ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Phone: (903) 705-1117

*Attorneys for Defendants and Verizon
Counterclaimants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 9, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 9, 2023 upon the following in the manner indicated:

Marc Fenster                                            *VIA ELECTRONIC MAIL*
Reza Mirzaie
Brian Ledahl
Ben Wang
Dale Chang
Paul Kroeger
Neil A. Rubin
Kristopher Davis
James S. Tsuei
Philip Wang
Amy Hayden
Jason M. Wietholter
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

*Attorneys for Plaintiff and Counterclaim-Defendant*

*/s/ Katherine Q. Dominguez*
Katherine Q. Dominguez