# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00352-JRG-RSP |
| | § | |
| VERIZON COMMUNICATIONS INC., | § | |
| CELLCO PARTNERSHIP d/b/a VERIZON | § | |
| WIRELESS, and VERIZON CORPORATE | § | |
| SERVICES GROUP, INC., | § | |
| | § | |
| *Defendants.* | § | |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered

    in this action or to indemnify or reimburse for payments made to satisfy the judgment;

  (f) any settlement agreements relevant to the subject matter of this action; and

  (g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

  (a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

  (b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

  (a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

    i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

        is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

    ii.    If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)    produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

**4.**    **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

**5.** **Discovery Limitations.** The discovery in this case is limited to the disclosures described in Paragraphs 1-3 together with:

    (a) **Interrogatories:** Plaintiff may serve 40 interrogatories on the Defendants collectively, and the Defendants may serve 40 interrogatories on Plaintiff. For example, Plaintiff may serve the same 40 interrogatories on each of the Defendants.

    (b) **Requests for Admission:** Plaintiff may serve 40 requests for admission on the Defendants collectively, and the Defendants may serve 40 requests for admission on Plaintiff. Notwithstanding the limitations of this subsection, any party may serve an unlimited number of requests for admission that seek an admission as to the authenticity of a particular document or thing, provided that requests for admission directed to document authentication are clearly denoted as such and served separately from any requests for admission subject to the numerical limitations previously stated. The parties shall work together in good faith to agree on a stipulation as to the authenticity of their own documents to avoid the service of large numbers of requests for admission relating to authenticity.

    (c) **Testifying Expert Witnesses:** Each side is entitled to up to five (5) testifying expert witnesses.

    (d) **Fact Depositions (non-expert):**

        i) Each side[3] shall be permitted up to 60 hours of deposition time for depositions of party witnesses under Rule 30(b)(1) or Rule 30(b)(6) and up to 60 hours of deposition time for depositions of non-parties under Rule 30(b)(1), Rule

---

[3] "Side" means a party or a group of parties with a common interest. For purposes of this section, Defendants collectively constitute a single side.

    30(b)(6), or Rule 45. To be clear, a person deposed in his or her individual capacity under Rule 30(b)(1) may be further deposed under Rule 30(b)(6) if so designated, but the total deposition time for the witness shall not exceed 7 hours absent a showing of good cause.

ii) No witness shall be subjected to more than 7 hours of deposition time on the record on a single day, including if that witness is to testify on multiple days, without the consent of the witness and all parties. In general, no one person shall be deposed for any longer than 7 hours total. But if the same witness is identified as a 30(b)(6) witness for most topics, the Court may, upon motion, consider allowing additional deposition time.

(e) **Expert Depositions:** Each expert can be deposed for up to 7 hours (on the record) for each substantive issue (e.g., infringement, validity, or damages) on which the expert has offered an opinion and report. For example, an expert providing reports regarding infringement and validity may be deposed for 14 hours. Experts, however, shall not be deposed for more than 7 hours in one day as set forth in Rule 30(d)(1) unless otherwise agreed to by the parties. The foregoing provisions regarding expert discovery do not apply to claim construction discovery.

(f) **Third Party Discovery:** The parties may serve as many third-party document and deposition subpoenas as reasonably needed. The parties may also serve depositions upon written questions on third parties pursuant to Fed. R. Civ. P. 31, as well as depositions on written questions of custodians of business records for third parties. With respect to third-party discovery, the parties agree to produce documents within three (3) business days of receipt of the documents from the third party.

    (g) **Translated Depositions:** For any deposition that requires a translation between English and any foreign language, that witness may be deposed for an additional amount of time up to three-quarters of the standard deposition time. For purposes of clarity, if an entire deposition is translated, the taking party is entitled to 12.25 hours of deposition time, of which 7 hours shall count towards the deposition limits established in this Order. In no event, however, shall a witness be required to testify for more than seven 7 hours of actual deposition time in one day unless otherwise stipulated or ordered.

    (h) Representative Products: The parties shall discuss in good faith the feasibility of a stipulation as to representative products in order to streamline the case for discovery and trial. No party shall argue that this provision constitutes an agreement or finding that a stipulation regarding representative products is necessarily appropriate or feasible in this particular case.

These provisions may be amended by agreement of the parties. Any party may later move to modify these limitations for good cause.

**6.**     **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's

privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party

      believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b)    An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c)    Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d)    Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

    (e)    Any change to a party's lead attorney designation must be accomplished by motion and order.

    (f)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.    **Proposed Stipulations by the Parties Regarding Discovery.**

    (a)    **Privilege Logs:** Notwithstanding the provisions of Paragraph 6, the parties agree that work product created or communications exchanged after the filing of this lawsuit on July 28, 2023, need not be included on a privilege log.

    (b)    **E-Discovery Order:** Paragraph 3 of this Discovery Order does not apply to email discovery, which will be subject to the forthcoming Order Regarding E-Discovery. The parties shall meet and confer regarding the Model Order Regarding E-Discovery in Patent Cases, including any modifications thereto. A proposed order shall be submitted within four weeks after entry of this order.

(c) **Expert Discovery:** The parties agree that an expert's drafts reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the expert prepared in other cases that are not publicly available be subject to discovery in this case. Discovery of materials provided to experts shall be limited to those materials, facts, expert opinions, and other matters relied upon by the experts in forming their final report, trial or deposition testimony, or any opinion in this case. No conversations or communications between counsel and any expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial, or deposition testimony in this case. Materials, communications (including email), and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation. This provision does not change the existing protections for expert discovery and exceptions thereto set forth in Fed. R. Civ. P. 26(b)(4).

(d) **Third Party Discovery:** A party who serves a subpoena in this case on a third party shall immediately provide a copy to the other parties. A party who commands a deposition through a subpoena will invite and allow the other parties to attend such deposition. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other parties within three (3) business days. This section does not change the existing obligations and requirements set forth in Fed. R. Civ. P. 45, or other Federal Rules of Civil Procedure.

    (e) **Electronic Service:** Except when unpracticable, the parties shall serve all documents electronically, either by email, FTP, or ECF, to the email addresses designated for service by each party. Each party shall ensure that any email they designate for service encompasses only counsel of record for a party and persons employed by counsel of record or their respective law firms.

    (f) **Inadvertent Production:** Pursuant to Fed. R. Civ. P. 502(d), inadvertent production of Materials covered by the attorney-client privilege or work product protection is not a waiver in this or any other federal or state proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the inadvertently produced materials. The producing party will provide a privilege log in accordance with Paragraph 6.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

  **SIGNED this 23rd day of October, 2023.**

                                                    ROY S. PAYNE
                                                    UNITED STATES MAGISTRATE JUDGE