UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>        *Plaintiff*,<br><br>    v.<br><br>VERIZON COMMUNICATIONS, INC. ET AL.,<br><br>        *Defendants*. | Civil Action No. 2:23-cv-00352-JRG-RSP<br><br>**JURY DEMANDED** |

**JOINT MOTION FOR ENTRY OF DISPUTED ORDER REGARDING E-DISCOVERY**

Pursuant to the Discovery Order (D.I. 39) setting a deadline to file a proposed Order Regarding E-Discovery and the Court's extension thereto (D.I. 47), Plaintiff Headwater Research, LLC ("Headwater") and Defendants Cellco Partnership, d/b/a Verizon Wireless and Verizon Corporate Services Group Inc. (collectively, "Verizon" or "Defendants"),[1] (collectively, the "Parties") hereby submit competing forms of the Proposed Order Regarding E-Discovery. The parties' proposals are attached as **Exhibit A** (Headwater) and **Exhibit B** (Verizon).

The parties agree on almost all provisions of the Order Regarding E-Discovery, but disagree as to the number of custodians from whom e-mail production may be requested, as set forth in paragraph 8 of the parties' competing proposed orders.

**Plaintiff Headwater's Position:**

Given the particular facts of this case, a total of twelve e-mail custodians per producing party is appropriate. Headwater appreciates that the model e-discovery order calls for eight custodians, but this is not a typical case. In addition to the typical custodians relating to

---

[1] The parties have stipulated to the dismissal of Verizon Communications, Inc. ("VCI") (Dkt. No. 38), and therefore VCI is not included as a moving party pending a resolution for dismissal of VCI.

infringement and damages issues, numerous other relevant custodians are listed in a whistleblower complaint alleging Verizon acted unethically with respect to Headwater's patented technologies.

As described in the Complaint here, Headwater previously gave detailed presentations to Verizon about how Headwater's patented technologies and the software offered by its licensee, ItsOn, would benefit Verizon and its customers—soon after the earliest claimed priority dates of the asserted patents. *E.g.*, D.I. 1 ¶¶ 18-22. This took place over several months while Verizon contemplated working with Headwater/ItsOn. *Id.* In 2010, Verizon entered into a development agreement with ItsOn, and Headwater/ItsOn continued to provide detailed information to Verizon about the Headwater patents and technologies. *Id.* ¶¶ 23-30. Verizon also invested millions of dollars into the equity of Headwater and ItsOn. *Id.* ¶ 26. Verizon eventually walked away from the opportunity, and Headwater/ItsOn later learned why in 2013.

In October 2013, Thomas Russell, who was Verizon's former Director of Marketing involved in the project with Headwater/ItsOn, filed a whistleblower complaint against Verizon alleging that Verizon had retaliated against him for reporting "illegal and unethical business practices" by Verizon, including "unethical behavior in dealing with [ItsOn]" and "misappropriation of intellectual property (shared by ItsOn under an NDA) in violation of New Jersey and federal law." *Id.* ¶ 31 (quoting D.I. 1-1). Examples of Verizon's unethical behavior are further described in both the Complaint here and in the whistleblower complaint attached thereto, including attempts to reverse engineer Headwater's patented technologies and pass off Headwater's intellectual property as its own. *E.g. id.* ¶¶ 32-37; D.I. 1-1 ¶¶ 8-33.

Details of Verizon's actions and the parties' prior dealings are highly relevant to numerous issues in this action, including infringement, damages, and willfulness. Both Headwater's Complaint and the whistleblower complaint identify more than a dozen Verizon employees who

are potentially relevant e-mail custodians, based on their involvement working directly with Headwater/ItsOn and/or exploiting Headwater's intellectual property in unethical ways. This includes the whistleblower and former Verizon Director of Marketing (Thomas Russell), product and technical development team members (e.g., Kyle Malady, Edward Diaz, Louis Chan, Nern Kashanian, Venkat Gaddam, Mike Charvala, and Jonathan Hinz), management team members (e.g., John Mara, Jeff Dietel), and legal team members (e.g., Steve Tugentman, Alice Brennan, Gregg Spath, and Tony Curtis). *See* D.I. 1 ¶¶ 17-37; D.I. 1-1 ¶¶ 8-33.

Given these highly unique facts, Headwater seeks a modest adjustment to the model order's presumptive limit—from eight e-mail custodians to twelve. This is plainly justified based on the multitude of Verizon employees identified not just by Headwater but also by Verizon's own former Director of Marketing as highly relevant to Verizon's use of Headwater's patented technologies. Even setting aside the parties' prior dealings and the whistleblower facts, this is a highly complex case involving four asserted patents and a wide range of accused products, including phones, tablets, and wearables from numerous device manufacturers (e.g., Apple, Samsung, Google, Motorola) that must meet Verizon's requirements to operate on its wireless network, as well as telecommunications service plans provided through network elements such as telecommunications base stations and cell sites, edge servers, and other hardware and software underlying Verizon's wireless network.

