IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00352-JRG-RSP |
| | § | |
| VERIZON COMMUNICATIONS INC., | § | |
| ET AL., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the court's discretion or by agreement of the parties.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent agreement of the parties otherwise, any production of ESI shall include metadata, to the extent such metadata is applicable to an individual item and is already within the producing Party's possession, custody, or control, showing an individual item's:

    A.    Title;

    B.    Filename;

C.      Creation date and time;

D.      Modification date and time;

E.      Author;

F.      Subject line;

G.      Distribution list (*e.g.*, "To," "Cc," and "Bcc" fields);

H.      Date and time sent;

I.      Date and time received.

5.      Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

A.      **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. Each electronic document shall be named with a unique production number followed by the appropriate file extension. If a document contains attachments (e.g., an attachment to an email), such attachments shall be separately produced as electronic documents. Load files shall be provided to indicate the location of produced electronic documents, identify any attachments to electronic documents through unitization information, and identify any metadata of produced electronic documents.

B.      **Text-Searchable Documents**. If a party's documents exist in any text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C.    **Footer**. Each page of any document produced in electronic image format shall contain a footer with a sequentially ascending production number.

D.    **Native Files**. Documents that would not be reasonably legible in image or near-native format, and documents that would be incomplete in image or near-native format, should be produced as native files. Examples of such documents include, without limitation, spreadsheets of more than a single page and documents, including for example PowerPoint files, containing tracked changes, comments, or notes that would not be visible in an image format. A party that receives a document produced in an image format may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

E.    **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

F.    **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails and mobile device/PDA data and messages (*e.g.*, SMS, chat histories) need not be collected and produced.

6.    General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail, parties  must

propound specific e-mail production requests.

7.    E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification[1] of the fifteen (15) most significant listed e-mail custodians in view of the pleaded claims and defenses, infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court. Each requesting party may also propound up to five written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

8.    E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of eight (8) custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9.    Each requesting party shall limit its e-mail production requests to a total of ten (10) search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10. For any email custodians located in the European Union or the United Kingdom, the Parties will confer about an appropriate agreed upon method to filter the email search results to exclude and/or redact hits that contain sensitive information, to comply with obligations under the GDPR and/or the UK's Data Protection Act of 2018. Nothing in this Order shall require any party to violate the terms of the GDPR and/or the UK's Data Protection Act of 2018 or any other privacy law or regulation that may be applicable to a given custodian.

11. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

12.   The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

13.   Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

   **SIGNED this 8th day of December, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE