UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC. ET AL.,<br><br>*Defendants*. | Civil Action No. 2:23-cv-00352-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF HEADWATER RESEARCH LLC'S UNOPPOSED MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS

Plaintiff Headwater Research LLC ("Headwater") respectfully seeks leave, pursuant to P.R. 3-6(b), to amend its infringement contentions for good cause. Defendants Cellco Partnership, d/b/a Verizon Wireless and Verizon Corporate Services Group Inc. (collectively, "Defendants" or "Verizon") do not oppose this motion.

This is Headwater's first request to amend its infringement contentions, and the proposed amendments do not change the scope of Headwater's infringement allegations. Instead, the proposed amendments were prepared to address concerns raised by Verizon and were provided to Verizon on January 12, 2024, and the parties subsequently continued to confer about Headwater's amendments and Verizon's contemporaneous motion for leave to amend invalidity contentions (filed as Dkt. No. 59). The parties do not oppose one another's amendments.

Headwater's proposed amendments include essentially two changes. First, Verizon requested that Headwater provide, for two of the asserted patents, a separate infringement chart for each group of accused products. For example, Headwater previously provided one chart for U.S. Patent No. 8,589,541 that encompassed mobile devices sold by Verizon, including devices manufactured by Samsung, Apple, Google, Motorola, and Kyocera. In the proposed amended

1

contentions, Headwater provides a separate chart for each such group (e.g., one chart for Samsung devices sold by Verizon, one chart for Apple devices sold by Verizon, etc.). This amendment does not change the scope of Headwater's infringement contentions; it merely provides consistent citations for each device manufacturer.

As to the second change, Verizon expressed to Headwater its belief that Headwater's original infringement contentions did not clearly accuse Verizon's server-side functionality. Headwater disagreed but, after the parties met and conferred, agreed to amend its contentions to provide further clarity for the avoidance of doubt. In conjunction with this change, Headwater also added exemplary citations to certain confidential documents produced by Verizon several months after Headwater's original contentions deadline.

Good cause exists for the proposed amendments, which were prepared in response to requests from Verizon. Verizon does not oppose the amendments.

## ARGUMENT

A party may amend or supplement infringement contentions "by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause…requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts apply the following four-factor test to determine whether good cause has been shown: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. Good cause exists here because all four factors weigh in favor of granting Headwater leave to amend.

### A. Headwater acted diligently and in good faith

The proposed amendments originate from requests and feedback from Verizon. When

2

Verizon questioned whether Headwater was accusing Verizon's server-side functionality of infringement and requested that Headwater separate certain of its infringement contentions into additional charts, Headwater met and conferred with Verizon on January 12, 2024 and provided the proposed amendments to Verizon that same day to address Verizon's concerns. After that time, the parties continued to correspond for several weeks about Headwater's amended contentions and also about proposed amended invalidity contentions prepared by Verizon. Ultimately, the parties confirmed that they would not oppose one another's amendments, as noted in Verizon's recently filed motion to amend invalidity contentions. *See* Dkt. No. 59 at 1. Thus, Headwater acted diligently and in good faith to address Verizon's concerns in the proposed amendments.

    **B.**  **Verizon prompted the amendments and will not be prejudiced by them**

Verizon does not oppose this motion and will not be prejudiced by the proposed amendments. The first change made by the proposed amendments (i.e., separating Headwater's existing contentions into separate charts for each device manufacturer), the change does not change the scope of Headwater's infringement contentions. It merely provides consistent citations for each device manufacturer in manufacturer-specific charts, and thus cannot be prejudicial. Verizon has been aware of Headwater's proposed amendments since January 12, 2024 when it was first provided copies of them. The parties continued to confer after that time about the proposed amendments of both Headwater and Verizon, but Verizon has long been aware of Headwater's amendments. In addition, the claim construction process is not scheduled to begin for another four months, and fact discovery is not scheduled to close for nine months, leaving ample time for Verizon to consider Headwater's amended contentions. Dkt. No. 40; *see Ax Wireless, LLC v. HP, Inc.*, No. 2:22-cv-0279-JRG-RSP, Dkt. No. 99, at *4-5 (E.D. Tex. Dec. 11, 2023) (prejudice is minimal when amending contentions four months before the close of fact discovery). Thus,

3

Verizon will not be prejudiced by the proposed amendments.

### C. The proposed amendments are important, in light of Verizon's feedback

Because the proposed amendments were prompted by Verizon, they are important. The first change made by the proposed amendments (i.e., separating Headwater's existing contentions into separate charts for each device manufacturer) does not change the scope of Headwater's contentions but was made at Verizon's request because, presumably, the change was important to Verizon. The second change is also important because, although Headwater maintains that its original contentions sufficiently disclosed that Verizon's server-side functionality is accused of infringement, Verizon believed that this was not sufficiently clear. It is important that the parties avoid any disagreement about the fundamental scope of this case, so Headwater's proposed amendment is important in that it clarifies for the avoidance of doubt that Verizon's server-side functionality is accused.

### D. No continuance is necessary

No continuance is needed. Because the proposed amendments do not change the scope of Headwater's infringement theories and were prepared to address Verizon's concerns, there is no prejudice and nothing to cure with a continuance. Where no continuance is sought, this factor weighs in favor of leave to amend. *E.g.*, *Arigna Tech. Ltd. v. Volkswagen AG*, No. 2:21-CV-00054-JRG-RSP, 2022 WL 2761288, at *3 (E.D. Tex. Jan. 19, 2022).

## CONCLUSION

Accordingly, Plaintiff Headwater respectfully requests that the Court grant its Unopposed Motion for Leave to Amend Infringement Contentions.

Dated:   March 19, 2024                                       Respectfully submitted,

/s/ Marc Fenster
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Amy Hayden
CA State Bar No. 287026
Email: ahayden@raklaw.com
James Milkey
CA State Bar No. 281283
Email: jmilkey@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 19, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

                                                */s/ Marc Fenster*
                                                Marc Fenster

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that on January 12, 2024 and February 22, 2024, counsel for all parties met and conferred in accordance with L.R. CV-7(h). This motion is unopposed.

                                                */s/ Marc Fenster*
                                                Marc Fenster