# EXHIBIT 3

| | |
|---|---|
| **From:** | Dominguez, Kate |
| **To:** | mfenster@raklaw.com |
| **Cc:** | [EXT] Dacus, Deron; *** GDCVerizon-Headwater; rmirzaie@raklaw.com; bledahl@raklaw.com; bwang@raklaw.com |
| **Subject:** | Headwater v. Verizon, Case 2:23-cv-00352-JRG-RSP |
| **Date:** | Tuesday, October 3, 2023 6:21:00 PM |

Marc,

As you may have seen, Gibson Dunn has been retained to represent Verizon in the Headwater matter.  We look forward to working opposite you on this case.  I am reaching out in regards to some near-term issues.

The first is whether Headwater would be amenable to a stipulated dismissal of Verizon Communications Inc. ("VCI").  VCI is a holding company that has no employees and no involvement in the activities that are the subject matter of Headwater's case, and is not subject to personal jurisdiction in ED Tex.  Thus, VCI should not be in the case, and Verizon routinely reaches agreements in patent cases to stipulate to the dismissal of VCI.  We would propose the parties stipulate to dismissing VCI to avoid unnecessary motion practice.  We would agree, of course, that the dismissal would not affect the ability of the remaining defendants to satisfy any judgment.  If your client is willing to stipulate to the dismissal, let us know and we will send along proposed papers for your review.  Happy to discuss by phone, as well—just let us know when works.

The second is on the DCO.  Under the model DCO, Verizon's P.R. 3-3, 3-4, and ineligibility contention deadlines are all set for November 9.  We understand Headwater reached an agreement with Verizon (through Deron, copied) to extend Headwater's deadline for its infringement contentions by two weeks and to provide Verizon with an equal extension for its invalidity and ineligibility contentions.  That would push the November 9 deadline by four weeks (two weeks to give Verizon the same time it would have had with no extensions, and then an additional two weeks to give Verizon the same extension Headwater received).  Additionally, given the intervening Thanksgiving holiday and the fact that our three most senior attorneys will all be in trial in early November, we would request one additional week on the extension.  That would put our invalidity and ineligibility contentions and associated document production due December 14th.

The third relates to the number of claims asserted in this case.  Headwater has currently identified 174 claims for the '541 patent, and approximately 70 claims for the '543 patent.  To make the case with respect to those patents more manageable, we'd propose an interim date in the DCO of mid-November for narrowing the asserted claims of both of those patents down to no more than 30.

Please let us know if Headwater agrees to each of the above, or if you would like to set a time to discuss.

Best,

Kate

**Kate Dominguez**

Partner

T: +1 212.351.2338 | M: +1 646.265.9294
KDominguez@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193