# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC. *et al.*,<br><br>Defendants. | Case No. 2:23-cv-00352-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF AN ORDER FOCUSING PATENT CLAIMS AND PRIOR ART**

**TABLE OF CONTENTS**

I.   INTRODUCTION ......................................................................................................... 1

II.  BACKGROUND .......................................................................................................... 1

III. ARGUMENT ................................................................................................................ 4

   A.   Verizon's Proposal Is Unreasonable and Unwarranted by the Facts of the Case ......... 4

   B.   Headwater's Cases Against Samsung, Which Involve Different Patents and Different Accused Products, Do Not Support Verizon's Proposal for Claim Reduction ............ 8

   C.   Verizon's Proposal Is Contrary to This Court's Model Order and Federal Circuit Precedent ..................................................................................................................... 9

IV.  CONCLUSION............................................................................................................ 11

## TABLE OF AUTHORITIES

**Cases**

*Allergan, Inc. v. Teva Pharms. USA*,
 No. 2:15-CV-1455-WCB, 2017 WL 373462 (E.D. Tex. Jan. 26, 2017) ..................................... 4

*CogniPower LLC v. Samsung Electronics Co., Ltd.*,
 No. 2:23-CV-00160-JRG Dkt. 62 (E.D. Tex. Oct. 6, 2023) ........................................................ 5

*In re Katz*,
 639 F.3d 1303 (Fed. Cir. 2011) ........................................................................................ 1, 10, 5

*Intellectual Ventures II LLC v. FedEx Corp.*,
 No. 2:16-CV-00980-JRG Dkt. 206 (E.D. Tex. Dec. 22, 2017) ................................................ 10

I.  **INTRODUCTION**

Verizon's request for an order focusing patent claims is unreasonable and should be denied. Under Verizon's proposal, "Headwater shall immediately narrow to no more than 10 claims from each patent and not more than a total of 32 claims." Mot. at 2. According to Verizon, its proposal is merely a "modified version of the Court's Model Order." *Id.* at 7. But the Court's Model Order does not require a reduction until "the date set for completion of claim construction discovery," which in this case is more than four months away on September 24, 2024. The trial is a year away in May 2025. Forcing Headwater to drastically reduce the number of asserted claims so early in the case, where little discovery has occurred and where Headwater has not had sufficient opportunity to determine which of its asserted claims will be impacted by Verizon's non-infringement and invalidity positions, is highly prejudicial to Headwater's patent rights and contrary to Federal Circuit law, which provides that "claim reduction should not be ordered 'too early in the discovery process.'" *In re Katz*, 639 F.3d 1303, 1309 (Fed. Cir. 2011).

While Headwater is certainly amenable to reducing the number of asserted claims and prior art in this case—and proposed such a mutual reduction to Verizon months ago—Verizon's request is unreasonable given the stage of the case. The motion should be denied.

II.  **BACKGROUND**

Headwater filed the complaint in this case in July 2023. There are four total asserted patents, each of which generally relate to wireless communications technology. The complaint identifies the accused products as mobile electronic devices, including mobile phones and tablets, as well as well as cellular networks, servers, and services. Dkt. 1.

On September 28, 2023, Headwater served its preliminary infringement contentions identifying the asserted claims and accused instrumentalities. Dkt. 63-1. Headwater identified 281

1

claims across the four asserted patents (averaging approximately 70 claims per patent). *Id.* And while Headwater specifically identified several different models of accused instrumentalities, they all fall into the same general categories of mobile phones, tablets, laptops, wearables, and hotspot devices that utilize Apple or Android software implementing the patented wireless communications technology. *See id.*

On January 12, 2024, Headwater served amended infringement contentions to address certain concerns raised by Verizon. Dkt. 64-1; Dkt. 61 (Unopposed Motion to Amend Infringement Contentions). At Verizon's request, Headwater provided five different charts for the '541 patent to separately address Apple, Samsung, Google, Motorola, and Kyocera products. Headwater did the same for the '613 patent. In total, Headwater provided 12 detailed claim charts for the four asserted patents.

