IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § § | |
| *Plaintiff*, | § § | CASE NO. 2:23-CV-00352-JRG-RSP |
| v. | § § § | |
| VERIZON COMMUNICATIONS, INC. et al, | § § § § | |
| *Defendants*. | § | |

# ORDER

Before the Court is Defendants' Motion for Entry of an Order Focusing Asserted Patent Claim and Prior Art. (**Dkt. No. 63**.) In the Motion, Defendants request the Court enter "an expedited and somewhat more expansive version of the Court's Model Order Focusing Patent Claims and Prior Art." (*Id*. at 1.) Having considered the Motion and accompanying briefs, the Court is of the opinion that, under the unusual facts of this case, the Motion should be and hereby is **GRANTED** in part. The Court is persuaded that this case cannot proceed through claim construction with **281 asserted claims** and that Plaintiff has not provided a reasonable alternative to the approach in the Model Order. Thus, an order focusing the number of patent claims and prior art is necessary and appropriate at this juncture. Accordingly, the Court **ORDERS** as follows:

1. This Order supplements all other discovery rules and orders. It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1.

2. By the date set for the Plaintiff to serve its opening claim construction brief pursuant to P.R. 4-5(a), Plaintiff shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of 32 claims. Not later than 14 days after service of the Preliminary Election of Asserted Claims, Defendant shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than twelve prior art references against each patent and not more than a total of 40 references.[1]

3. No later than 28 days before the service of expert reports by the party with the burden of proof on an issue, Plaintiff shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 16 claims.[2] By the date set for the service of expert reports by the party with the burden of proof on an issue, Defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 20 references.[3] For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

### *Modification of this Order*

4. Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art references to the greatest extent

---

[1] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

[2] This final election of Asserted Claims is separate from and in addition to the patent claimant's final pre-trial election of Asserted Claims as required by the Docket Control Order, which is set to occur 10 days before jury selection. (Dkt. No. 40 at 1.)

[3] This final election of Asserted Prior Art is separate from and in addition to the patent claimant's final pre-trial election of Asserted Prior Art as required by the Docket Control Order, which is set to occur 7 days before jury selection. (Dkt. No. 40 at 1.)

possible. Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the modification. Motions to modify other portions of this Order are committed to the sound discretion of the Court.[4]

**SIGNED this 29th day of May, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[4] This Order contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.