IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, and VERIZON CORPORATE SERVICES GROUP, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 2:23-CV-00352<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO STRIKE AND COMPEL SUPPLEMENTATION OF
<u>HEADWATER'S AMENDED INFRINGEMENT CONTENTIONS</u>**

# TABLE OF CONTENTS

1. Defendants Diligently Sought Clarity on Headwater's Contentions ................................... 1
2. Headwater Fails to Establish Representativeness of the Few Charted Products ................ 2
3. Headwater Has Not Identified Which Network-Side Components it Accuses .................. 3
4. Headwater's Contentions Improperly Mix and Match Accused Functionalities ................ 5
5. Headwater Knew its Allegations for the Dependent Claims Are Deficient ....................... 5
6. Conclusion .......................................................................................................................... 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Orion IP, LLC v. Staples, Inc.*,
　407 F. Supp. 2d 815 (E.D. Tex. 2006)......................................................................................2

*Realtime Data, LLC v. Rackspace US, Inc.*,
　No. 16-CV-00961-RWS-JDL, 2017 WL 1927749 (E.D. Tex. May 10, 2017).........................5

*UltimatePointer, LLC v. Nintendo Co.*,
　No. 11-CV-496, 2013 WL 12140173 (E.D. Tex. May 28, 2013)........................................2, 3

*Uniloc 2017 LLC v. Google LLC*,
　No. 18-CV-497-JRG-RSP (E.D. Tex. Mar. 27, 2020)............................................................3

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| Headwater or Plaintiff | Plaintiff Headwater Research LLC |
| Verizon or Defendants | Defendants Cellco Partnership d/b/a Verizon Wireless and Verizon Corporate Services Group, Inc. |
| Asserted Patents | U.S. Patent Nos. 8,589,541, 8,924,543, 9,198,042 and 9,215,613 |
| '541 Patent | U.S. Patent No. 8,589,541 |
| '543 Patent | U.S. Patent No. 8,924,543 |
| '042 Patent | U.S. Patent No. 9,198,042 |
| '613 Patent | U.S. Patent No. 9,215,613 |
| P.R. | Local Patent Rule |
| OTADM | Over The Air Device Management |
| PROPOTA | Proprietary Over The Air |
| VZOTADM | Verizon OTADM |
| FOTA | Firmware Over The Air |
| SDM | Subscriber Device Management |
| DM | Device Management |

## TABLE OF EXHIBITS

| Ex. | Description |
|---|---|
| 1 | Plaintiff Headwater Research LLC's Disclosure of Asserted Claims and Infringement Contentions (September 28, 2023) |
| 2 | November 1, 2023 Letter from K. Dominguez to M. Fenster |
| 3 | December 13, 2023 Letter from K. Dominguez to M. Fenster |
| 4 | February 2, 2024 Letter from K. Dominguez to M. Fenster |
| 5 | Plaintiff Headwater Research LLC's Amended Disclosure of Asserted Claims and Infringement Contentions (January 12, 2024) |
| 6 | March 4, 2024 Email from M. Zhu |
| 7 | June 12, 2024 Letter from K. Dominguez to M. Fenster |
| 8 | February 7, 2024 Email from M. Zhu |

Headwater's operative January 12, 2024 infringement contentions are deficient, leaving still unable to understand Headwater's infringement theories. Headwater served further supplemental contentions the day *after* Defendants filed this motion and *still* failed to substantively respond to any of Defendants' concerns. They have not articulated, for instance how a chart for a single phone is representative of a wearable running a different operating system, how or what particular network components purportedly infringe, or whether disparate device functionalities are alleged to infringe individually. Headwater must link the evidence it cites to the claim elements, demonstrate representativeness (or provide charts for each product) and must clearly and unequivocally identify what component(s) it is accusing as infringing, as outlined specifically in Defendants' opening brief. Mot. at 14. It still has not done so.

**1.      Defendants Diligently Sought Clarity on Headwater's Contentions.**

Headwater mischaracterizes Defendants' repeated efforts to obtain clarity on Headwater's infringement theories. Opp. at 4. Defendants notified Headwater that its initial contentions were deficient as early as November 2023 (Mot. Ex. 2) and Defendants followed up in December 2023 and conferred with Headwater in January 2024. Mot. at 2–3. Headwater served supplemental infringement contentions on January 12, 2024, without leave of Court. Mot. at 3. On February 7, 2024, after Headwater requested that Defendants not oppose Headwater's belated motion to amend its contentions, Defendants explained that Headwater's contentions still suffered from the same deficiencies now raised in this motion, *e.g.*:

> [W]e have repeatedly explained that such vague, conclusory statements are inappropriate, including because they give us no guidance on what we are supposed to be searching for, and it is not up to us to guess at which network-side technology Headwater potentially might intend to accuse of infringement.

