

# EXHIBIT A

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

Kate Dominguez
Direct: +1 212.351.2338
Fax: +1 212.716.0839
KDominguez@gibsondunn.com

November 1, 2023

Marc Fenster
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

Re:   *Headwater Research LLC v. Verizon Communications Inc., et al.*, No. 23-cv-00352 (E.D. Tex.)

Dear Mr. Fenster:

I write on behalf of Verizon regarding the Infringement Contentions served by Plaintiff Headwater Research LLC ("Headwater") on September 28, 2023, in the above-captioned action.

We understand that for each of U.S. Patent Nos. 8,589,541, 8,924,543, 9,198,042 and 9,215,613 (collectively, the "Asserted Patents"), Headwater accuses "smartphones, basic phones, tablets, laptops, and hotspot devices sold (including those sold in bundles with data plans) or used by Verizon for use with Verizon's wireless network services," and includes a list of accused device models. Sept. 28, 2023 Infringement Contentions at 2–7. The items in these lists are identified as "comprising Apple software" or "Android software" and include solely end-user devices. *Id.* Similarly, each of the claim charts attached to Headwater's infringement contentions identifies the "Accused Instrumentalities" as "smartphones, basic phones, tablets, laptops, and hotspot devices sold (including those sold in bundles with data plans) or used by Verizon for use with Verizon's wireless network services." *Id.*, Exs. A–D.

Based on these contentions, including the lists of accused devices provided, Verizon understands that Headwater accuses solely end-user devices and functionality for each of the Asserted Patents. Nevertheless, Headwater's infringement contentions also include, for each Asserted Patent, a vague reference to "[s]ervers, hardware, software, and services leased, owned, supported, and/or operated by Verizon comprising Verizon's wireless network services functionality." *E.g. id.* at 2. No specific servers or other network hardware or software are identified, nor are any network elements mentioned or depicted in the charts attached to Headwater's contentions. *See id.*, Exs. A–D.

Headwater's infringement contentions with respect to at least its vague references to "[s]ervers, hardware, software, and services" and "Verizon's wireless network" are deficient in that they fail to comply with Local Patent Rule 3-1. P.R. 3-1 requires that the identification of accused instrumentalities "shall be as specific as possible," including the "name or model number, if known," of each accused instrumentality. P.R. 3-1(b). Headwater's vague and unexplained references to "[s]ervers, hardware, software, and services"—terms which could apply to countless elements of "Verizon's wireless network" or to the accused mobile devices—do not

**GIBSON DUNN**

Marc Fenster
Russ August & Kabat
November 1, 2023
Page 2

reasonably provide notice to Verizon as to which component(s) Headwater purports to accuse, let alone the "specific" allegations required by P.R. 3-1.

Accordingly, Verizon understands the scope of Headwater's infringement allegations to be limited to the accused end-user devices and functionality—*i.e.* "[p]hones, tables, wearables, [or] devices … for use with Verizon's wireless network services," and will carry out its discovery obligations in this case consistent with that understanding. Although Verizon does not agree the contentions for those instrumentalities comply with Local Patent Rule 3-1, and Verizon may seek relief with respect to additional deficiencies in the contentions at a later time, Verizon focuses this letter on Headwater's deficient network-related allegations.

Sincerely,

*/s/ Kate Dominguez*

Kate Dominguez