IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>CELLCO PARTNERSHIP, D/B/A VERIZON WIRELESS and VERIZON CORPORATE SERVICES GROUP INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00352-JRG-RSP |

## ORDER

Before the Court is the Headwater Research LLC's unopposed motion for Entry of Supplemental Protective Order (**Dkt. No. 103**).

WHEREAS, the Court entered a Protective Order to protect Party and Non-Party confidential business information in the above-referenced action on November 1, 2023 (Dkt. No. 45); and

WHEREAS, Headwater Research LLC; Cellco Partnership, d/b/a Verizon Wireless, Verizon Corporate Services Group, Inc.; and Google LLC, a non-party to this action, may produce confidential source code belonging to Google; and

WHEREAS the Parties and Google have agreed to provisions in addition to those contained in the Protective Order to protect against misuse or disclosure of such Google Source Code;

Having considered the Motion, the Court finds that it should be and hereby is **GRANTED**.

Therefore, it is hereby stipulated among the Parties and Google and **ORDERED** that, notwithstanding anything to the contrary in the Protective Order (including without limitation Paragraph 10 thereof), any Google Source Code produced in connection with the above-captioned

action shall be subject to the following restrictions:

1. Google Source Code will be made available at the offices of Google's outside counsel (4 Embarcadero Ctr #3500, San Francisco, CA 94111) during normal business hours, which shall be 9:00 a.m. through 5:00 p.m.

2. The receiving Party shall be permitted to make no more than 250 pages of printouts of source code material, all of which shall be designated, clearly labelled, and logged as laid out in § 10(h) of the Protective Order (Dkt. 45). The printouts shall include no more than 15 consecutive pages of source code material. No additional pages may be printed absent a showing of good cause.

3. The Parties agree that the name(s) and Curriculum Vitae(s) of all expert witnesses who will have access to Google Source Code will be disclosed in advance, such that Google may determine whether it has any objections to the expert(s).

4. If any document(s) containing Google Source Code appear on the exhibit list(s) of a Party, the Party is to give written notice by-email to Google's outside counsel at the time the exhibit list(s) are exchanged.

5. If any document(s) containing Google Source Code are used in open court, including but limited to at a hearing or at trial, the Parties agree to use reasonable efforts to seal the courtroom and to use reasonable efforts to redact any related portions of the transcript(s)

6. The following software tools are pre-approved for the purposes of Google's production of source code:

    a. Understand (http://www.scitools.com)

    b. Beyond Compare (http://www.scootersoftware.com)

    c. Cygwin (http://www.cygwin.com)

    d. Notepad++ (https://notepad-plus-plus.org/download/v7.4.2.html)

    e. PowerGrep (http://www.powergrep.com)

    f. Microsoft Office (https://products.office.com/en-us/compare-all-microsoft- office-products)

7. All materials that contain or describe Google Source Code ("Google Source Code Material") shall be destroyed or returned to Google pursuant to Paragraph 23 of the Protective Order. Notwithstanding anything to the contrary in Paragraph 23 of the Protective Order, outside counsel of record shall not maintain, for archival purposes or otherwise, any Google Source Code Material.

8. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and who received Google's Protected Material that

is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, Google's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the fields of invention of the patents in suit (*e.g.*, transmission of messages between a server and an application using encryption, network message servers, and message link servers) on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. For purposes of this paragraph, "prosecution" includes any activity related to (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the technologies at issue. For the avoidance of doubt, this provision shall not preclude any person (including counsel or experts) who obtains, receives, or otherwise learns, in whole or in part, Google's DESIGNATED MATERIAL under this Order from participating in or representing it in reexamination proceedings, Post-Grant Review proceedings, *Inter Partes* Review proceedings, or Covered Business Method Review proceedings involving the patents-in-suit provided that they do not advise on, consult on, prepare, draft, or edit any amendment to specifications or claims based on those proceedings, but would preclude participating in or representing it in reexamination proceedings, Post-Grant Review proceedings, *Inter Partes Review* proceedings, or Covered Business Method Review proceedings if they do advise on, consult on, prepare, draft, or edit any amendment to specifications or claims based on those proceedings"

**SIGNED this 1st day of November, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE