# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>   Plaintiff,<br><br> v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS and VERIZON CORPORATE SERVICES GROUP INC.,<br><br>   Defendants, | CIVIL ACTION NO. 2:23-cv-00352 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
TO STAY PENDING RESOLUTION OF *INTER PARTES* REVIEW AND
<u>THE RELATED MANUFACTURER CASES</u>**

**TABLE OF CONTENTS**

1. VERIZON'S IPRS ARE LIKELY TO SIMPLIFY THE ISSUES IN THIS CASE............1

2. RESOLUTION OF THE CO-PENDING CASES AGAINST SAMSUNG AND THE OTHER MANUFACTURERS WILL SIMPLIFY THE ISSUES IN THIS CASE.......................................................................................................................3

3. THE REMAINING FACTORS FAVOR STAY. ...........................................................5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Global Equity Management (SA) Pty. Ltd. v. Ericsson, Inc.*,
   No. 2:16-cv-00618, 2017 WL 365398 (E.D. Tex. Jan. 25, 2017)............................................3

*Motorola Mobility, Inc. v. TiVo, Inc.*,
   No. 5:11-cv-53, 2011 WL 13196554 (E.D. Tex. July 6, 2011) .............................................3

*NFC Tech. LLC v. HTC Am., Inc.*,
   2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ......................................................................5

*Veraseal LLC v. Costco Wholesale Corp.*,
   2018 WL 4524122 (E.D. Tex. May 17, 2018) ......................................................................4

*XY, LLC v. Trans Ova Genetics, LC.*,
   968 F.3d 1323 (Fed. Cir. 2020) .............................................................................................4

**Treatises**

Federal Practice and Procedure § 4463 ........................................................................................3

Federal Practice and Procedure § 4463 ........................................................................................4

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| Headwater or Plaintiff | Plaintiff Headwater Research LLC |
| Verizon | Defendants Cellco Partnership d/b/a Verizon Wireless and Verizon Corporate Services Group, Inc. |
| Asserted Patents | U.S. Patent Nos. 8,589,541, 8,924,543, 9,198,042 and 9,215,613 |
| '541 Patent | U.S. Patent No. 8,589,541 |
| '543 Patent | U.S. Patent No. 8,924,543 |
| '042 Patent | U.S. Patent No. 9,198,042 |
| '613 Patent | U.S. Patent No. 9,215,613 |
| P.R. | Local Patent Rule |
| Samsung | Samsung Electronics Co. and Samsung Electronics America, Inc. |
| IPR | *Inter partes* review |
| Board or PTAB | Patent Trial and Appeal Board |
| *Samsung I* | *Headwater Research LLC v. Samsung Elecs. Co.*, No. 2:22-cv-00422-JRG-RSP (E.D. Tex.) |

## TABLE OF EXHIBITS

| Ex. | Description |
|---|---|
| 1 | Raleigh Patent Family Tree |
| 2 | U.S. Patent No. 9,609,544 (the "'544 Patent") |
| 3 | PTAB Trial Statistics, FY23 End of Year Outcome Roundup IPR, PGR |
| 4 | *Samsung I* Infringement Chart |
| 5 | Android System Art Chart |
| 6 | Decision Granting Institution of *Inter Partes* Review, IPR No. 2014-00809 (October 23, 2024) |
| 7 | Excerpt of Exhibit G to Headwater's Infringement Contentions |

Verizon's Motion identified unique, concrete reasons for why a stay is particularly appropriate in this case. Headwater's Opposition fails to rebut any of these—indeed, as discussed below, some of Headwater's arguments *affirmatively support* Verizon's position, and Headwater simply ignores many of Verizon's other arguments. Beyond that, recent events further support Verizon's argument. Most notably, on October 23, 2024, the PTAB instituted *inter partes* review on the '042 Patent. This further confirms that a stay will likely simplify the issues.

1.  **VERIZON'S IPRS ARE LIKELY TO SIMPLIFY THE ISSUES IN THIS CASE.**

Verizon's Motion explained that Verizon has filed IPRs against every asserted claim of every asserted patent, and Verizon explained how those IPRs are very likely to simplify the issues in the case, including because institution of the *Samsung* IPR provides a strong guide that institution will happen here, Headwater's own conduct confirms the case will be simplified regardless of the outcome of the IPRs, and resolution of merely some of the IPRs in Verizon's favor will eliminate entire technologies from this case. Headwater fails to rebut any of these points.

