IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | Case No. 2:23-cv-00352-JRG-RSP |
| CELLCO PARTNERSHIP, D/B/A VERIZON WIRELESS and VERIZON CORPORATE SERVICES GROUP INC., | § § § § § | |
| *Defendants*. | § § § | |

**ORDER**

Before the Court is the Motion to Stay Pending *Inter Partes* Review, filed by Cellco Partnership, D/B/A Verizon Wireless and Verizon Corporate Services Group Inc. ("Verizon"). **(Dkt. No. 93)**. After consideration, the motion is denied as premature.

**I.    BACKGROUND**

Plaintiff Headwater Research LLC filed its complaint against Cellco Partnership D/B/A Verizon Wireless and Verizon Corporate Services Group Inc. on July 28, 2023, asserting infringement of U.S. Patent Nos. 8,589,541, 8,924,543, 9,198,042, and 9,215,613. Dkt. No. 1 at 1. On October 24, 2023 the Court issued a Docket Control Order. Dkt. No. 40. Pursuant to that Order, the claim construction hearing is set for November 19, 2024, fact discovery closes on December 13, 2024, expert discovery ends on February 3, 2025, and trial is set to begin on April 21, 2025, among other deadlines. *Id.*

On April 19, 2024; June 7, 2024; and June 20, 2024, Verizon filed a total of seven petitions for *inter partes* review of the four Asserted Patents. Dkt. No. 93 at 5. The Patent Trial and Appeal Board may take up to six months to decide whether to institute on the IPR petitions. *See* 35 U.S.C.

1

§ 314(b). The Board instituted a trial for the '042 Patent on October 23, 2024. IPR2024-00809, Doc. 61. All other decisions are pending, with the latest date for institution being in January of 2025. *See* IPR2024-00945, IPR2024-00944, IPR2024-00943, IPR2024-00942, IPR2024-01042, and IPR2024-01041.

On October 10, 2024, Verizon filed the current Motion to Stay, requesting that the Court stay this case until the Board has concluded IPR of the Asserted Patents. Dkt. No. 93. The matter is now ripe.[1] As of the date of this Order, the Board has still not issued a decision regarding institution of six of the seven IPR petitions.

## II.     LEGAL STANDARD

"The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 218-cv-390-RWS-RSP, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019) (quoting *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-86-RWS-JDL, 2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017)); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The decision of whether to extend a stay falls solely within the court's inherent power to control its docket." *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (citing *ThinkOptics, Inc. v. Nintendo*, No. 6:11-cv-455-LED, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014)); *accord Clinton v. Jones*, 520 U.S. 681, 706 ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at 254).

District courts typically consider three factors when deciding whether to stay litigation pending IPR of the asserted patent(s): "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including

---

[1] After Verizon filed the Motion on October 10, 2024, Headwater responded on October 25, 2024. Dkt. No. 100.

whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (collecting cases).

### III.  ANALYSIS

Verizon has not met its burden to show that a stay is appropriate as, most importantly, it did not show that the Board granted its petitions for IPR on all asserted patents and, therefore, claims. Since Verizon did not show there is a reasonable likelihood that the Board will invalidate all the asserted claims, its Motion fails.

Whether a stay "will result in simplification of the issues before a court is viewed as the most important factor when evaluating a motion to stay." *Uniloc USA*, 2017 WL 2899690, at *3 (citing *Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-81-JRG, 2016 WL 7634422, at *2 (E.D. Tex. Nov. 7, 2016); *NFC Tech.*, 2015 WL 1069111, at *4). "Simplification of the issues depends on whether the PTAB decides to grant the petition." *Id*. (citing *Trover*, 2015 WL 1069179, at *4; *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, No. 2:13-cv-655-WCB, 2014 WL 3736514, at *2 (E.D. Tex. July 29, 2014)).

Here, this factor is the decisive one. Verizon contends that the IPR proceedings currently pending against Headwater's asserted patents will greatly simplify the issues for this Court. Dkt. No. 93 at 1. However, the Board has not yet rendered any institution decisions on six of the seven petitions covering three of the four asserted patents. The "universal practice" in this District, as well as the practice of most district courts, is to deny a motion for stay when the Board has not yet acted on a petition for IPR. *Trover*, 2015 WL 1069179, at *6 (collecting cases); *see also Peloton Interactive*, 2019 WL 3826051, at *2 (citation omitted). The reasoning behind this is that unless the Board indicates there is a serious chance it will invalidate all the asserted claims, the Court will

3

not needlessly wait to rule on the remaining asserted claims. Accordingly, the Court **DENIES** Verizon's Motion.

**SIGNED this 8th day of November, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE