IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § § *Plaintiff*, § § v. § CIVIL ACTION NO. 2:23-cv-00352-JRG-RSP § CELLCO PARTERNSHIP D/B/A § VERIZON WIRELESS and § VERIZON CORPORATE § SERVICES GROUP, INC., § § *Defendants*. | |

### ORDER

Before the Court is Headwater Research LLC's Motion to Compel Production of Core Technical Documents by Verizon under patent P.R. 3-4(a). (**Dkt. No. 74**). Also before the Court is Verizon's Motion to Strike Headwater's Amended Infringement Contentions (**Dkt. No. 72**).

On September 28, 2023, Headwater served Infringement Contentions on Verizon. Dkt. No. 74 at 2. Verizon alleged that the Contentions were deficient in several ways. Dkt. No. 83 at 2. While Headwater has amended the Contentions several times since then, Verizon has maintained that they remain deficient. Dkt. no. 72 at 1-4. Specifically, Verizon argues that Headwater's Contentions do not identify which network-side components it accuses of infringement. Dkt. No. 79 at 3. Verizon asserts that this is insufficient for them to search for, and produce, relevant documents. *Id.*

Verizon also argues that the dependent claims in the Contentions are deficient for failing to identify all elements in violation of Local Patent Rule 3-1. Dkt. No. 72 at 9.

After allegedly failing to receive clarification from Headwater on these points, Verizon filed the current Motion to Strike.

1

Conversely, Headwater alleges that their Infringement Contentions are sufficient for Verizon to produce necessary technical documentation and source code sufficient for Headwater to understand how Verizon's network performs the network-side functionality, as accused in the Contentions. *See generally* Dkt. No. 76. Headwater alleges that, as of the present, Verizon has produced no source code and documentation relating to only device-side functionality (which is not alleged in the Contentions), thus they have failed to fulfill their obligations under Local Patent Rule 3-4(a). Dkt. No. 74 at 1-4.

After consideration of both parties' arguments in their briefs and at hearing, the Court hereby **GRANTS** the motion to compel.

After consideration of both parties' arguments in their briefs and at hearing, the Court hereby **DENIES** the motion to strike.

The Court therefore **ORDERS** that Verizon to produce network-side technical documentation sufficient to understand how Verizon's network performs the network-side functionality accused in the January 12 infringement contentions by December 4, 2024.

**SIGNED this 20th day of November, 2024.**

:

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE