# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A WIRELESS AND VERIZON CORPORATE SERVICES GROUP, INC.,<br><br>    Defendants. | Case No. 2:23-cv-00352-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S MOTION TO COMPEL
CORE TECHNICAL DOCUMENTS REQUIRED UNDER PATENT L.R. 3-4(a)**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ........................................................................................ 2

III. ARGUMENT ................................................................................................................. 4

    A. Headwater's P.R. 3-1 Contentions Accuse Verizon Network Servers and Server-Side Functionality of Infringement ............................................. 4

        1. January 2024: Headwater, at Verizon's Request, Identified the Verizon Server-Side Functionalities It Accused of Infringement ..................... 5

        2. January 2024 – June 2024: Verizon Identifies No Problems with Headwater's January 2024 Amended Infringement Contentions ........................................................................................................ 6

    B. Verizon's Failure to Produce the Required Technical Information and Source Code Is Prejudicial and Without Justification ................................................. 9

IV. CONCLUSION ............................................................................................................ 10

## **TABLE OF AUTHORITIES**

**Cases**

*Orion IP, LLC v. Staples, Inc.*,
  407 F. Supp. 2d 815 (E.D. Tex. 2006) ........................................................................................ 7

**Rules**

Federal Rule of Civil Procedure 33(d) ............................................................................................ 4

I. **INTRODUCTION**

Verizon has refused to produce non-public technical documents, including source code, in violation of its obligation under P.R. 3-4(a). Headwater's Complaint, and P.R. 3-1(c) charts and infringement contentions, accuse Verizon servers and mobile devices retailed by Verizon of infringing certain claims of U.S. Patent Nos. 8,589,541 ("'541 patent"), 8,924,543 ("'543 patent"), 9,198,042 ("'042 patent"), and 9,215,613 ("'613 patent") (together, the "Asserted Patents"). Headwater's infringement contentions not only accuse various phones and tablets but also explain how those products perform certain claim elements in conjunction with Verizon's servers, which configure the accused phones and tablets with telecommunications service and Internet connectivity. Verizon's servers are specifically identified as Accused Products.

Despite its servers clearly being accused in Headwater's contentions, Verizon has limited the scope of its technical document production to only what it has referred to as "device-side" (as opposed to server-side) functionality, while reassuring Headwater that it has produced some unspecified quantity of server-side technical documentation. As for source code, Verizon has refused to produce anything at all. As justification, Verizon asserts that Headwater's contentions do not adequately describe the involvement of Verizon's servers in the alleged infringement, and indeed has recently filed a motion to strike Headwater's identification of specific Verizon server functionality to which it earlier agreed were within the scope of this case.

Verizon cannot fairly dispute that non-public technical documentation and source code is relevant to infringement here and should be produced. This District's P.R. 3-4(a) requires the alleged infringer to produce any and all documents showing "the operation of any aspects of or elements of an Accused Instrumentality." Headwater has repeatedly asked Verizon to produce this material. Because Verizon has continually refused to do so, Headwater respectfully requests from

1

the Court an order requiring Verizon to produce all relevant documentation and source code for the server-side devices and functionalities identified in Headwater's infringement contentions.

## II. FACTUAL BACKGROUND

On July 28, 2023, Headwater filed this lawsuit, accusing Verizon of infringing, among other patents, the '543 and '042 Patents, which cover aspects of network-side functionality, including "network plan provisioning system[s] communicatively coupled to a wireless end-user device" and methods related to "sending configuration information to the wireless end-user device." *See* Dkt. 1.

On September 28, 2023, Headwater served its initial infringement contentions, identifying accused devices, features, and functionalities by both name and model number as well as by category and description, based on public information available to Headwater. And where names and model numbers were not publicly available, Headwater specifically identified "[s]ervers, hardware, software, and services leased, owned, supported, and/or operated by Verizon comprising Verizon's wireless network services functionality," citing to publicly available evidence from Verizon.com (and elsewhere). Headwater also included a chart for each asserted patent.

On December 21, 2023, Verizon produced documentation pursuant to P.R. 3-4, but only for device-side functionality. Verizon did not produce confidential documentation regarding network-side functionality identified in Headwater's '543 and '042 patent infringement contentions. Pursuant to various meet and confers between the parties, Headwater served amended infringement contentions on January 12, 2024. These amendments did not change the scope of Headwater's theories of infringement, but rather provided further explanation and clarification requested by Verizon.

