# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>CELLCO PARTNERSHIP, D/B/A VERIZON WIRELESS AND VERIZON CORPORATE SERVICES GROUP INC.,<br><br>*Defendants*. | Case No. 2:23-cv-00352-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF HEADWATER RESEARCH LLC'S UNOPPOSED MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS

Plaintiff Headwater Research LLC ("Headwater") respectfully seeks leave, pursuant to P.R. 3-6(b), to amend its infringement contentions for good cause. Defendants Cellco Partnership, d/b/a Verizon Wireless and Verizon Corporate Services Group Inc. (collectively, "Defendants" or "Verizon") do not oppose this motion.

This is Headwater's second request to amend its infringement contentions (*see* Dkt. 62, granting Headwater's first unopposed motion), and the proposed amendments do not change the scope of Headwater's infringement allegations. Instead, the proposed amendments were prepared to address concerns raised by Defendants and were provided to Defendants on August 7, 2024. The parties subsequently continued to confer about Headwater's amendments and Defendants' contemporaneous motion for leave to amend invalidity contentions and file an amended answer (*see* Dkt. 126). The parties do not oppose one another's amendments.

Headwater's proposed amendments include essentially two changes. First, Headwater added prefatory language to its charts addressing representative products and explaining that the

1

charted material applies across accused devices manufactured by a given OEM (e.g., that the charted material for the iPhone 15 Pro applies to the other accused Apple products sold by Defendants). Second, Headwater added further explanation of its existing theories of how certain dependent claims are met by the accused products. These amendments do not change the scope of Headwater's infringement contentions; they merely explain Headwater's infringement theories to address Defendants' requests for further clarity.[1]

Good cause exists for the proposed amendments, which were prepared in response to requests from Defendants. Defendants do not oppose the amendments.

## ARGUMENT

A party may amend or supplement infringement contentions "by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause…requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts apply the following four-factor test to determine whether good cause has been shown: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. Good cause exists here because all four factors weigh in favor of granting Headwater leave to amend.

### A. Headwater acted diligently and in good faith.

The proposed amendments originate from requests and feedback from Defendants. When Defendants raised concerns about representative products and Headwater's contentions as to

---

[1] Headwater's proposed amended infringement contentions were provided to Defendants long before Headwater's recent service of its Final Election of Asserted Claims under the Court's Order regarding case narrowing (Dkt. 68). For the avoidance of doubt, Headwater recognizes that its proposed amendments address certain previously asserted claims that are no longer asserted because they were not included in Headwater's Final Election.

2

certain dependent claims, Headwater met and conferred with Defendants on August 1, 2024 and explained why its existing infringement contentions were not deficient. Nonetheless, Headwater subsequently agreed to provide the requested additional detail in an effort to avoid unnecessary motion practice. Headwater provided the proposed amended infringement contention charts on August 7, 2024. After that time, the parties continued to confer about Headwater's amended contentions and about proposed amended invalidity contentions and a proposed amended answer prepared by Defendants. Ultimately, the parties confirmed that they would not oppose one another's amendments. *See* Dkt. 126 (Defendants' unopposed motion for leave). Headwater acted diligently and in good faith to address Defendants' concerns with the proposed amendments.

### B.     Defendants prompted the amendments and will not be prejudiced by them.

Defendants do not oppose this motion and will not be prejudiced by the proposed amendments. The first change made by the proposed amendments (i.e., addressing representative products) does not change the scope of Headwater's infringement contentions. It merely further explains why citations regarding a specific accused products in Headwater's claim chart for a given OEM (e.g., Apple, Samsung, Motorola) applies to other products manufactured by the same OEM, including because accused features are implemented in operating system software that is run by multiple products manufactured by a given OEM. Headwater's second change under the proposed amendments merely provides additional explanation as to why certain dependent claims infringe. While Headwater's prior contentions addressed these same dependent claims and, in some cases, referred back to relevant analysis and evidence provided for claims addressed earlier in the same chart, the proposed amendments further explain what aspects of such earlier analysis and evidence are especially relevant to certain dependent claims. These are not new theories and cannot be prejudicial. Defendants have also been aware of Headwater's proposed amendments since August

7, 2024 when they were provided copies of the proposed amended charts, long before any depositions were taken and over months before the close of fact discovery—leaving ample time for Defendants to consider Headwater's amended contentions. *See Ax Wireless, LLC v. HP, Inc.*, No. 2:22-cv-0279-JRG-RSP, Dkt. No. 99, at *4-5 (E.D. Tex. Dec. 11, 2023) (prejudice is minimal when amending contentions four months before the close of fact discovery). The parties continued to confer after that time about the proposed amendments of both Headwater and Defendants, but Defendants have long been aware of Headwater's amendments. Thus, Defendants will not be prejudiced by the proposed amendments.

### C. The proposed amendments are important, in light of Defendants' feedback.

Because the proposed amendments were prompted by Defendants, they are important. The first change made by the proposed amendments (i.e., addressing representative products) does not change the scope of Headwater's contentions but was made to address Defendants' concerns because, presumably, the change was important to Defendants. The second change is also important because, although Headwater maintains that its original contentions sufficiently disclosed infringement theories for dependent claims, Defendants believed that they were not sufficiently clear. It is important that the parties avoid any disagreement about the fundamental scope of this case, so Headwater's proposed amendments are important because they clarify why the full scope of accused products and asserted claims are alleged to be infringing.

### D. No continuance is necessary

No continuance is needed. Because the proposed amendments do not change the scope of Headwater's infringement theories and were prepared to address Defendants' concerns, there is no prejudice and nothing to cure with a continuance. Where no continuance is sought, this factor weighs in favor of leave to amend. *E.g.*, *Arigna Tech. Ltd. v. Volkswagen AG*, No. 2:21-CV-00054-

JRG-RSP, 2022 WL 2761288, at *3 (E.D. Tex. Jan. 19, 2022).

## CONCLUSION

Accordingly, Plaintiff Headwater respectfully requests that the Court grant its Unopposed Motion for Leave to Amend Infringement Contentions.

Dated:   December 27, 2024

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Adam Hoffman
CA State Bar No. 218740
Email: ahoffman@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239

Email: pwang@raklaw.com
Amy Hayden
CA State Bar No. 287026
Email: ahayden@raklaw.com
Ryan Lundquist
CO State Bar No. 56449
Email: rlundquist@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
Qi (Peter) Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
TX State No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 27, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

*/s/ Marc Fenster*
Marc Fenster

## **CERTIFICATE OF CONFERENCE**

On December 11, 2024, counsel for Verizon, with Kate Dominguez as lead counsel and Deron Dacus as local counsel, met and conferred with counsel for Headwater, with Marc Fenster as lead counsel and Andrea Fair as local counsel. This motion is unopposed.

*/s/ Marc Fenster*
Marc Fenster
