# Exhibit T

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § § § | **HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY** |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-cv-00352-JRG-RSP |
| CELLCO PARTNERSHIP, D/B/A VERIZON WIRELESS AND VERIZON CORPORATE SERVICES GROUP INC. | § § § § § | |
| *Defendants*. | § | |

---

### EXPERT REPORT OF KEVIN JEFFAY, Ph.D. REGARDING INVALIDITY OF U.S. PATENT NOS. 8,589,541 and 9,215,613

---

Dated: January 29, 2025

Respectfully submitted,

*/s/ Kevin Jeffay/*

Kevin Jeffay, Ph.D.

### B. Summary of the Prosecution History

117. The original claims were rejected. VZN-HW0195934, 192-214, 579-84. The applicant rewrote independent claim 1 and added 173 new dependent claims. *Id.*, 647-701. With an Examiner's amendment, the Examiner allowed all 174 claims. *Id.*, 744-56.

### C. Summary of Prior IPR Proceedings

118. I understand that Verizon filed petitions for *Inter Partes Review* (IPR) on all the Asserted Patents, the status of which varies by patent. I understand that the IPR petitions assert invalidity grounds that are separate and distinct from any of the invalidity theories set forth in this Report, although certain printed publications used in the IPRs may be used as a secondary reference in this Report. Headwater has disclaimed numerous claims during the pendency of IPR petitions filed against that patent, *i.e.*, claims 1, 24-25, 27-40, 61-62, 65-78, 80-82, 84-90, 153-154, and/or 172-174 of the '541 Patent. Statutory Disclaimer, 1. I understand that the disclaimed claims are treated as if they never existed. I understand that as of the filing date of this Report, the status of the IPR petitions is as follows:

| Patent No. | IPR Case No. | Challenged Claims | Filing Date | Institution Status |
|---|---|---|---|---|
| U.S. Patent No. 8,589,541 | IPR2024-00942 | 1-23, 26, 41-60, 63-64, 155-157, and 160-171 | 6/17/2024 | Granted |
| U.S. Patent No. 8,589,541 | IPR2024-00943 | 1, 91-152, and 158-159 | 6/17/2024 | Granted |
| U.S. Patent No. 8,589,541 | IPR2024-00944 | 1, 24-25, 27-40, 61-62, 65-90, 153-154, and 172-174 | 6/17/2024 | Denied |

### D. Priority Date

119. I understand that Headwater contends the Asserted Patents are entitled to a priority date of May 25, 2010. *See* 2024-11-20 Headwater 3rd Supp Objs-Resps to Verizon 2nd Set ROGs ("Headwater presently contends that the '613 and '541 Patents are entitled to a priority date no

later than May 25, 2010."). Thus, for purposes of performing my analysis in this Report, I have used Headwater's offered date of May 25, 2010. I reserve the right to revise my opinions should Headwater later attempt to rely on an earlier priority date.

### E. Asserted Claims

120. I understand that Headwater accuses the Defendants of infringing Claims 79 and 83, which depend from Claim 1.[39] These Claims are listed below.

**Claim 1:** A non-transitory computer-readable storage medium storing machine-executable instructions that, when executed by one or more processors of a wireless end-user device, cause the one or more processors to:

> **Element 1[a]:** identify a service usage activity of the wireless end-user device, the service usage activity being associated with a first software component of a plurality of software components on the wireless end-user device, the service usage activity comprising one or more prospective or successful communications over a wireless network;
>
> **Element 1[b]** determine whether the service usage activity comprises a background activity;
>
> **Element 1[c]:** determine at least an aspect of a policy based on a user input obtained through a user interface of the wireless end-user device or based on information from a network element, the policy to be applied if the service usage activity is the background activity, the policy at least for controlling the service usage activity; and
>
> **Element 1[d]:** if it is determined that the service usage activity is the background activity, apply the policy.

**Claim 79:** The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in intercepting a stack application programming interface (API) level or application messaging layer request.

**Claim 83:** The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in intercepting, modifying, blocking, removing, injecting, swapping, or replacing an application interface message.

---

[39] Claim 1 of the '541 Patent was disclaimed by Headwater.

48