# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS and VERIZON CORPORATE SERVICES GROUP, INC.,<br><br>*Defendants*. | Civil Action No. 2:23-cv-00352-JRG-RSP |

**VERIZON'S [PROPOSED] SIXTH MOTION IN LIMINE**

## TABLE OF CONTENTS

MIL No. 6.   Plaintiff shall not present evidence, testimony, or argument that Defendants' fact witnesses have not read the patents-in-suit or formed opinions regarding the patents-in-suit unless the witnesses were designated on such topics; and shall not present any argument, evidence, or testimony suggesting that a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic. ..........................................1

## TABLE OF EXHIBITS

| Ex. | Description |
|---|---|
| 1 | Email exchange between Headwater and Defendants regarding proposed sixth motion *in limine*. |

Defendants respectfully submit the following motion *in limine*.

**MIL No. 6.    Plaintiff shall not present evidence, testimony, or argument that Defendants' fact witnesses have not read the patents-in-suit or formed opinions regarding the patents-in-suit unless the witnesses were designated on such topics; and shall not present any argument, evidence, or testimony suggesting that a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic.**

This requested MIL should not be disputed.  The Court *already entered* this precise motion *in limine* against Headwater in the first *Samsung* case, *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:22-CV-422-JRG-RSP, Dkt. No. 350 at 4 (E.D. Tex. July 8, 2024) (changing "Samsung" to "Defendants").  Similar MILs have been adopted in other cases.  *See*, *e.g.*, *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-CV-00463-JRG, Dkt. No. 432 at 12 (E.D. Tex. Apr. 5, 2023); *Data Treasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72-DF, Dkt. No. 2392 at 48-49 (E.D. Tex. Oct. 5, 2010).  For the same reasons the MIL was adopted in *Samsung*, it should be entered here.

During the meet and confer process, Headwater agreed in substance to the foregoing language, but it insisted on caveats, several of which Defendants were willing to accommodate.  In particular, Headwater requested, and Defendants were willing to agree, that (1) Plaintiff is permitted to confirm that a fact witness is not testifying as an expert in his or her direct testimony, (2) Plaintiff is permitted to confirm with a fact witness that their role in the trial is not to provide expert opinions about the patents-in-suit, and, (3) other than that prohibited by the MIL, the prohibition does not prevent a party from questioning an opposing party's corporate representative to the extent otherwise permissible.  Ex. 1.

Headwater nonetheless insisted on further caveats that would prejudice or confuse the jury, and that are not appropriate.  *Id.*  First, Headwater insisted that it be "permitted to confirm that a fact witness is . . . not applying claim language in his or her direct testimony." *Id.*  This limitation is highly confusing and prejudicial—a fact witness should not be cross examined about the

1

meaning of "claim language" at all. Moreover, fact witnesses may testify about the functionality of products within their personal knowledge, even if the ordinary description of that functionality happens to use words that also appear in a claim (words which may also be used in the field as a whole). Headwater can ask a fact witness what they meant by their use of a word, but Headwater should not ask a fact witness about the meaning or application of claim language.

Second, Headwater insisted on a carve-out that would give Headwater carte blanche to ask a witness questions about a party's positions taken in the litigation and at trial, even if those questions go to, for example, legal positions not within the knowledge of a fact witness. *Id.* To preemptively allow all such questions is not appropriate—whether such questions are permissible should be governed by the relevant MILs and any objections made at trial. *Id.* As indicated above, Defendants have already agreed that, other than the prohibition set forth in the MIL, it does not preclude any questioning that would otherwise be proper.

Accordingly, Defendants respectfully request that the Court grant the motion *in limine*.

| | |
|---|---|
| Dated:  May 1, 2025 | By:  */s/ Josh A. Krevitt*<br>Josh A. Krevitt<br>jkrevitt@gibsondunn.com<br>Katherine Q. Dominguez<br>kdominguez@gibsondunn.com<br>Brian A. Rosenthal<br>brosenthal@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>200 Park Avenue<br>New York, NY  10166-0193<br>Telephone:  212.351.4000<br>Facsimile:  212.351.4035<br><br>Robert Vincent<br>rvincent@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201 |

Telephone: 214.698.3112
Facsimile: 214.571.2910

Andrew W. Robb (CA Bar No. 291438)
arobb@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5334
Facsimile: 650.849.5034

Michelle Zhu
mzhu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.777.9413
Fax: 202.831.6063

Celine Crowson (D.C. Bar No. 0436549A)
**Hogan Lovells**
555 13th St NW,
Washington, D.C. 20004
Telephone: 202-637-5600
celine.crowson@hoganlovells.com

Tej Singh (California Bar No. 286547)
Yi Zhang (California Bar No. 342823)
Kyle Xu (California Bar No. 344100)
**Hogan Lovells**
4 Embarcadero Center Suite 3500
San Francisco, CA 94111
Telephone: 415-374-2300
tej.singh@hoganlovells.com
yi.zhang@hoganlovells.com
kyle.xu@hoganlovells.com

Deron R. Dacus (TX Bar No. 00790553)
**THE DACUS FIRM, P.C**.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Email: ddacus@dacusfirm.com

*Attorneys for Verizon*

3

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on May 1, 2025.

/s/ *Josh A. Krevitt*
Josh A. Krevitt

## CERTIFICATE OF CONFERENCE

I hereby certify that pursuant to Local Rules CV-7(h) and (i), counsel for Defendants conferred with counsel for Plaintiff regarding this Motion. Counsel for Plaintiff indicated that they oppose the relief sought herein.

/s/ *Josh A. Krevitt*
Josh A. Krevitt