| | |
|---|---|
| **From:** | Kristopher Davis <kdavis@raklaw.com> |
| **Sent:** | Thursday, May 1, 2025 11:08 PM |
| **To:** | Robb, Andrew |
| **Cc:** | Bedard, Hannah L.; headwater@raklaw.com; Cc: rak_headwater@raklaw.com; *** GDCTMO-Headwater; HLTMO Headwater; melissa@gillamsmithlaw.com; Tom Gorham; *** GDCVerizon-Headwater |
| **Subject:** | Re: Headwater v. TMO (23-cv-379): T-Mobile's list of motions in limine & Verizon |

**This Message Is From an External Sender**
This message came from outside your organization.

Andrew,

Headwater does not agree to those changes. With respect to the first paragraph, what is the concern with us confirming on cross that a witness was not applying claim language in their direct testimony? For example, if a VZW/TMO fact witness testifies about whether something is "interacting," we should be able to confirm with that witness that they were not applying the "interacting" term appearing in the claim language.

With respect to the second paragraph, we agreed to add the last sentence about not circumventing the standing MILs to address your concern that our "However" sentence might be perceived as superseding a Court MIL. But you've removed all meaning from the preceding sentence (i.e., what used to be our "However" sentence) so that it now just says, in a lot of words, that we can question corporate reps except as prohibited by the first sentence—which is already the case anyway. In other words, it seems like you've effectively removed our "However" qualifier, replaced it with something that is meaningless if not confusing, and then kept in the non-circumvention sentence that we only added to address your concerns about the "However" sentence. We don't see that as a compromise, but please let us know if we are misunderstanding what you've written. For reference, below is a redline:

1

> Plaintiff shall not present evidence, testimony, or argument that Defendants' fact witnesses have not read the patents-in-suit or formed opinions regarding the patents-in-suit, unless the witnesses were designated on such topics. However, Plaintiff is permitted to confirm that a fact witness is not testifying as an expert ~~and was not applying claim language~~ in his or her direct testimony. Plaintiff is also permitted to confirm with a fact witness that their role in the trial is not to provide expert opinions about the patents-in-suit.
>
> In addition, the parties shall not present any argument, evidence, or testimony suggesting that an opposing party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic. ~~However, a party is permitted to~~ <ins>For clarity, other than the foregoing limitation, this prohibition does not prevent a party from</ins> question~~the~~<ins>ing an</ins> opposing party's corporate representative ~~at trial regarding that opposing party's positions taken in the litigation and at trial. Fo~~<ins>to the extent otherwise permissible. For furthe</ins>r clarity, this MIL is not intended to circumvent the MILs set forth in the Court's Standing Order on Motions in Limine.

Regards,
Kris

Kristopher Davis
**Russ August & Kabat**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
kdavis@raklaw.com

> On May 1, 2025, at 7:07 PM, Robb, Andrew <ARobb@gibsondunn.com> wrote:
>
> Counsel – we can agree to the following language, which is modified from your version. Please let us know promptly.
>
> ***************
>
> Plaintiff shall not present evidence, testimony, or argument that Defendants' fact witnesses have not read the patents-in-suit or formed opinions regarding the patents-in-suit, unless the witnesses were designated on such topics. However, Plaintiff is permitted to confirm that a fact witness is not testifying as an expert in his or her direct testimony. Plaintiff is also permitted to confirm with a fact witness that their role in the trial is not to provide expert opinions about the patents-in-suit.
>
> In addition, the parties shall not present any argument, evidence, or testimony suggesting that an opposing party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said

representative was previously designated as a 30(b)(6) witness on said topic. For clarity, other than the foregoing limitation, this prohibition does not prevent a party from questioning an opposing party's corporate representative to the extent otherwise permissible. For further clarity, this MIL is not intended to circumvent the MILs set forth in the Court's Standing Order on Motions *in Limine*.

**Andrew Robb**
Partner

T: +1 650.849.5334 | M: +1 408.960.9187
ARobb@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
310 University Avenue, Palo Alto, CA 94301-1744

---

**From:** Kristopher Davis <kdavis@raklaw.com>
**Sent:** Thursday, May 1, 2025 5:36 PM
**To:** Bedard, Hannah L. <HBedard@gibsondunn.com>
**Cc:** Robb, Andrew <ARobb@gibsondunn.com>; headwater@raklaw.com; Cc: rak_headwater@raklaw.com <rak_headwater@raklaw.com>; *** GDCTMO-Headwater <GDCTMO-Headwater@gibsondunn.com>; HLTMO Headwater <hltmoheadwater@hoganlovells.com>; melissa@gillamsmithlaw.com; Tom Gorham <tom@gillamsmithlaw.com>; *** GDCVerizon-Headwater <GDCVerizon-Headwater@gibsondunn.com>
**Subject:** Re: Headwater v. TMO (23-cv-379): T-Mobile's list of motions in limine & Verizon

Hannah,

Following up on our call, we can agree to the following revised language in relation to your proposed MIL 6:

> Plaintiff shall not present evidence, testimony, or argument that Defendants' fact witnesses have not read the patents-in-suit or formed opinions regarding the patents-in-suit, unless the witnesses were designated on such topics. However, Plaintiff is permitted to confirm that a fact witness is not testifying as an expert and was not applying claim language in his or her direct testimony. Plaintiff is also permitted to confirm with a fact witness that their role in the trial is not to provide expert opinions about the patents-in-suit.
>
> In addition, the parties shall not present any argument, evidence, or testimony suggesting that an opposing party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic. However, a party is permitted to question the opposing party's corporate representative at trial regarding that opposing party's positions taken in the litigation and at trial. For clarity, this MIL is not intended to circumvent the MILs set forth in the Court's Standing Order on Motions *in Limine*.

