# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> CELLCO PARTNERSHIP, D/B/A VERIZON WIRELESS, and VERIZON CORPORATE SERVICES GROUP INC., <br><br> *Defendants*. | Case No. 2:23-cv-00352-JRG-RSP <br><br> JURY TRIAL DEMANDED |

**HEADWATER'S SUR-REPLY TO DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS THAT THE ASSERTED CLAIMS OF THE '541 AND '613 PATENTS ARE PATENT-INELIGIBLE UNDER § 101**

Headwater submitted a 22-page opposition regarding the patent-eligibility of the '541 and '613 patents. Defendants' reply is *one page* and a few conclusory sentences. Defendants do not—because they cannot—address the arguments, evidence, and caselaw in Headwater's opposition. Accordingly, there is no basis for granting judgment on the pleadings. The Court should deny Defendants' motion on the merits and simplify issues for three upcoming trials. The Court should find that the asserted claims of the '541 and '613 patents are patent-eligible as a matter of law.

The Court need not go beyond *Alice* Step One. Defendants assert that seven asserted claims across two patents are directed to the same abstract idea: "selectively managing communications." Reply at 1. This is materially wrong, strips out most of the claim language, and ignores the patents' claimed advances. It even omits concepts apparent from the *title* of the two patents. *See* '541 patent ("**Device-assisted** services for *protecting network capacity*"); '613 patent ("**Wireless end-user device** with *differential traffic control policy list having limited user control*.").

As Headwater explained, the asserted claims of the '541 and '613 patents describe device-centric solutions for protecting network capacity that improve the performance and operation of wireless end-user devices and the wireless networks with which they communicate. Each asserted claim is "directed to" specific improvements and combinations, as reflected in the claim language and set forth in the opposition. Opp'n at 10 (claims 79 and 83 of '541 patent); *id.* at 17–18 (claim 1 of '613 patent); *id.* at 20 (claims 12, 15–16, 18 of '613 patent). Under any reasonable description, the focus of the claimed advance is on a solution to problems specifically arising with wireless end-user devices and wireless networks. The claims are eligible as a matter of law.

\* \* \*

Defendants' one-page reply amounts to forfeiture and confirms the motion should be denied. The Court should find eligibility under Step One and simplify issues for trial.

Dated: May 1, 2025                  Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Dale Chang
CA State Bar No. 248567
Jason M. Wietholter
CA State Bar No. 337139
Matthew Aichele
VA State Bar no. 77821
Adam S. Hoffman
CA State Bar No. 218740
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Andrea L. Fair
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

*Attorneys for Plaintiff*
*Headwater Research LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

*/s/ Marc Fenster*
Marc Fenster
