**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS and VERIZON CORPORATE SERVICES GROUP, INC.,<br>Defendants. | Case No. 2:23-cv-00352-JRG-RSP<br><br>**LEAD CASE** |

**HEADWATER'S SUR-REPLY IN OPPOSITION TO VERIZON'S MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT FOR THE '042 PATENT**

I.   **INTRODUCTION**

Verizon's reply repeats the same meritless arguments in its opening brief. They are wrong for the reasons in Headwater's opposition. The motion should be denied.

II.   **ARGUMENT**

A.   **Verizon's Network Receives the Claimed "Report"**

The Attach Request and PDN Connectivity Request messages provide the claimed report. The fact that the names of these messages contain the word "request" does not somehow preclude them from providing information that constitutes the claimed report under Court's construction. Put simply, these messages convey information that tell the network that the device, at that moment in time, is configured to receive a new PCO value in the FF00H container and is ready to enforce the associated traffic control policy. *See* Opp. at 1-2.

B.   **Verizon's Network "Determines, Based on the Report" that a Setting "Needs to Be Modified"**

Verizon's DAS implementation shows its network determines that a service policy setting needs to be modified based on the report discussed above. *See* Opp. at 3-4. The network examines the reported device service state information and based on that information, selects a PCO value to send to the device. *See* Opp. Ex. D 31:23-32:1 ("The network would assign the [PCO] value, depending on what the device is asking.").

Verizon injects a requirement that the UE must report its currently stored PCO value for the network to "consider" it. But nothing in the claims or the Court's construction imposes any such requirement. The determination can be made from any state information in the report. Verizon's DAS system uses PCO values to actively manage and, when necessary, refresh the traffic-control policy stored on each device. A modification occurs whenever the network decides to push a new PCO value—regardless of whether that value differs from, or is identical to, the one

1

already on the device—because the write operation overwrites (and thus updates) the device's setting based on its current service state. *See* Opp. at 4.

Verizon relies on a straw-man requirement (real-time value comparison) and ignores the core functionality of its PCO-based DAS. The undisputed evidence satisfies every element of the asserted claims, or at minimum raises triable issues of fact that preclude summary judgment.

### III. CONCLUSION

For the reasons above and in Headwater's opposition, Verizon's motion should be denied.

Dated: May 7, 2025

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
Reza Mirzaie
Brian Ledahl
Ben Wang
Dale Chang
Kristopher Davis
James S. Tsuei
Philip Wang
Jason M. Wietholter
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Andrea L. Fair
TX State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,**
**Headwater Research LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document is being served through CM/ECF on May 7, 2025.

                                                */s/ Marc Fenster*
                                                Marc Fenster