# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP, D/B/A VERIZON WIRELESS, and VERIZON CORPORATE SERVICES GROUP INC.,<br><br>Defendants. | Case No. 2:23-cv-00352-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S OPPOSITION TO DEFENDANTS' PROPOSED SIXTH MOTION *IN LIMINE***

Defendants' proposed MIL #6 is not necessary or warranted here. Nonetheless, Headwater recognizes that this Court previously entered proposed MIL #6 in Case No. 2:22-cv-00422-JRG-RSP ("the 422 Action") and may be inclined to enter such an order here. If that is the case, Headwater respectfully requests that it include the clarifications highlighted in yellow below:

| Defendants' Proposed MIL #6 | With Headwater's Requested Clarifications |
|---|---|
| Plaintiff shall not present evidence, testimony, or argument that Defendants' fact witnesses have not read the patents-in-suit or formed opinions regarding the patents-in-suit unless the witnesses were designated on such topics; and shall not present any argument, evidence, or testimony suggesting that a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic. | Plaintiff shall not present evidence, testimony, or argument that Defendants' fact witnesses have not read the patents-in-suit or formed opinions regarding the patents-in-suit unless the witnesses were designated on such topics. ==However, Plaintiff is permitted to confirm that a fact witness is not testifying as an expert and was not applying claim language in his or her direct testimony. Plaintiff is also permitted to confirm with a fact witness that their role in the trial is not to provide expert opinions about the patents-in-suit.== <br><br> In addition, the parties shall not present any argument, evidence, or testimony suggesting that a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic. ==However, a party is permitted to question the opposing party's corporate representative at trial regarding that opposing party's positions taken in the litigation and at trial. For clarity, this MIL is not intended to circumvent the MILs set forth in the Court's Standing Order on Motions *in Limine*.== |

With respect to the first clarification, Defendants agreed to nearly all of this language (as proposed MIL #6 acknowledges), but Defendants refused to agree that Headwater could confirm with a fact witness on cross-examination that there were not applying claim language in their direct testimony. This should be non-controversial, and Defendants' refusal to concede this validates Headwater's concern. As an example, "interacting" is a key claim term, and if Defendants' fact

1

witness testifies on direct about whether something is "interacting," Headwater should be allowed to confirm with that witness that they were not applying the "interacting" term that appears in the claim language. Headwater explained this concern to Defendants, explained that this was an issue in the 422 Action, provided this specific example with "interacting," and directly asked Defendants in writing "what is the concern with us confirming on cross that a witness was not applying claim language in their direct testimony?" Defendants declined to answer the question, and their explanation now in MIL #6 suggests that Defendants believe their witnesses should be allowed to testify freely using claim language, so long as it is part of an "ordinary description" or "used in the field as a whole." There is no way to police something so nebulous. And notably, Headwater's proposed clarification would not allow Headwater to convey to the jury that Defendants' witness *should* have read the asserted patents and that failing to do so indicates Defendants or the witness did something improper, which seemed to be the concern motivating entry of the MIL order in the 422 Action. It should go without saying that Defendants' fact witnesses should not be using claim terms in their direct testimony, but if they do, Headwater should at least be permitted to clarify to the jury that the witness was not applying claim language in their direct testimony.

Headwater's second clarification is consistent with Judge Gilstrap's guidance at Headwater's recent trial in Case No. 2:23-cv-00103-JRG-RSP ("the 103 Action"). There, the Court permitted Headwater to question Samsung's corporate representative, who worked in marketing, about topics other than just marketing. The Court explained, in overruling Samsung's objection:

> The problem is she is the corporate representative for Samsung on all issues that may arise in the trial. We can't have 16 different corporate representative and each of them has a little cubby hole of expertise. So she can't be limited to marketing when it suits and be able to talk in general for the company when it suits the other way.
>
> If she has knowledge and she can address the question, she can do that. If she doesn't know, she'll just have to say she doesn't know, but I can't exclude it because it's beyond marketing and all of the sudden now she's just a marketing person.

2

> She is the general representative for the companies on all issues, and so I'm not going to constrain her -- the scope of her presence here just because it's beyond marketing. So I'll overrule the objection with that explanation.

Ex. A (4/23/2025 Trial Tr.) at 664:10-665:9. Headwater is not seeking anything beyond what Judge Gilstrap permitted at trial in the 103 Action, but because Defendants were not parties to that action, Headwater believes the clarification is warranted to avoid any suggestion that Headwater agreed to something more restrictive than what was permitted in the 103 Action. And to avoid any perception that Headwater is trying to circumvent the Court's Standing Order on Motions *in Limine*, Headwater included a final sentence expressly confirming that is not the case. Again, Headwater's clarification should not be controversial.

To the extent the Court is inclined to enter a MIL along the lines of Defendants' proposed MIL #6, Headwater respectfully requests that the highlighted clarifications be included as well.

Dated: May 8, 2025                                  Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster (CA SBN 181067)
mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Brian Ledahl (CA SBN 186579)
bledahl@raklaw.com
Ben Wang (CA SBN 228712)
bwang@raklaw.com
Dale Chang (CA SBN 248657)
dchang@raklaw.com
Paul Kroeger (CA SBN 229074)
pkroeger@raklaw.com
Kristopher Davis (CA SBN 329627)
kdavis@raklaw.com
Philip Wang (CA SBN 262239)
pwang@raklaw.com
Jason M. Wietholter (CA SBN 337139)
jwietholter@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Fl.

Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

*Attorneys for Plaintiff*
*Headwater Research LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 8, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System, and served defendants with a copy via electronic mail.

                                              */s/ Reza Mirzaie*
                                              Reza Mirzaie