IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS and VERIZON CORPORATE SERVICES GROUP, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00352-JRG-RSP |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SANCTIONS UNDER
FED. R. CIV. P. 37(e)(1)**

## TABLE OF CONTENTS

A. Headwater Was Obligated to Preserve the ItsOn ESI (Factor 1)...........................1

B. Headwater Did Not Take Reasonable Steps to Preserve the ESI (Factor 3). ..........3

C. Verizon's Proposed Relief Is Narrowly Tailored and Necessary. ..........................4

## TABLE OF AUTHORITIES

### Cases

*Edwards v. Jr. State of Am. Found.*,
 2021 WL 1600282 (E.D. Tex. 2021) ...................................................................................5

*In re Napster, Inc. Copyright Litig.*,
 462 F. Supp. 2d 1060 (N.D. Cal. 2006) ...............................................................................3

*In re NTL, Inc. Sec. Litig.*,
 244 F.R.D. 179 (S.D.N.Y. 2007) .........................................................................................2

### Rules

Fed. R. Civ. P. 37(e) ...............................................................................................................1

## TABLE OF ABBREVIATIONS[1]

| Abbreviation | Term |
|---|---|
| Mot. | Defendants' Motion for Sanctions Under Fed. R. Civ. P. 37(e)(1) (Dkt. No. 164) |
| Opp. | Headwater's Opposition to Verizon's Motion for Sanctions Under Fed. R. Civ. P. 37(e)(1) (Dkt. No. 197). |

---

[1] Verizon incorporates herein the abbreviations defined in its motion.

Headwater's Opposition alone establishes that sanctions are warranted. Headwater does not deny that a ▮▮▮▮▮▮▮▮▮▮—is lost. And Headwater does not even contend that it lacked the ability to preserve the evidence or that it took any "affirmative steps" to do so, as the law required. Headwater also does not dispute that the lost material goes to core issues—*i.e.*, copying, willfulness, and marking—and that the absence of this evidence impacts Verizon's ability to defend against Headwater's allegations. The limited, targeted relief requested is necessary to mitigate the prejudice Verizon would otherwise face.

Headwater ignores the four-factor test under Rule 37(e) and the law applying it. Mot. at 3–4. Instead, Headwater devotes most of its Opposition to irrelevant contentions, all designed to distract from Headwater's failure to preserve and Verizon's resulting prejudice. At best, Headwater's arguments seem to go to factors 1 and 3; Headwater concedes factors 2 and 4 entirely.

A.   **Headwater Was Obligated to Preserve the ItsOn ESI (Factor 1).**

Headwater was obligated to preserve the ItsOn materials at ItsOn and Sherwood because (1) it had the practical ability to do so, and (2) it had anticipated litigation. Mot. at 4–7. Headwater cannot dispute either point, so it attempts to distract and mislead.

***Headwater's "Practical Ability" to Have the Evidence Preserved***: Headwater first claims that it did not have to preserve the material because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp. at 1, 9. That is wrong: Rule 37(e) is not limited to a party preserving its *own* ESI. FED. R. CIV. P. 37(e). Headwater just made up that rule and, not surprisingly, does not cite a single case to support it. A party must preserve evidence if it has the "practical ability" to do so—as Headwater clearly did here—regardless of whether a different entity is in possession of the material. This is confirmed by the case law, ignored by Headwater, which requires preservation of material in a party's possession, custody, ***or control***. Mot. at 5–6.

Critically, Headwater *does not contend* it did not have the practical ability to have the ItsOn

1

material that ItsOn and Sherwood had in their possession preserved. Mot. at 4–7. Nor could it. This Court has *already determined* that there was a close relationship between Headwater and ItsOn, with Dr. Raleigh running both companies for years. Mot. at 5, 6; Opp. at 2. The close relationship between the parties leads to the "common sense" conclusion that it is likely that Sherwood/ItsOn ABC would have honored a request that the documents be preserved. Mot. at 2, 4–7. At a minimum, Headwater had an obligation—and the practical ability—to ask. *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 196–97 (S.D.N.Y. 2007). And Headwater's own evidence confirms ▮. Dkt. No. 197-8.

Headwater attempts to distract from its "practical ability" to have evidence preserved, by claiming that it did not have the "practical ability" to ▮ Opp. at 1, 7–8. That is irrelevant misdirection. What matters is not whether Headwater had the right to *take possession of* evidence, but whether it had the practical ability *to have it preserved*.