To the extent Verizon argues that the Court should simply adopt the model order's limit now and allow Headwater to come back to the Court later if needed, this argument should be rejected. Headwater's complaint (D.I. 1) and the whistleblower complaint (D.I. 1-1) detail the parties' prior dealings and identify numerous Verizon employees likely to have relevant e-mail communications. There is no need to wait until later in discovery to identify relevant custodians.

Accordingly, Headwater respectfully requests that the Court enter Headwater's proposal (**Exhibit A**), permitting e-mail discovery from up to twelve custodians.

**<u>Defendants' Position:</u>**

The model ESI order calls for eight custodians. There is no reason to depart from that number in this case at this stage. Even accepting Headwater's contention that it has identified more potential email custodians than the eight allowed under the model order, that fact does not distinguish this case from any of the other equally complicated patent cases to which the model is intended to apply. It is true in nearly every patent case, particularly those involving large corporate defendants, that the potential email custodians identified by the plaintiff well exceed the eight contemplated by the model order. The model order appropriately balances the burden and expense associated with additional email custodians against the diminishing returns in terms of discovering non-cumulative information. That is no less true in this case than in any other.

Headwater's attempt to justify its request by pointing to allegations in its Complaint that Verizon and ItsOn engaged in business discussions nearly 15 years ago pertaining to ItsOn technology predating the asserted patents only demonstrates why Headwater's request to depart from the model is unjustified. Headwater has no claim for misappropriation in this case. Headwater's claims are for alleged patent infringement, and specifically by mobile device software developed by third party device manufacturers—not Verizon. *See, e.g.*, Ex. C. This is an ordinary patent case for which the model ESI order is more than adequate. At a minimum, it is premature for the Court to decide, at the outset of discovery and with limited briefing, that Headwater is entitled to 50% more custodians than is called for by the model ESI order.

Dated: December 5, 2023

| | |
|---|---|
| */s/ Katherine Q. Dominguez* | */s/ Marc Fenster* |
| Katherine Q. Dominguez<br>(NY Bar No. 4741237)<br>kdominguez@gibsondunn.com<br>Brian Rosenthal<br>(NY Bar No. 3961380)<br>brosenthal@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035<br><br>Andrew W. Robb (CA Bar No. 291438)<br>arobb@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>1881 Page Mill Road<br>Palo Alto, CA 94034<br>Telephone: (650) 849-5334<br>Facsimile: (650) 849-5034<br><br>Deron R. Dacus (TX Bar No. 00790553)<br>**THE DACUS FIRM, P.C.**<br>821 ESE Loop 323, Suite 430<br>Tyler, Texas 75701<br>Telephone: (903) 705-1117<br>Email: ddacus@dacusfirm.com<br><br>*Attorneys for Defendants* | Marc Fenster<br>CA State Bar No. 181067<br>Email: mfenster@raklaw.com<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Email: rmirzaie@raklaw.com<br>Brian Ledahl<br>CA State Bar No. 186579<br>Email: bledahl@raklaw.com<br>Ben Wang<br>CA State Bar No. 228712<br>Email: bwang@raklaw.com<br>Dale Chang<br>CA State Bar No. 248657<br>Email: dchang@raklaw.com<br>Paul Kroeger<br>CA State Bar No. 229074<br>Email: pkroeger@raklaw.com<br>Neil A. Rubin<br>CA State Bar No. 250761<br>Email: nrubin@raklaw.com<br>Kristopher Davis<br>CA State Bar No. 329627<br>Email: kdavis@raklaw.com<br>James S. Tsuei<br>CA State Bar No. 285530<br>Email: jtsuei@raklaw.com<br>Philip Wang<br>CA State Bar No. 262239<br>Email: pwang@raklaw.com<br>Amy Hayden<br>CA State Bar No. 287026<br>Email: ahayden@raklaw.com<br>Jason M. Wietholter<br>CA State Bar No. 337139<br>Email: jwietholter@raklaw.com<br>**RUSS AUGUST & KABAT**<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>Telephone: 310-826-7474<br><br>*Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 5th day of December 2023, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Marc Fenster*
Marc Fenster

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel complied with the requirements of Eastern District of Texas Local Rule CV-7(h). The parties are in agreement on filing this Joint Motion.

*/s/ Marc Fenster*
Marc Fenster