Verizon served invalidity contentions on December 21, 2023, and corrected invalidity contentions on January 8, 2024. On February 5, 2024, Verizon met and conferred with Headwater regarding amending its invalidity contentions to add new prior art references. Verizon filed an unopposed motion to amend its contentions on March 4, 2024 (Dkt. 59), which the Court granted on March 5, 2024 (Dkt. 60).

On October 3, 2023, Verizon requested that in "mid-November" Headwater reduce the number of asserted claims for the '541 and '543 patents to "no more than 30" claims. Dkt. 63-2. The case had barely started at that point—the parties had not even exchanged initial disclosures, and the Court had not yet entered a Docket Control Order. Accordingly, Headwater rejected Verizon's proposal as premature. Dkt. 63-3.

Verizon raised the issue of claim narrowing again in February 2024, and after meeting and conferring, Headwater sent a counterproposal offering a multi-stage mutual narrowing process

with the first milestone being Headwater narrowing to no more than 128 total claims by 14 days after submission of the Joint Claim Construction Statement (i.e., by September 10, 2024). Dkt. 63-5 at 8. In other words, Headwater's proposed compromise offered a reduction in the number of asserted claims by over 50% (from 281 to 128, across all four asserted patents) to be made six weeks before the October 22, 2024 deadline for Verizon's responsive claim construction brief. Headwater would then serve a Second Election of Asserted Claims identifying no more than 64 total asserted claims across all patents no later than 28 days before the service of opening expert reports. *Id.*

The parties continued to meet and confer, and in an effort to further compromise, Headwater sent another proposal for claim narrowing on February 22, 2024. Dkt. 63-5 at 3. Under that proposal, Headwater would narrow to no more than 192 total claims across all patents no later than 21 days before the parties' exchange of proposed terms for claim construction (i.e., by June 25, 2024). Headwater would narrow to no more than 128 total claims no later than 14 days after submission of the parties' Joint Claim Construction Statement (i.e., by September 10, 2024), and no more than 64 total claims no later than 28 days before the service of opening expert reports (i.e., by November 21, 2024). *Id.*

On March 1, 2024, Verizon responded with a counterproposal under which Headwater would serve a First Election of Asserted Claims identifying no more than 24 asserted claims per patent and no more than 96 claims across all patents by March 15, 2024, and a Final Election of Asserted Claims identifying no more than five asserted claims per patent and no more than a total of 16 claims across all patents no later than 28 days before the service of opening expert reports. *Id.* at 2. Given the early stage of the case, Headwater declined Verizon's proposal, but reiterated its "agree[ment] that the parties should work together throughout the case to narrow issues for

3

trial." *Id.* Verizon filed the instant motion requesting entry of an order focusing patent claims and prior art nearly two months later.

Headwater was and continues to be amenable to narrowing the asserted claims in this case before the DCO's built-in deadline for plaintiff to disclose its final election of asserted claims (set for 10 days before jury selection) and as part of the natural narrowing of claims and defenses over time. But Verizon's proposal was premature and unreasonable relative to the stage of the case. Neither party has taken any depositions. The deadline to complete claim construction discovery is September 24, 2024, and the Markman hearing is scheduled for November 19, 2024. Dkt. 40.

There is still seven months of fact discovery left, with the fact discovery deadline on December 13, 2024. Opening expert reports are due on December 19, 2024. Dispositive motions are due in February 2025. And the jury trial is a year out, currently set for May 19, 2025. *Id.* Again, Headwater remains amenable to significantly narrowing its case well before the DCO's built-in deadline for claim narrowing (such as in accordance with its counterproposal provided on February 22 (Dkt. 63-5 at 3), but not under the extreme schedule proposed by Verizon.