Ex. 8. On June 12, Defendants sent another letter (Mot. Ex. 7), but Headwater took over a month to respond and did not accommodate the conference until August 1.

1

Despite incorrectly accusing Defendants of "sitting silent for 5 months," Headwater knew about the many deficiencies in its contentions the *entire time*. Headwater's claim of prejudice now rings hollow, as its own reliance on *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815 (E.D. Tex. 2006) demonstrates. In *Orion*, a defendant waited until after expert reports to assert deficiencies in the infringement contentions. *Id.* at 816. The *Orion IP* court denied the motion, finding that the Defendant "opted to wait to clarify the issue until such a time that it could claim prejudice" and "could have easily sought clarification either informally or by motion." *Id.* at 817–18. Here, Defendants have followed precisely those steps: first seeking informal resolution from Headwater, and when Headwater refused, filing this motion.

**2.     Headwater Fails to Establish Representativeness of the Few Charted Products**

Headwater is required to "provide an explanation of the technical and functional identity" between the handful of products it elected to chart and the hundreds of others it did not. *UltimatePointer, LLC v. Nintendo Co.*, No. 6:11-CV-496, 2013 WL 12140173, at *3 (E.D. Tex. May 28, 2013); *see* Mot. at 5–6. Instead, Headwater argues that Defendants should have understood that a single chart for each device manufacturer is representative of all other devices from that manufacturer because they all allegedly run the same operating system, here either Android OS or iOS.[1] *See* Opp. at 6–7. This approach glosses over Headwater's accusations against myriad "phones, tablets, and watches" **which run different versions or altogether different types of operating systems**. *See* Mot. at 5–6, n.4 (*e.g.*, WatchOS versus iOS).

But even crediting Headwater's assertion, the evidence it cites for representativeness falls far short of the requirements of P.R. 3-1. For instance, Headwater contends that its allegations against "Background App Refresh" and "Low Power Mode" are representative for all accused

---

[1] Headwater's recent August 8 supplemental contentions, served without leave of Court, include only conclusory representativeness allegations based on the same reasoning.

2

Apple devices. Opp. at 7–8 (citing Opp. Ex. A). But Headwater relies on merely a string-cite of 25 URLs with *zero* explanation. *See, e.g.* Opp. Ex. A at 9–10. Headwater likewise claims that its allegations against "Data Saver" are representative for all Android devices (Opp. at 8) but cites only to dozens of screenshots with no explanation.[2] *See, e.g.*, Opp. Ex. B at 15–25. To the extent there is information about representativeness buried in these strings of URLs or screenshots, it is Headwater's burden to clearly explain it and demonstrate "technical and functional identity" between its charted and uncharted products. *UltimatePointer*, 2013 WL 12140173 at *3; *Uniloc 2017 LLC v. Google LLC*, No. 18-CV-497-JRG-RSP (E.D. Tex. Mar. 27, 2020), Dkt. 235 at 2.

3.   **Headwater Has Not Identified Which Network-Side Components it Accuses**

Contrary to Headwater's assertion (Opp. at 11), Verizon also agreed to make the same limited document collection responsive to Verizon's understanding of the allegations on pages 10–13 of Headwater's chart for the '042 Patent. Ex. 8. Headwater has received documents related to these issues and cited to some of them in identifying "OTADM," "PROPOTA," "VZOTADM," "FOTA," "SDM," and/or "DM" as accused instrumentalities in its January 2024 contentions. *E.g.* Mot. Ex. 1 at 2. But despite having these documents for ***months***, Headwater's infringement charts never refer to these components *at all*, let alone explain how these components are related, if at all, to Headwater's other network-side allegations.

To start, it is irrelevant that Defendants were able to search for documents on a subset of Headwater's network-side allegations. Defendants repeatedly explained to Headwater that its bare accusation against "servers" are insufficient to guide discovery. Mot. Ex. 2–4, 6 & 7. When Headwater identified its network-side allegations as comprising four pages in a single claim

---

[2] Headwater makes similar allegations, citing to a public webpage to show that "Android-based wearables" also use App Standby and Doze Mode. *See* Opp. at 9 n.5. This webpage is not cited in the contentions, and even if it were cited, it only further demonstrates that these wearables run a different operating system not addressed in Headwater's contentions.