*Likelihood of Institution*: As Verizon explained, a prior institution decision in the Samsung IPR (challenging the '544 Patent) provides strong guidance that the IPRs will be instituted here. *See* Mot. at 7–8. In response, Headwater notes that only two of the four asserted patents here (the '541 and '613 Patents, but not the '042 or '543 Patents) share striking similarities with the '544 Patent. Opp. at 5 ("As an initial matter, Defendants do not even mention or attempt to analogize the '042 and '543 Asserted Patents here to any IPR proceedings."). Headwater omits the fact *that the PTAB instituted the IPR on the '042 Patent the day before Headwater filed its opposition*. Ex. 6. As for the '541 and '613 Patents, Headwater's primary argument is to note that that the '544 Patent *has an additional limitation not present* in the '541 and '613 Patents. Opp. at 5–6 (noting the additional "power control state" requirement). This is a bad fact for Headwater. Prior art that invalidates *narrower* claims would also invalidate *broader* claims in a related patent covering the

1

same subject matter without the narrowing limitation. Thus, it is more likely that the PTAB will institute on the '541 and '613 Patents. Headwater also argues that there are some minor differences in the prior art references relied upon by Samsung and Verizon. *Id.* Headwater fails to explain how swapping out a few secondary references impacts the analysis in Headwater's favor. *Id.*

*Simplification of Issues Regardless of Ultimate Outcome*: As Verizon explained, Headwater's conduct in this case and the related cases confirms the IPRs will simplify issues in the case regardless of the ultimate outcome. In particular, Headwater has demonstrated a pattern of abandoning claims or dropping entire patents simply to avoid institution of an IPR and/or to avoid a Final Written Decision. Mot. at 9. Headwater does not address this point. Opp. at 6–7. Headwater generally notes that the case will "naturally narrow" as it progresses, *id.*, but ignores the fact that, in *Samsung I*, it dropped entire patents from the district court proceeding in an effort to moot the IPRs, and here, it voluntarily abandoned 48 out of 50 claims in a gambit to overcome institution. Mot. at 9. On the issue of the IPRs potentially informing claim construction, Headwater notes that Verizon did not seek claim construction in the IPRs, while ignoring that claim construction issues might arise later in the IPR process, such as disclaimers Headwater makes in advance of the Final Written Decisions. *Compare* Mot. at 8–9 *with* Opp. at 6–7.

*Partial Resolution Will Simplify the Case*: As Verizon explained, this is not a case where all four patents cover the same general technology, such that any one patent surviving means the case is essentially the same. For example, it is only for the '042 Patent that Headwater identifies attach requests, bearer requests, and similar 3GPP technologies in its contentions. Ex. 7 at 10. Even if the PTAB does not institute on *any* other patents (which is highly unlikely), staying the case would still eliminate an entire technology group (these 3GPP technologies) from the case. Headwater has no response on this point. It simply ignores it. *See generally* Opp. at 4–7.

2

## 2. RESOLUTION OF THE CO-PENDING CASES AGAINST SAMSUNG AND THE OTHER MANUFACTURERS WILL SIMPLIFY THE ISSUES IN THIS CASE.

Additionally, the manufacturer lawsuits will significantly simplify the issues in this case, based on various doctrines including patent exhaustion, implied licensing, claim preclusion, the bar against claim splitting, *Kessler* doctrine, and issue preclusion. Mot. at 10–13. None of Headwater's arguments to the contrary have merit. Headwater's opposition does not even mention patent exhaustion or implied licensing. Opp. at 7–10. And, regarding claim preclusion, Headwater contends that it requires "identity of parties" but again ignores the cases identified by Verizon stating that strict identicality of parties is not a requirement. Mot. at 12; *see also* Federal Practice and Procedure § 4463 (discussing exceptions to traditional mutuality requirement).

Headwater also argues that many of the other doctrines identified by Verizon require a final judgment before applying. Opp. at 7–8. While true, it would be wasteful to litigate this case while the *Samsung I* case proceeds final judgment, only to then, on the eve of trial in this case, finally apply the doctrine and narrow the case. This is precisely why Verizon asks the Court to *stay* the case for now, and then the parties can assess the final impact of those doctrines and how they simplify the case after final judgment is reached. *Motorola Mobility, Inc. v. TiVo, Inc.*, No. 5:11-cv-53, 2011 WL 13196554, at *4 (E.D. Tex. July 6, 2011) (granting a motion to stay pending resolution of an earlier filed case where "[d]ecisions made…will likely streamline or simplify certain issues" in the later case); *Global Equity Management (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 2:16-cv-00618, 2017 WL 365398 (E.D. Tex. Jan. 25, 2017) (same).

Headwater next argues Verizon has failed to prove the cases present "essentially the same" issues, such that the above-mentioned doctrines would apply. Opp. at 8–9. As Headwater recognizes, however, this inquiry focuses on whether "the asserted patents and the accused activity" are "essentially the same." Opp. at 8. On the identity of patents, Headwater concedes,

3

that the patents do not need to be literally the same for the doctrines apply. Rather, related patents, with overlapping claim language, can trigger these doctrines. Opp. at 8 (quoting *XY, LLC v. Trans Ova Genetics, LC.*, 968 F.3d 1323, 1333 (Fed. Cir. 2020). Tellingly, in response to Verizon's showing that the asserted patents in the cases are "essentially the same," *Headwater does not identify a single difference between the patents*. Opp. at 9. On the overlap of products, Headwater does not dispute that, for the Samsung devices accused in both cases, they are the same. *Id*. Headwater's failure to dispute this point, coupled with its failure to identify any substantive differences between the claims, should end the inquiry. Headwater instead notes that devices sold by *other* manufacturers are also accused. *Id.* That is true, but that is not the inquiry. The inquiry is "whether a stay will simplify the issues," not whether it will resolve the case in its entirety. *Veraseal LLC v. Costco Wholesale Corp.*, 2018 WL 4524122, at *1 (E.D. Tex. May 17, 2018).