With respect to the '543 and '042 patents covering additional network-side functionality,

2

Headwater's charts allege infringement because "Verizon offers telecommunications service plans to customers that are provided through various network elements such as telecommunications base stations and cell sites, edge servers, and other telecommunications servers. Verizon provides various network service plans to customers for purchase, including through the Verizon.com website as well as through Verizon-provided services such as its pre-paid mobile service category." *See, e.g.*, Dkt. 72-1, at 269. Headwater's infringement charts explain Verizon's infringement, citing to Verizon's website (and others) specifically identifying Verizon's "Plan[s]" (such as "Unlimited Plus" and "total by Verizon"), "Premium Streaming," and "Data Boost" functionality offered by Verizon, as well as "QCI Data Priority" levels and "PCO values" used by Verizon's network and end-user devices.

Headwater's amended contentions further identify Verizon network-side functionality by name—which Headwater was able to ascertain after a diligent review of Verizon's device-side documents produced less than one month earlier. Dkt. 73, at 4-5 (identifying "Servers, hardware, software, and services leased, owned, supported, and/or operated by Verizon comprising Verizon's wireless network services functionality, including but not limited to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, VZN- HW0174593, VZN-HW0177231, VZN-HW0173610, VZN-HW0169149.").

Throughout 2024, the parties have met and conferred and exchanged correspondence regarding Verizon's document and source code production in the ordinary course. For example, on January 11, 2024, Headwater sent a letter to Verizon identifying various deficiencies in Verizon's P.R. 3-4(a) document production. But even after Headwater served (at Verizon's request) its amended January 2024 infringement contentions, Verizon continued to refuse to produce any source code or technical documentation specifically relating to the server-side

3

functionality at issue for the '543 and '042 patents. Instead, Verizon has continued to produce device-side documents, which Headwater has reviewed during the normal course of discovery but which fail to show the operation of Verizon's network-side functionality. On June 11, 2024, Headwater also notified Verizon about deficiencies in its interrogatory responses, specifically Verizon's use of Federal Rule of Civil Procedure 33(d) to identify large bates ranges of documents without any narrative explanation. In response, Verizon continued to refuse to produce documents sufficient to show the operation of Verizon's network-side functionality. On June 12, 2024, Verizon sent a letter that complained about new supposed deficiencies in Headwater's infringement contentions—this time asserting, without explanation and for the first time, that even though Headwater had identified specific server-side functionality, "none of these newly accused elements appears anywhere in Headwater's claim charts." Dkt. 72-7, at 3. The parties held a lead-and-local meet and confer on Verizon's continuing refusal to produce network-side discovery and are at impasse.

### III.    ARGUMENT

#### A.    Headwater's P.R. 3-1 Contentions Accuse Verizon Network Servers and Server-Side Functionality of Infringement

Headwater's '543 and '042 patents claim inventions in the telecommunications space that specifically involve limitations and steps practiced by network system used in the provisioning of telecommunications service to mobile devices like cell phones.

For example, claim 1 of the '543 patent claims a "network service plan provisioning system communicatively coupled to a wireless end-user device over a wireless access network," where such network service plan provisioning system is required to perform steps such as: (1) "obtain and store a first service plan component and a second service plan component," where the two service plan components respectively comprise first and second "traffic classification filters," and

4

then (2) "process the first service plan component and the second service plan component to create a network provisioning instruction set in accordance with a prioritization of the first traffic classification filter over the second traffic classification filter." '543 patent, cl. 1.

Similarly, in the '042 patent, claim 1 requires a method comprising, among other steps, "receiving, over a service control link, a report from a wireless end-user device" and "sending configuration information to the wireless end-user device over the service control link." Neither the '543 or '042 patent is, as Verizon suggests, limited to the "device side" of how *end user mobile devices* are provisioned by servers providing connectivity over a telecommunication network. The '543 and '042 patents are directed specifically to network-side functionality and how and what those networks communicate with and to end-user devices.