Regards,
Kris

Kristopher Davis
**Russ August & Kabat**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
kdavis@raklaw.com

> On May 1, 2025, at 4:06 PM, Kristopher Davis <kdavis@raklaw.com> wrote:
>
> Hannah,
>
> We disagree. Your MIL 6 was disclosed to us on Tuesday morning, just before our M&C. We told you yesterday (Wednesday) what we were willing to agree to. As is plain from what we wrote, the language we would agree to stems from the 422 case but adds certain qualifiers that we included based on our experience in the Headwater cases. You can reach me at 708-829-3199 to confer, and we expect to oppose your proposed motion for leave to file a sixth MIL.
>
> Regards,
> Kris
>
> Kristopher Davis
> **Russ August & Kabat**
> 12424 Wilshire Boulevard, 12th Floor
> Los Angeles, CA 90025
> (310) 826-7474
> kdavis@raklaw.com
>
>> On May 1, 2025, at 3:52 PM, Bedard, Hannah L. <HBedard@gibsondunn.com> wrote:
>>
>> Counsel,

4

We believe your refusal to agree to the cross-examination MIL that comes directly from the Court's order in the *Samsung I* case is unreasonable. Given that and the fact that Headwater waited until close of business the day of filing to inform Defendants, Defendants will need to file a motion for leave to file a sixth motion in limine. Please provide Headwater's availability to confer **tonight**.

Thanks,
Hannah

**Hannah L. Bedard**
Associate Attorney

T: +1 202.777.9579
HBedard@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, D.C. 20036-5306

---

**From:** Kristopher Davis <kdavis@raklaw.com>
**Sent:** Thursday, May 1, 2025 6:14 PM
**To:** Robb, Andrew <ARobb@gibsondunn.com>
**Cc:** Bedard, Hannah L. <HBedard@gibsondunn.com>; headwater@raklaw.com;
Cc: rak_headwater@raklaw.com <rak_headwater@raklaw.com>; *** GDCTMO-Headwater <GDCTMO-Headwater@gibsondunn.com>; HLTMO Headwater <hltmoheadwater@hoganlovells.com>; melissa@gillamsmithlaw.com; Tom Gorham <tom@gillamsmithlaw.com>; *** GDCVerizon-Headwater <GDCVerizon-Headwater@gibsondunn.com>
**Subject:** Re: Headwater v. TMO (23-cv-379): T-Mobile's list of motions in limine & Verizon

Andrew,

Thanks for confirming on the narrowed exhibit list exchange.

On the cross-examination MIL, Headwater does not agree. We believe the qualifiers we added are necessary and reasonable. If you have any counterproposal beyond just the language from the Samsung order, we are happy to consider it.

On our MIL about prior work by experts, we are willing to make our proposed MIL bilateral but do not agree to your proposed addition (i.e., to exclude questioning about experts' prior work for the client). If VZW/TMO will nonetheless agree if we make that bilateral but do not include your proposed addition, please let us know.

Regards,
Kris

Kristopher Davis
**Russ August & Kabat**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
kdavis@raklaw.com

On May 1, 2025, at 9:29 AM, Robb, Andrew <ARobb@gibsondunn.com> wrote:

Counsel –

To address a few MIL and exhibit-related issues:

On the cross-examination MIL, the language of the agreement should match what was ordered in *Samsung*: "Plaintiff shall not present evidence, testimony, or argument that [Defendant's] fact witnesses have not read the patents-in-suit or formed opinions regarding the patents-in-suit unless the witnesses were designated on such topics; and shall not present any argument, evidence, or testimony suggesting that a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic."

There are multiple issues with Headwater's formulation, which deviates from this ordered MIL, including use of the word "should," and the carve-out for cross-examining a witness on the company's prior litigation positions, which can run afoul of the Court's standing MILs. Please confirm that Headwater will agree to the MIL language as articulated above.

On the call, you also proposed a MIL that would prohibit Defendants from eliciting on cross

examination any of Headwater's expert's prior work with RAK.  We can agree to this MIL as long as it is broadened in two respects:  first, it should be bilateral, i.e., it would prohibit either side from eliciting this sort of testimony, and second, it should prohibit cross-examination both of an expert's prior work with the law firm and with the client.  Please confirm.