***Headwater Anticipated Litigation Before the Material was Destroyed***: Headwater has *already told this Court* it was ▮ Dkt. 164-3 at 6—though Headwater ignores that fact. Headwater's own privilege log ▮ Mot. at 5—another fact Headwater ignores. ▮, it should be ordered to produce those files. Headwater also admits ▮.[2] ▮ Opp. at 6–7, but even if true, that does not matter. The law (ignored by Headwater) is that preservation obligations arise when litigation counsel is contacted; ▮. Mot. at 5.

---

[2] Headwater argues ▮. Opp. at 9. This fails. ▮ Mot. at 12; Mot. at 7; and ▮ Mot. at 5.

### B. Headwater Did Not Take Reasonable Steps to Preserve the ESI (Factor 3).

Headwater's Opposition also confirms that it did not take "affirmative steps" to preserve evidence, as it was required to do. Mot. at 8. Headwater does not identify anything that it did to preserve the evidence—not a single phone call, conversation, message, note, or hint in which it ever told ItsOn or Sherwood to preserve materials or took any other action to ensure that materials would be preserved. Headwater identifies literally nothing, because it did nothing.

Instead, Headwater claims over and over that it preserved ItsOn material ▮▮▮▮▮▮▮▮▮▮. That, of course, is not the issue here. The issue is Headwater's failure to take any steps to ensure that ItsOn material at Sherwood and ItsOn would be preserved.

Headwater tries to excuse its failure by claiming that ▮▮▮▮▮▮▮▮▮▮ This claim is not only unsupported, but also is legally inadequate, as the law requires a party actually to take "affirmative steps" to preserve. Mot. at 8; *see also In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1074 (N.D. Cal. 2006). Headwater took no steps at all.

Headwater also claims that a formal "litigation hold notice" is not required. Opp. at 8. This is a red herring. The law requires Headwater to have taken "affirmative steps" to preserve. Mot. at 8. Here, Headwater did nothing—not a litigation hold, not anything else. And on this point, Headwater invents another rule out of thin air: that litigation holds are only necessary if a company has a policy of destroying documents. Opp. at 8–9. This is not true, *In re NTL*, and the one case Headwater cites, *In re Napster*, says nothing of the sort.

Headwater also claims that ▮▮▮▮▮▮▮▮▮▮ Opp. at 2, 4, 10–11, citing Opp. Exs. 2–9. The documents do not actually say that, but it doesn't matter: confirming someone *has* documents is not the same as taking "affirmative steps" to make sure they *preserve* them, as the law requires. Mot. at 8. Headwater never did that—not in the documents Headwater cites or anywhere else. In those documents, ▮▮▮▮▮▮▮▮▮▮

3

■■■■■■■■■■■■■■■■■■■■■■■■■■■. *Id.* Headwater never asked Sherwood (or anyone else) to preserve material that Sherwood had; and, of course, that material was not preserved.

Headwater also relies on ■■■■■■■■■■■■■■■■■■■■■■■■ That declaration is revealing for what it does *not* say. ■■■■■■■■■■■■■■■■

■■■■■■■■ Dkt. No. 197-2. Notably, Headwater did not submit a new declaration here. If Headwater had taken steps to preserve material, surely Headwater would have submitted a declaration saying so. It did not because, the truth is, Headwater never took any such steps.

C.  **Verizon's Proposed Relief Is Narrowly Tailored and Necessary.**

Headwater's Opposition confirms that the lost evidence is directly relevant to several issues, and that its loss prejudices Verizon's ability to defend itself. *Headwater* is the one injecting these historic issues—including copying, willfulness, and pre-suit damages—into the case. Yet, despite planning litigation for years, and despite Dr. Raleigh founding and running the two sister companies in parallel for close to a decade, Headwater sat by and did *nothing* while vast quantities of material, necessary for Verizon to defend itself, were destroyed. Headwater cannot insist on these allegations being in the case while also having been responsible, by inaction, for the loss of evidence critical to disproving these allegations in this sword-and-shield manner.

*Willful infringement/copying*: The destroyed ItsOn materials—including source code—would have shown the details of how the ItsOn product actually worked. This is critical to Headwater's copying allegations, both because a comparison would have shown that ■■■■■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ By allowing the materials to be destroyed, Headwater took away Verizon's ability to defend itself on both issues. In fact, the materials are so clearly relevant that

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Opp. at 14–15. Instead, ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Id.* This is utterly meritless, ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mot. at 4, n.1. Headwater did anticipate litigation, and was required to preserve material. It failed to do, causing severe prejudice to Verizon.