### III.   ARGUMENT

#### A.   Verizon's Proposal Is Unreasonable and Unwarranted by the Facts of the Case

Verizon's proposal for the narrowing of asserted patent claims in this case is unreasonable and should be denied. While the Court is within its discretion to limit the number of claims to be tried in this case, the Federal Circuit has made clear that "*claim reduction should not be ordered 'too early in the discovery process*' because doing so would deny the patentee 'the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses.'" *Allergan, Inc. v. Teva Pharms. USA*, No. 2:15-CV-1455-WCB, 2017 WL 373462, at *2 (E.D. Tex. Jan. 26, 2017) (quoting *In re*

4

*Katz*, 639 F.3d 1303, 1309 (Fed. Cir. 2011)) (emphasis added). "A court must exercise the authority to order a reduction in the number of asserted claims with care not to prejudice the patentee, particularly in light of the fact that each of the claims of a patent embodies a property right." *Id.*

For example, in *CogniPower LLC v. Samsung Electronics Co., Ltd.*, No. 2:23-CV-00160-JRG, Samsung filed a Motion for Entry of a Claim Focusing Order requesting that the Court enter its Model Patent Order "due to the expansive nature of the case," wherein plaintiff asserted 193 claims across five patents. *CogniPower*, Dkt. 62 at 1 (E.D. Tex. Oct. 6, 2023). The Court denied the motion as "premature" because Samsung had "not yet produced adequate discovery" to allow plaintiff the "opportunity to determine which of its 193 asserted claims may raise separate issues of infringement and invalidity." *Id.* at 1–2. Several months later, Samsung renewed its request, and this Court recently ordered mutual narrowing, which will begin with CogniPower narrowing its assertions to no more than ten claims per patent and no more than 32 total claims—at the time CogniPower files its opening claim construction brief. *CogniPower*, Dkt. 123 at 2 (E.D. Tex. May 15, 2024[1]). This narrowing ordered in *CogniPower* will occur much later in that case than what Verizon proposes here and will occur even later than what Headwater proposed to Verizon as a compromise months ago. And while the 32-claim limit ordered in *CogniPower* is lower than the 128-claim limit that Headwater proposed as a compromise, the scope of accused products and features is far broader here than in that case. In *CogniPower*, all of the asserted patents are reissues of the same single patent, and the accused products are all power adapters/chargers made by

---

[1] Headwater has recently filed opposition briefs similar to this one in its cases against AT&T and T-Mobile, which involve the same asserted patents as here. *See* No. 2:23-cv-00352-JRG-RSP, Dkt. 54 (Apr. 25, 2024); No. 2:23-cv-00379-JRG-RSP, Dkt. 61 (May 14, 2024). At the time of those briefs, the Court's May 15, 2024 order in *CogniPower* had not issued, but the same discussions herein about the May 15 *CogniPower* order likewise apply to the AT&T and T-Mobile cases.

Samsung. *CogniPower*, Dkt. 1 ¶¶ 25, 33. In the present case, there are four asserted patents, and only two ('541 and '613) share the same specification. Moreover, there are far more accused products, product categories, and equipment manufacturers here than in *CogniPower*. This case involves not only accused server functionality provided by Verizon, but also hundreds of end-user products spanning numerous categories (e.g., phones, tablets, laptops, wearables, hotspot devices) that originate from numerous equipment manufacturers (e.g., Apple, Samsung, Google, Motorola, Kyocera). The differing features, functionality, and source code associated with the accused servers and end-user products makes the infringement case here more expansive than in *CogniPower*, which impacts Headwater's ability to narrow claims. Thus, even if the *timing* of the initial claim narrowing ordered in *CogniPower* were applied here, Headwater submits that the *degree* of initial claim narrowing ordered there would be far too limiting for this case.

It is far too early in the case to require Headwater to narrow its claims as drastically as Verizon proposes. There is still seven months of fact discovery left. Claim construction discovery closes in September, and the Markman hearing is on November 19, 2024—six months away. While it is true that Verizon has served its invalidity contentions (which they amended in February to add additional prior art references), there still has not been sufficient discovery to allow Headwater to determine which of its asserted claims will be impacted by Verizon's noninfringement and invalidity positions. Verizon's demand that Headwater drop to 32 claims immediately (Mot. at 7) is unreasonable and would severely prejudice Headwater's patent rights. The Court's Model Order does not even contemplate such drastic narrowing so early in the case. Under the Model Order, the patentee is to narrow its case to no more than 32 claims "[b]y the date set for completion of claim construction discovery." Model Order Focusing Patent Claims and Prior Art ¶ 2. The claim construction discovery deadline is not for another four months.