3

chart—which list the information contained in 3GPP "attach," "bearer resource allocation," "bearer resource modification," and "PDN connectivity" requests—Defendants agreed to search for technical documents relevant to these request messages.[3] *See* Opp. Ex. G at 10–13; Ex. 8.

However, these 3GPP allegations are insufficient. For instance, Headwater pretends that it refers to "attach request or other requests" for anything other than a single element of claim 1 of the '042 Patent. Opp. at 11–12. Headwater's only evidence, however, is a screenshot from a third-party website with no further explanation copied-and-pasted for each subsequent claim limitation. *See* Opp. Ex. G at 17, 18, 21. Headwater makes no effort to explain the relevance of this information—basic functionalities that indisputably were known and in ubiquitous practice prior to the Asserted Patents—nor is there any attempt to tie it to any other element of the claims.

But it now appears that Headwater's network-side allegations exceed far beyond the limited scope described above. For example, Headwater claims that it "maps [element 1[e] of the '543 Patent] to components and filters" in Verizon's network and servers corresponding to "QCI Data Priority levels" and further claims to "explain how these priorities and QCI levels are provided" in subsequent claim elements 1[f] & 1[g]. Opp. at 13. But Headwater provides no explanation of how these QCI allegations relate to the 3GPP allegations, the allegations against ""OTADM," "PROPOTA," "VZOTADM," "FOTA," "SDM," and/or "DM," or indeed the elements of the asserted claims themselves. For instance, for the claimed "network provisioning instruction set," a "network traffic inspection system," and a "network policy enforcement system," *id.*; *see* Opp. Ex. G at 14, 17, 18, Headwater's contentions simply parrot the claim language. *See* Opp. Ex. G at 17–18. Putting aside that Headwater's QCI theory was first articulated in its opposition brief,

---

[3] Defendants are continuing to search for and collect these documents based on the limited information provided in Headwater's contentions and correspondence.

4

Headwater's "paste[d] screenshots and block quotes" still leave Defendants without clarity on "where each element of each asserted claim is found within each Accused Instrumentality." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 16-CV-00961-RWS-JDL, 2017 WL 1927749, at *2 (E.D. Tex. May 10, 2017).

4. **Headwater's Contentions Improperly Mix and Match Accused Functionalities**

Headwater cannot evade clearly charting its infringement contentions by claiming, without explanation, that "the same underlying software functionality and code enables the accused features." Opp. at 15. While Headwater accuses disparate functionalities (e.g., Doze Mode, App Standby, Adaptive Battery, and JobScheduler), its contentions are silent as to how any of these functionalities are related or whether they independently or collectively meet the elements of the asserted claims. For instance, for element 1[d] of the '541 Patent, Headwater's contentions are silent as to how *any* aspect of at least Doze Mode, App Standby, Adaptive Battery, and JobScheduler is determined based on either user input or information from a network element as required by this claim element.

5. **Headwater Knew its Allegations for the Dependent Claims Are Deficient**

Finally, Headwater asserts that "Verizon improperly waited until now to raise" deficiencies with Headwater's charting of dependent claims. This is incorrect. On February 2, 2024, more than a month before Headwater served its operative infringement contentions, Defendants wrote to Headwater to complain about "Headwater's assertion of *hundreds* of dependent claims, for which Headwater provides no substantive infringement allegations at all in most cases." Ex. 4 at 1. Headwater has known of this pervasive deficiency for months and done nothing.

6. **Conclusion**

Defendants respectfully request the relief outlined in their opening brief. *See* Mot. at 14.

Dated:  August 29, 2024

/s/ *Katherine Q. Dominguez*
Katherine Q. Dominguez (Lead Attorney)
kdominguez@gibsondunn.com
Josh A. Krevitt
jkrevitt@gibsondunn.com
Brian Rosenthal
brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4015

Robert Vincent
rvincent@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2923
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900

Andrew Robb
arobb@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
310 University Avenue
Palo Alto, CA 94301
Telephone:  (650) 849-5300

Deron R. Dacus
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C**.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Phone: (903) 705-1117

*Attorneys for Defendants*