Headwater's remaining arguments are without merit. Headwater notes that the damages analyses in the cases will be different. Opp. at 10. As stated above, this is not the test—the question is whether the stay will *simplify* the issues, and it should be beyond dispute that removing entire product lines from the case will simplify the case, regardless of potential differences in the damages. Headwater also complains that Defendants assert these defenses, but they refuse to be bound by them. *Id.* This is because patent exhaustion, implied licensing, claim preclusion, and the *Kessler* doctrine are not asserted against defendants, and issue preclusion is widely accepted to be non-mutual. *See* Federal Practice and Procedure § 4464 ("Mutuality Abandoned – Issue Preclusion"). Headwater also argues that Verizon has failed to satisfy its burden of proof of proving the applicability of these defenses. Opp. at 8, fn. 4. That misses the point. This is not a summary judgment motion seeking to establish the precise metes and bounds of those defenses to this case; it is a stay motion, with the relevant inquiry being whether those doctrines are "likely"

4

to simplify the issues. *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015). Finally, Headwater addresses the requirements of the customer suit exception (Opp. at 11–12) but Verizon did not move for a stay under that doctrine.

### 3. THE REMAINING FACTORS FAVOR STAY.

*Stage of the Case*: Headwater does not dispute that no fact depositions have occurred in this case, and that expert discovery, pre-trial, and trial are months away, and that the claim construction hearing has not yet occurred. Opp. at 12–13. Verizon provides one further update: on October 18 (after Verizon filed this motion to stay), Headwater indicated its intention to depose 21 current and former Verizon employees, including Verizon's former General Counsel and a current Verizon C-Suite executive, with just over six weeks left in fact discovery. Headwater has not requested dates for any of the depositions, and Verizon expects motion practice will be necessary if Headwater refuses to narrow its list of deponents.

*Headwater Is Not Prejudiced*: Verizon's motion identified two unique facts that demonstrate Headwater is not prejudiced by a stay. Headwater's responses to these arguments are unconvincing. First, as Verizon explained, Headwater alleges it learned of Verizon's supposed use of Headwater's technology a decade ago, yet Headwater waited until last year before filing suit. Mot. at 15. Headwater's response—that Headwater is a small company and pre-suit investigations take "substantial time and resources"—is not credible. Plaintiff's counsel has the resources to litigate this case, and the infringement contentions attached to the Complaint did not take ten years to draft. Second, Headwater *consented* to staying its case against Motorola pending institution decisions for related patents. Mot. at 15. Headwater's response—that in the Northern District of California, stays are routinely granted—supports Verizon's point. If Headwater had a special reason for why it was prejudiced by a stay, it would have raised that issue. But Headwater failed to do so, and here, Headwater only identifies formulaic reasons about purported prejudice.

Dated:  November 1, 2024     By:  */s/ Katherine Q. Dominguez*

Katherine Q. Dominguez (Lead Attorney)
kdominguez@gibsondunn.com
Josh A. Krevitt
jkrevitt@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Robert Vincent
rvincent@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone:  214.698.3112
Facsimile:  214.571.2910

Andrew W. Robb (CA Bar No. 291438)
arobb@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
310 University Avenue
Palo Alto, CA 94301
Telephone:  650.849.5334
Facsimile:  650.849.5034

Michelle Zhu
mzhu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036
Telephone:  202.777.9413
Fax:  202.831.6063

Celine Crowson (D.C. Bar No. 0436549A)
**HOGAN LOVELLS LLP**
555 13th St NW,
Washington, DC 20004
Telephone: 202-637-5600
celine.crowson@hoganlovells.com

Tej Singh (California Bar No. 286547)

Yi Zhang (California Bar No. 342823)
Kyle Xu (California Bar No. 344100)
**HOGAN LOVELLS LLP**
4 Embarcadero Center Suite 3500
San Francisco CA, 94111
Telephone: 415-374-2300
tej.singh@hoganlovells.com
yi.zhang@hoganlovells.com
kyle.xu@hoganlovells.com

Deron R. Dacus
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone:  903.705.1117

*Attorneys for Verizon*

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2024, the foregoing was served upon all counsel of record who have consented to electronic service.

/s/ *Katherine Q. Dominguez*
Katherine Q. Dominguez