### 1. January 2024: Headwater, at Verizon's Request, Identified the Verizon Server-Side Functionalities It Accused of Infringement

Verizon has no excuse for refusing to produce documents and source code for the server-side functionality at issue here. Earlier in this case, Verizon specifically asked Headwater to provide, under P.R. 3-1, more detail about what Headwater meant when it identified, in its September 29, 2023 infringement contentions, Verizon's "[s]ervers, hardware, software, and services leased, owned, supported, and/or operated by Verizon comprising Verizon's wireless network services functionality." Dkt. 72-2, at 1 (Nov. 1, 2023 Ltr. from Verizon to Headwater). Verizon asserted that "[n]o specific servers or other network hardware or software are identified" and "nor are any network elements mentioned or depicted in the charts." *Id.*

In response, Headwater—at Verizon's request and with its consent—served amended infringement contentions on January 12, 2024. In those amended contentions, Headwater identified, by model or function name, and with citations to Verizon's confidential technical document production, the servers and server-related functionality it was accusing for both the '543

5

and '042 patents:



Dkt. 72-5, at 4-5 (Headwater's January 12, 2024 Amended Infringement Contentions).

The terms ████████████████████████████████████ appear in Verizon's confidential technical documents describing device-side requirements for features accused of infringement here. The terms refer to specific functions performed by Verizon's servers in provisioning, controlling, and providing telecommunications service to mobile phones. For example, ████ means ██████████████████ which is a set of server-side functionality offered and performed by Verizon for controlling various aspects of a mobile device that is provisioned on the Verizon telecommunications network. *See, e.g.*, Ex. 1, at VZN-HW0177281. As another example, ████ means ██████████████████ which is a subset of device management features falling under Verizon's ████ umbrella. *See id.* at VZN-HW0177288. These are specific features Verizon provides with computer servers under its control. Not only did Headwater specifically identify them by name as infringing, it cited Verizon documents describing them.

### 2. January 2024 – June 2024: Verizon Identifies No Problems with Headwater's January 2024 Amended Infringement Contentions

When Headwater served its Amended Infringement Contentions on January 12, 2024 (again, specifically at Verizon's request), Headwater understood that to be the end of the matter. The case progressed for the next five months, during which the parties served and responded to discovery requests and produced relevant documents, with Headwater continuing to build its case from the discovery provided but finding over time that Verizon was withholding highly relevant

discovery materials. Notably, on March 19, 2024, Headwater filed an unopposed motion for leave to amend its infringement contentions, in order to ensure that its January 12, 2024 contentions were its operative P.R. 3-1 contentions. By this point, the last time Verizon had complained about Headwater's contentions in any substantive way was in November 1, 2023 (*see* Dkt. 72-2), which Headwater, with Verizon's assent, cured with its January 12, 2024-dated amended contentions.

Then, on June 12, 2024, Verizon sent a letter that complained about new supposed deficiencies in Headwater's infringement contentions. *See* Dkt. 72-7. In its letter, Verizon acknowledged that Headwater's identification of the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ server-side functionalities were responsive to Verizon's earlier complaints about how Headwater had mapped the Asserted Patents' server-side limitations. Nonetheless, Verizon continued to assert that those server-side functions were outside the scope of the case because "none of these newly accused elements appears anywhere in Headwater's claim charts." *Id.* at 3. And, in its recently-filed pending motion to strike Headwater's infringement contentions, Verizon says Headwater's contentions map only "general network-side technologies" in a "superficial and incomplete manner, without explaining how they meet each claim limitation." Dkt. 72, at 7.

First, as an initial matter, Verizon's current argument cannot be reconciled with its past assent to Headwater's January 12, 2024 amended contentions and its five months of silence following the service of those contentions. A "defendant cannot lay behind the log until late in the case and then claim that it lacks notice as to the scope of the case or the infringement contentions." *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 818 (E.D. Tex. 2006). Verizon should not be allowed to feign ignorance as a basis to continue refusing to produce any of its server-side source code and documentation – this is classic litigation-by-ambush prohibited by the Rules.

7

Second, Verizon's current argument cannot be reconciled with Headwater's infringement claim charts. That Headwater plainly disclosed and identified the use by Verizon of its servers in providing the server-side limitations of the '543 and '042 patents cannot be reasonably disputed. For example, Headwater asserts in its '042 patent claim chart, for claim 1[c], that:

> the Accused Instrumentalities specifically transmit traffic control-related instructions *to* mobile devices in the wireless access network based on type of traffic, type of subscriber plan, and priority levels for types of data and/or subscriber account type based on the Accused Instrumentalities' inspection of traffic to and from the device and the account associated with the device

Ex. 2, at 17-19 (emphasis added). This description clearly encompasses server-side device management functionality—which corresponds directly to the server-side functionality (such as ███████████████████████████) that Headwater identified, by name, in its January 12, 2024 contentions.