Finally, as to exhibit narrowing, as discussed on the call, we believe that an earlier and narrower exchange will be more efficient, e.g., 125 exhibits by Monday, but in the interest of compromise, we will agree to Headwater's proposal of 150 exhibits by Tuesday.  This agreement is based on the understanding that the parties will work expeditiously thereafter to narrow objections and reasonably move non-objectionable exhibits to the joint list.

**Andrew Robb**
Partner

T: +1 650.849.5334 | M: +1 408.960.9187
ARobb@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
310 University Avenue, Palo Alto, CA 94301-1744

---

**From:** Kristopher Davis <kdavis@raklaw.com>
**Sent:** Wednesday, April 30, 2025 3:21 PM
**To:** Bedard, Hannah L. <HBedard@gibsondunn.com>
**Cc:** headwater@raklaw.com;
**Cc:** rak_headwater@raklaw.com <rak_headwater@raklaw.com>; *** GDCTMO-Headwater <GDCTMO-Headwater@gibsondunn.com>; HLTMO Headwater <hltmoheadwater@hoganlovells.com>; melissa@gillamsmithlaw.com; Tom Gorham <tom@gillamsmithlaw.com>
**Subject:** Re: Headwater v. TMO (23-cv-379): T-Mobile's list of motions in limine

Hannah,

Following up on our M&C, Headwater proposes that the parties exchange updated lists of no more than 150 exhibits on Tuesday, May 6. Please let us know whether you agree. Also,

7

Headwater can agree to the following with respect to your MIL 6:

> Plaintiff shall not present evidence, testimony, or argument that Defendants' fact witnesses should have read the patents-in-suit or formed opinions regarding the patents-in-suit, unless the witnesses were designated on such topics. However, Plaintiff is permitted to confirm that a fact witness is not testifying as an expert and was not applying claim language in his or her direct testimony.
>
> In addition, the parties shall not present any argument, evidence, or testimony suggesting that an opposing party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic. However, a party is permitted to question the opposing party's corporate representative at trial regarding that opposing party's positions taken in the litigation and at trial.

Regards,
Kris

Kristopher Davis
**Russ August & Kabat**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
kdavis@raklaw.com

On Apr 29, 2025, at 7:30 AM, Bedard, Hannah L. <HBedard@gibsondunn.com> wrote:

Counsel,

Below please find T-Mobile's current list of motions in limine for discussion today.  We reserve all rights to modify this list, including based on the parties' meet and confer.

1. No argument or evidence that any ItsOn information, prototype, or software embodied the asserted patents
2. No argument or evidence that any ItsOn information, prototype, or software was copied by T-Mobile, Sprint, or a third party
3. No argument or evidence regarding ItsOn or its communications or prior relationship with Sprint, unless to rebut anything Defendants introduce on the same subject
4. No Argument, Evidence, or Suggestion Regarding Samsung Roaming Reduction or Sprint's Termination of Its Relationship with ItsOn
5. No argument or evidence regarding irrelevant and prejudicial figures that risk skewing the damages horizon
6. No argument or evidence that Defendants' fact witnesses or corporate representatives lack knowledge that is outside

their personal knowledge or assigned 30(b)(6) topics

Best,
Hannah


**Hannah L. Bedard**
Associate Attorney

T: +1 202.777.9579
HBedard@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, D.C. 20036-5306

---

**From:** Bedard, Hannah L.
**Sent:** Monday, April 28, 2025 3:01 PM
**To:** 'headwater@raklaw.com' <headwater@raklaw.com>;
Cc: rak_headwater@raklaw.com <rak_headwater@raklaw.com>
**Cc:** *** GDCTMO-Headwater <GDCTMO-Headwater@gibsondunn.com>; HLTMO Headwater <hltmoheadwater@hoganlovells.com>; melissa@gillamsmithlaw.com; Tom Gorham <tom@gillamsmithlaw.com>
**Subject:** Headwater v. TMO (23-cv-379): T-Mobile's list of motions in limine

Counsel,

Below please find T-Mobile's current list of motions in limine. We reserve all rights to modify this list, including based on the parties' meet and confer tomorrow.

1. No argument or evidence that any ItsOn information, prototype, or software embodied the asserted patents
2. No argument or evidence that any ItsOn information, prototype, or software was

   copied by T-Mobile, Sprint, or a third party
3. No argument or evidence regarding ItsOn or its communications or prior relationship with Sprint, unless to rebut anything Defendants introduce on the same subject
4. No Argument, Evidence, or Suggestion Regarding Samsung Roaming Reduction or Sprint's Termination of Its Relationship with ItsOn
5. No argument or evidence regarding irrelevant and prejudicial figures that risk skewing the damages horizon

In addition to discussing these motions on our meet and confer tomorrow, we can also discuss a solution for getting the exhibit lists narrowed to a reasonable number in advance of the pre-trial conference, given the tight limitations on trial exhibits.

Best,
Hannah

**Hannah L. Bedard**
Associate Attorney

T: +1 202.777.9579
HBedard@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, D.C. 20036-5306

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then

immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.