***Marking/pre-suit damages***: The lost ItsOn materials are also relevant to marking/pre-suit damages. For example, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Yet in trying to show that other evidence can replace the destroyed evidence, Headwater only cites the self-serving testimony of its own witnesses. Opp. at 13–14. Headwater ignores that other witnesses gave contradictory testimony, Mot. at 14, and Verizon has no way to test the testimony using ESI Headwater allowed to be destroyed.

***Scope of relief***: Headwater also argues that Verizon's requested relief under Rule 37 (e)(1) supposedly supersedes the relief authorized under 37(e)(2). Opp. at 12–15. Headwater does not cite any case law, and the case law Verizon cites—which Headwater ignores—confirms that (e)(1) relief includes the relief requested here. *Edwards v. Jr. State of Am. Found.*, 2021 WL 1600282, at *10 (E.D. Tex. 2021) (excluding text messages under 37(e)(1) even though the messages "comprise a substantial component, if not the entirety, of the purported factual basis for Plaintiffs' [claim], . . . [because the] failure to preserve . . . greatly prejudiced [the defendant]"). Headwater selectively quotes the committee notes—but the surrounding language, which Headwater ignores, confirm that, for (e)(1) violations, sanctions can be "serious." And although the notes explain that impermissible relief might be "striking pleadings related to, or precluding a party from offering any evidence in support of, *the central or only claim or defense in the case*," that is not what Verizon seeks. Headwater would still be free to present its case against Verizon for infringement.

5

|  |  |
|---|---|
| Dated: April 21, 2025 | By: */s/ Josh A. Krevitt* |
| | Josh A. Krevitt |
| | jkrevitt@gibsondunn.com |
| | Katherine Q. Dominguez |
| | kdominguez@gibsondunn.com |
| | Brian A. Rosenthal |
| | brosenthal@gibsondunn.com |
| | Eliyahu Balsam |
| | ebalsam@gibsondunn.com |
| | Charlie Sim |
| | csim@gibsondunn.com |
| | **GIBSON, DUNN & CRUTCHER LLP** |
| | 200 Park Avenue |
| | New York, NY 10166-0193 |
| | Telephone: 212.351.4000 |
| | Facsimile: 212.351.4035 |
| | |
| | Robert Vincent |
| | rvincent@gibsondunn.com |
| | **GIBSON, DUNN & CRUTCHER LLP** |
| | 2001 Ross Avenue, Suite 2100 |
| | Dallas, TX 75201 |
| | Telephone: 214.698.3112 |
| | Facsimile: 214.571.2910 |
| | |
| | Andrew W. Robb (CA Bar No. 291438) |
| | arobb@gibsondunn.com |
| | **GIBSON, DUNN & CRUTCHER LLP** |
| | 310 University Avenue |
| | Palo Alto, CA 94301 |
| | Telephone: 650.849.5334 |
| | Facsimile: 650.849.5034 |
| | |
| | Hannah L. Bedard |
| | hbedard@gibsondunn.com |
| | Michelle Zhu |
| | mzhu@gibsondunn.com |
| | **GIBSON, DUNN & CRUTCHER LLP** |
| | 1700 M Street, N.W. |
| | Washington, D.C. 20036 |
| | Telephone: 202.777.9413 |
| | Facsimile: 202.831.6063 |
| | |
| | Celine Crowson (D.C. Bar No. 0436549A) |
| | celine.crowson@hoganlovells.com |
| | **Hogan Lovells** |

6

555 13th Street, N.W.
Washington, D.C. 20004
Telephone: 202.637.5600

Tej Singh (California Bar No. 286547)
tej.singh@hoganlovells.com
Yi Zhang (California Bar No. 342823)
yi.zhang@hoganlovells.com
Kyle Xu (California Bar No. 344100)
kyle.xu@hoganlovells.com
**Hogan Lovells**
4 Embarcadero Center Suite 3500
San Francisco, CA 94111
Telephone: 415.374.2300

Deron R. Dacus (TX Bar No. 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C**.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: 903.705.1117

*Attorneys for Defendants*

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on April 21, 2025.

/s/ *Josh A. Krevitt*
Josh A. Krevitt

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that pursuant to the protective order of the above-captioned case, this motion and exhibits hereto contain confidential information. Accordingly, this document is to be filed under seal.

/s/ *Josh A. Krevitt*
Josh A. Krevitt