6

Verizon's assertion that it will be "severely prejudiced in its ability to conduct discovery and investigate its defenses" due to the number of asserted claims and accused products (Mot. at 4) fails. Indeed, Verizon also contends that "for more than 200 of the Asserted Claims, Headwater's Infringement Contentions contain no unique allegations of infringement." *Id.* at 4–5. Thus, by Verizon's own admission, discovery will overlap for more than 70% of the asserted claims. Verizon also fails to mention that the vast majority of accused products are variations of the same phones, tablets, laptops, wearables, and hotspot devices that utilize Apple or Android software implementing the patented wireless communications technology. For example, some of the accused products include the iPhone 5C, iPhone 5S, iPhone 6, iPhone 6 Plus, iPhone 6S, etc. The discovery for these lines of products will also overlap significantly. In fact, when Verizon initially complained about Headwater's first set of infringement contentions, Verizon requested that Headwater provide separate claim charts for each manufacturer (e.g., Apple, Samsung, Google, etc.)—not for each individual product model— showing that Verizon recognizes this overlap and further undermining Verizon's complaints about its discovery burden. Regardless, dropping the number of asserted claims will have little if any impact on the number of accused products that the parties will have to investigate in discovery.

But even the various devices and functionalities accused in this case do not support Verizon's assertion that the patents in this case present "uncommon complexity," simply because an asserted patent has a lengthy specification of "over 125 columns" and incorporates other patents (Mot. at 4). Verizon fails to explain how the number of columns in the specification bears any relation to the number of asserted claims—because it does not.

Verizon also complains about purported deficiencies in Headwater's discovery responses and infringement contentions, "leaving Verizon without guidance regarding Headwater's

7

infringement theories to direct discovery." Mot. at 5. Headwater disagrees and believes that its responses and contentions comply with all applicable rules. But to the extent that Verizon truly believes that Headwater's responses and contentions are deficient and believes it is unable to understand Headwater's infringement theories, the proper course of action would be to meet and confer and then, if needed, file a motion to compel—not force Headwater to drop nearly 90% of asserted claims at the outset of discovery.

Finally, Verizon's claim that it will have the "onerous task of briefing claim construction across over 200 claims across just 30 pages" (Mot. at 5) is simply not true. Under Headwater's most recent proposal, Headwater would narrow to no more than 192 total claims across all patents no later than 21 days before the parties' exchange of proposed terms for claim construction, and to no more than 128 total claims no later than 14 days after submission of the parties' Joint Claim Construction Statement—a reduction of over 50% six weeks before the deadline for Verizon's responsive claim construction brief. Verizon rejected this proposal. Further, Verizon has provided no indication that it actually intends to propose constructions for terms from every single asserted claim, which is highly unlikely. In the event that the number of proposed terms becomes too unwieldy for 30 pages of briefing, the parties can meet and confer to address those concerns. There is no legal basis for forcing Headwater to drop down to 32 claims before the parties even exchange proposed claim terms. The Model Order does not require such a reduction until after claim construction discovery is complete.

    **B.**    **Headwater's Cases Against Samsung, Which Involve Different Patents and Different Accused Products, Do Not Support Verizon's Proposal for Claim Reduction**

Verizon's argument that Headwater is "better positioned than the typical plaintiff" to engage in claim narrowing now because it has been litigating related patents against Samsung since October 2022 (Mot. at 6) is without merit. The Samsung cases involve different patents and

different products. For example, in Case No. 23-cv-103, Headwater accuses various Samsung Galaxy and television products which implement Samsung Knox, Tizen, and/or push messaging functionality not at issue here. And in Case No. 22-cv-422, Headwater accuses various Samsung Galaxy products of infringing patents not asserted here. No Apple, Motorola, Google, or Kyocera products are accused in the Samsung cases. Nor are any of the Verizon server functionalities at issue here accused in the Samsung cases. While there may be some general overlap in certain subject matter and some common accused Samsung products, this minimal overlap does not somehow justify early claim reduction here. The Samsung cases do not provide any insight into *Verizon's* noninfringement and invalidity positions for the asserted patents in *this* case.