And, for the '543 patent, Headwater mapped claim limitation 1[e], which requires "process[ing] the first service plan component and the second service plan component to create a network provisioning instruction set in accordance with a prioritization of the first traffic classification filter over the second traffic classification filter," to how Verizon is able to offer different levels of telecommunications service on a per-subscriber basis—i.e., a given subscriber plan can have one particular priority level, entitling it priority to network access and high-speed data; another subscriber can have a lower priority level; yet another subscriber might purchase a "data boost" feature, which temporarily increases speed and data allotment for that subscriber's access to the Verizon network. *See, e.g.*, Ex. 3, at 18-22 ("the Accused Instrumentalities specifically transmit traffic control related instructions to mobile devices in the wireless access network based on type of traffic, type of subscriber plan, and priority levels for types of data and/or subscriber account type based on the Accused Instrumentalities' inspection of traffic to and from the device and the account associated with the device"). Subscriber-related features, including

8

features purchased by subscribers, are provided by Verizon through its servers using, among other things, Verizon's ███████████████████████ server-side functions:

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

Ex. 1, at VZN-HW0177461. This is not a generic mapping of "general network-side technologies" in a "superficial and incomplete manner," as Verizon alleges in its motion to strike. Headwater provided specific identification of the infringing features, including by name and with a fulsome narrative description.

### B. Verizon's Failure to Produce the Required Technical Information and Source Code Is Prejudicial and Without Justification

Having identified Verizon's infringement through performance of these claim elements, and Headwater is entitled to take discovery of technical documents and source code detailing the specific operations within the accused systems that perform the claimed functionality. Verizon has not meaningfully produced technical documentation relating to Verizon's server-side features, including those specifically identified by name in Headwater's contentions. Until its June 12, 2024 letter, Verizon raised no issues with Headwater's January 12, 2024 identification of the specific server-side functions as infringing the '543 and '042 patents.

Nor has Verizon articulated any burden it might believe it would have if forced to produce relevant source code and technical documentation. The features and functions Headwater accuses are a finite set. Verizon has already collected and produced relevant documentation for the *device-side* of the infringement theory, which is how Headwater was able to identify in the first place the confidential names of the server-side features it believed were involved in infringement.

The rules do not permit Verizon to curate its evidence. The Patent Rules require fulsome

9

and unedited discovery of technical documentation and source code so that Headwater can build, evaluate, and prove its case. Verizon's failure to produce the information in question violates the requirements of the local patent rules and this Court's Docket Control Order and Discovery Order. Verizon's failure to produce has substantially prejudiced Headwater in discovery and development of its case, including because months of discovery have passed.

## IV.  CONCLUSION

Headwater thus respectfully requests that the Court compel Verizon to immediately produce non-public technical documentation, including source code, for the accused server-side functionalities identified in Headwater's January 12, 2024 Infringement Contentions.

Dated: August 21, 2024

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
bwang@raklaw.com
Adam Hoffman
CA State Bar No. 218740
ahoffman@raklaw.com
Dale Chang
CA State Bar No. 248657
dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761

10

nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
pwang@raklaw.com
Amy Hayden
CA State Bar No. 287026
ahayden@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
jwietholter@raklaw.com
Qi Peter Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Fl.
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@wsfirm.com

***Attorneys for Plaintiff,***
***Headwater Research LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas under seal, and served counsel of record with a copy via electronic email.

/s/ Marc Fenster
Marc Fenster

## CERTIFICATE OF CONFERENCE

On August 1, 2024, counsel for Headwater, including Marc Fenster as lead counsel and Andrea Fair as local counsel, met and conferred with counsel for Verizon, including Kate Dominguez as lead counsel and Deron Dacus as local counsel. This followed a prior conference in which counsel for Headwater discussed the issues set forth in this motion with Verizon. The parties were unable to reach agreement and have reached an impasse, leaving an open issue for the Court to resolve. This motion is opposed by Verizon.

/s/ Marc Fenster
Marc Fenster