### C. Verizon's Proposal Is Contrary to This Court's Model Order and Federal Circuit Precedent

Verizon's assertion that its proposal is simply a "modified version of the Court's Model Order" (Mot. at 7) is a gross exaggeration. As discussed above, the Model Order provides for the first phase of claim reduction to occur after claim construction discovery. Verizon demanded the same reduction back in February—many months before the close of claim construction discovery, and before the parties even exchange proposed claim terms. Verizon provides no authority to support such drastic claim reduction at this stage of the case. In addition, the Model Order specifically mandates that any "proposed modifications" to its terms must be submitted "by the deadline for submission of proposed docket control or discovery orders, but in no event later than the deadline for service of initial disclosures." Verizon's request to modify the Model Order is therefore untimely.

Verizon's suggestion that the Model Order provides for claim reduction too late into fact discovery makes no sense, as there is nothing unusual about the schedule in this case. The Court's DCO adopts the schedule that was jointly proposed by *both parties* and is nearly identical to the

9

Court's Sample Docket Control Order for Patent Cases.[2] Dkt. 37-1. Thus, the schedule in this case is consistent with the timing for claim reduction contemplated by the Court's Model Order. Verizon's assertion that it is entitled to claim reduction early in the fact discovery period is also contrary to law. *See Katz*, 639 F.3d at 1309 ("claim reduction should not be ordered too early in the discovery process"). Indeed, in *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, the Court denied the defendants' Motion for Entry of a Model Order Focusing Patent Claims at an even later stage of the case, after claim construction was already complete and fact discovery was "essentially closed." *Intellectual Ventures*, Dkt. 206 at 3 (E.D. Tex. Dec. 22, 2017). Though the case "span[ned] five patents, numerous claims, and at least two-dozen products," the Court explained that "[b]oth of these events will only accelerate the natural narrowing of claims that occurs at this stage of the trial process." *Id.* Accordingly, Headwater should not be forced to drop its property rights in its patent claims before it has had an opportunity conduct a sufficient investigation into those claims.

Headwater's counterproposal for narrowing the asserted claims and prior art is more than reasonable and provides for more than 50% reduction in asserted claims well before Verizon's responsive claim construction brief is due, and a further reduction before expert reports are due. The asserted claims will continue to narrow naturally as fact discovery and claim construction progresses. And while Headwater remains amenable to continuing its discussions with Verizon regarding a meaningful reduction in asserted claims and prior art, Verizon's current proposal is unreasonable and premature given the current stage of the case.

---

[2]https://www.txed.uscourts.gov/sites/default/files/judgeFiles/Patent%20Model%20Docket%20Control%20Order_Updated.docx.

## IV.     CONCLUSION

For the foregoing reasons, Verizon's motion should be denied. If the Court is inclined to order case narrowing at this time, Headwater respectfully requests that its counterproposal offered to Verizon on February 22, 2024 (*see* Dkt. 63-5 at 3) be ordered in place of Verizon's proposal.

Dated:  May 16, 2024                                                     Respectfully submitted,

/s/ *Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Amy Hayden
CA State Bar No. 287026

        Email: ahayden@raklaw.com
        Jason M. Wietholter
        CA State Bar No. 337139
        Email: jwietholter@raklaw.com
        **RUSS AUGUST & KABAT**
        12424 Wilshire Blvd. 12th Floor
        Los Angeles, CA 90025
        Telephone: 310-826-7474

        *Attorneys for Plaintiff Headwater Research LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 16, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

                                                   /s/ *Marc Fenster*
                                                   Marc Fenster