IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS and VERIZON CORPORATE SERVICES GROUP, INC.,<br><br>    *Defendants*. | Case No. 2:23-CV-00352-JRG-RSP |

**DEFENDANTS' MOTION TO COMPEL DOCUMENTS AND COMMUNICATIONS IMPROPERLY WITHHELD ON THE BASIS OF ANTICIPATION OF LITIGATION**

**TABLE OF CONTENTS**

I. Background ........................................................................................................................2

II. Legal Standard...................................................................................................................3

III. Headwater Should Be Compelled To Produce All Documents And Communications Dated Prior To ▇▇▇▇ That Were Withheld Citing "Anticipation Of Litigation."...............................................................................................4

    A. Headwater's Assertion of Work-Product Protections Prior to ▇▇▇▇ Cannot Stand.....................................................................................................4

    B. Headwater's Assertion of Attorney-Client Privilege Prior to ▇▇▇▇ Cannot Stand.....................................................................................................5

IV. Conclusion .........................................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Texas Lloyd's v. McKinney*,
 964 F. Supp. 2d 678 (S.D. Tex. 2013) ...................................................................................3

*Hodges, Grant & Kaufmann v. United States*,
 768 F.2d 719 (5th Cir. 1985) ..................................................................................................5

*U.S. ex rel. Mitchell v. CIT Bank, N.A.*,
 2021 WL 3190556 (E.D. Tex. July 28, 2021) .......................................................................6

*Navigant Consulting, Inc. v. Wilkinson*,
 220 F.R.D. 467 (N.D. Tex. 2004) .................................................................................. 4, 5, 6

*Paxton v. Great Am. Ins. Co.*,
 2009 WL 10667080 (S.D. Fla. Aug. 25, 2009) .....................................................................5

*ReedHycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*,
 242 F.R.D. 357 (E.D. Tex. 2007) ..........................................................................................4

*SmartPhone Techs. LLC v. Apple, Inc.*,
 2013 WL 789285 (E.D. Tex. Mar. 1, 2013) .........................................................................3

*Smithkline Beecham Corp. v. Apotex Corp.*,
 193 F.R.D. 530 (N.D. Ill. 2000) ............................................................................................5

*Stuart v. County of Riverside*,
 2024 WL 3086634 (C.D. Cal. June 14, 2024) .....................................................................4

*TIGI Linea Corp. v. Professional Prods. Grp.*,
 2020 WL 7773581 (E.D. Tex. Dec. 30, 2020) ............................................................. 4, 5, 7

*U.S. v. Homeward Residential, Inc.*,
 2016 WL 1031154 (E.D. Tex. Mar. 15, 2016) .....................................................................4

**Rules**

Fed. R. Civ. P. 26(b)(1) ...................................................................................................................3

Fed. R. Civ. P. 26(b)(3)(A) .........................................................................................................3, 4

Fed. R. Civ. P. 26(b)(5) ...................................................................................................................3

Fed. R. Civ. P. 37(e) ........................................................................................................................1

Tex. R. Evid. 503(b) ........................................................................................................................4

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| Headwater or Plaintiff | Plaintiff Headwater Research LLC |
| Verizon or Defendants | Defendants Cellco Partnership d/b/a Verizon Wireless and Verizon Corporate Services Group, Inc. |
| RAK | Russ August & Kabat |

## TABLE OF EXHIBITS

| Ex. | Description |
|---|---|
| 1 | Oct. 15, 2024, Plaintiff Headwater Research LLC's First Privilege Log |
| 2 | Nov. 27, 2023, Deposition of James Harris in *Headwater Research, LLC v. Samsung Elecs. Co.*, No. 2:22-CV-422-RG-RSP, produced in this case with begin Bates HW352-00112371, excerpts |

Verizon respectfully requests the Court compel Headwater to produce all documents and communications dated prior to ▮▮▮▮ that it withheld because of "anticipation of litigation."

Headwater withheld ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." *See* Dkt. No. 164-2. But, in response to Verizon's motion for sanctions pursuant to Rule 37(e)—based on its failure to preserve critical ESI—Headwater represented to this Court (repeatedly and unequivocally) that it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. No. 197 at 6–7, 9.

Headwater's attempt to avoid sanctions is without merit for the reasons set forth in Verizon's motion papers. Headwater's opposition to that motion was largely based on its contention—made for the first time to avoid sanctions—that it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As Verizon explained, however, that claim is legally untenable and is belied by Headwater's own conduct ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮) as well as Headwater's own prior representation to this Court that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Dkt. No. 164-3 at 6. In its sur-reply to the sanctions motion, Headwater again conceded that it "contemplated" litigation long before the ESI was destroyed—claiming only that litigation was not "imminent," which is not the standard and thus is irrelevant. As a result, Verizon's motion for sanctions should be granted.

At a minimum, Headwater cannot have it both ways: Headwater cannot claim that it first anticipated litigation in ▮▮▮ *to avoid sanctions*, and simultaneously claim that it anticipated litigation starting in ▮▮▮▮▮▮▮▮▮▮▮▮ *to withhold evidence*. Yet that is exactly what Headwater is attempting to do—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

The standard for "anticipation" of litigation for withholding documents is the same as for

1

preserving documents. Because Headwater anticipated litigation long before the ESI was destroyed—████████████████████████████████████████—Verizon's sanctions motion should be granted. If the Court were to credit Headwater's new position that it did not anticipate litigation until ██████—made for the first time to avoid sanctions and contrary to its prior representations—then Headwater obviously cannot withhold documents prior to that date and should be compelled to produce all materials dated prior to ██████ that it withheld citing "anticipation of litigation."

## I.  BACKGROUND

Headwater served two privilege logs in this case. ████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
*E.g.*, *id.* at 1 (No. 14115), *id.* at 2 (No. 4753), *id.* at 3 (No. 8459). Headwater's second privilege log was ████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████ The following entries are exemplary:

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

*Id.* at 15 (Nos. 244, 246); *see also, e.g., id.* at 102 (No. 635497), *id.* at 118 (No. 644398), *id.* at 142 (No. 659311), *id.* at 191 (No. 711686), *id.* at 215 (No. 742362).

Despite withholding documents and communications based on "anticipation of litigation" going back to ██████ Headwater now says it did not anticipate litigation until much later. In

opposing Verizon's motion for sanctions, Headwater told the Court it did not anticipate litigation until ▮▮▮▮." Dkt. No. 197 at 6–7; Dkt. No. 223 at 2. That contradicts ▮▮▮▮

▮▮▮▮

" Dkt. No. 164-3 at 6. Yet Headwater now changes its tune and asserts that "▮▮▮▮

▮▮▮▮

▮▮▮▮. Dkt. No. 197 at 6–7.[1]

Accordingly, to the extent the Court accepts Headwater's changed position, Verizon seeks production of all documents and communications dated prior to ▮▮▮▮ that it withheld on the basis of "anticipation of litigation."

## II. LEGAL STANDARD

A party is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The party claiming attorney work product or attorney-client privilege protections bears the burden of proving it is entitled to such protections; "because the assertion of privilege is subject to abuse, 'it applies only where necessary to achieve its purpose.'" *SmartPhone Techs. LLC v. Apple, Inc.*, 2013 WL 789285, at *2 (E.D. Tex. Mar. 1, 2013) (citing Fed. R. Civ. P. 26(b)(5)).

The work-product privilege protects only materials prepared by lawyers "in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A). The standard for "anticipation" of litigation for withholding documents is the same as for preserving documents. *See Allstate Texas Lloyd's v. McKinney*, 964 F. Supp. 2d 678, 684 (S.D. Tex. 2013) (finding Allstate "had a duty to preserve" in July 2011 because it "withheld documents … based on work product privileges on June 22,

---

[1] ▮▮▮▮ *See* Dkt. No. 164-2 at 107 (No. 637874), *id.* at 111 (No. 640288), *id.* at 126 (No. 648835), *id.* at 149 (No. 664393).

2011. Work product privilege only applies if material was prepared 'in anticipation of litigation'"); *Stuart v. County of Riverside*, 2024 WL 3086634, at *3 (C.D. Cal. June 14, 2024) (similar).

The attorney-client privilege applies to (1) a confidential communication (2) made for the purpose of facilitating the rendition of professional legal services (3) between or amongst the client, lawyer, and their representatives, so long as (4) the privilege has not been waived. *TIGI Linea Corp. v. Professional Prods. Grp.*, 2020 WL 7773581, at *3 (E.D. Tex. Dec. 30, 2020) (citing Tex. R. Evid. 503(b)).

### III. HEADWATER SHOULD BE COMPELLED TO PRODUCE ALL DOCUMENTS AND COMMUNICATIONS DATED PRIOR TO ▓▓▓ THAT WERE WITHHELD CITING "ANTICIPATION OF LITIGATION."

#### A. Headwater's Assertion of Work-Product Protections Prior to ▓▓▓ Cannot Stand.

The work-product protection applies only to materials prepared by lawyers "in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A). Thus, for such protections to apply, the "threshold determination is whether the documents sought to be protected were prepared in anticipation of litigation or for trial." *U.S. v. Homeward Residential, Inc.*, 2016 WL 1031154, at *3 (E.D. Tex. Mar. 15, 2016); *see also Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 476–77 (N.D. Tex. 2004). Now that Headwater has taken the position that it *did not* anticipate litigation until ▓▓▓, it cannot meet the threshold for work-product protection prior to that time, and it should be compelled to produce all documents dated before ▓▓▓ that it withheld citing "anticipation of litigation."[2] Dkt. No. 197 at 7; Dkt. No. 223 at 2; *see, e.g.*, *ReedHycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*, 242 F.R.D. 357, 361 (E.D. Tex. 2007) (ordering production of documents dated prior to March 2005, where plaintiff did not anticipate litigation before then);

---

[2] *See, e.g.*, Dkt. No. 164-2 at 15 (No. 244), *id.* at 102 (No. 635497), *id.* at 118 (No. 644398), *id.* at 142 (No. 659311), *id.* at 191 (No. 711686), *id.* at 215 (No. 742362; Ex. 1 at 1 (No. 14115), *id.* at 2 (No. 4753), *id.* at 3 (No. 8459).

*Paxton v. Great Am. Ins. Co.*, 2009 WL 10667080, at *6 (S.D. Fla. Aug. 25, 2009) (compelling party to produce all documents on its privilege log dated prior to October 8, 2008, the date it anticipated litigation); *Smithkline Beecham Corp. v. Apotex Corp.*, 193 F.R.D. 530, 541 (N.D. Ill. 2000) (granting motion to compel production of documents dated prior to May 18, 1998, where plaintiff claimed privilege but did not anticipate litigation until at least that date).

> B. **Headwater's Assertion of Attorney-Client Privilege Prior to ▮▮▮ Cannot Stand.**

Headwater also claims attorney-client privilege for many of the documents it withheld citing "anticipation of litigation." Those claims of privilege are now untenable in light of Headwater's new position that it did not anticipate litigation until ▮▮▮, because Headwater's claims of privilege are not substantiated by anything other than Headwater's now-retracted assertions about "anticipation of litigation."

Headwater bears the burden of proving each document withheld for privilege is (1) a confidential communication (2) made for the purpose of facilitating the rendition of professional legal services (3) between or amongst the client, lawyer, and their representatives, and (4) the privilege has not been waived. *TIGI*, 2020 WL 7773581, at *3 (citing *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 & n.7 (5th Cir. 1985) (collecting cases)). "A general allegation of privilege is insufficient to meet this burden." *Navigant*, 220 F.R.D. at 473.

Here, Headwater's assertions of attorney-client privilege citing "anticipation of litigation" are groundless in light of its new position that it did not anticipate litigation until ▮▮▮. Headwater provides, at most, only general statements to support its assertions of attorney-client privilege that are not sufficient to carry its burden. Defendants did not challenge Headwater's meritless claims of privilege earlier because Defendants credited Headwater's assertion of work product "in anticipation of litigation"—rendering the privilege issue moot. Now that Headwater

5

has recanted its assertion of "anticipation of litigation," the work product claim is invalid, and there is nothing to support Headwater's claims of attorney-client privilege.

The following entry—a ███████████████████

███████████████████████████████████████████

███████████████████████, and shows they are plainly inadequate:

███████████████████████████████████████████

███

Dkt. No. 164-2 at 181 (No. 698843). Now that Headwater claims it was not anticipating litigation prior to ██████ there is nothing to substantiate the claim that this communication is privileged. When an attorney is not providing legal advice but rather is "functioning in some other capacity," such as a "business advisor," there is no privilege. *Navigant*, 220 F.R.D. at 474; *see also U.S. ex rel. Mitchell v. CIT Bank, N.A.*, 2021 WL 3190556, at *6 (E.D. Tex. July 28, 2021) (even where in-house counsel "intertwines business and legal advice," party asserting privilege must prove "legal advice predominates"). ███████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████ Ex. 2 (Harris Tr.) at 32:20–34:17. Moreover, because Headwater's entire business is its patents, merely saying the ███████████████████████ is not sufficient to meet Headwater's burden to prove that its assertion of attorney-client privilege is appropriate. *Mitchell*, 2021 WL 3190556, at *6 (party did not carry its burden to prove attorney-client privilege where it offered "nothing more than the conclusory 'prepared at direction of in-house and outside counsel' label in its privilege log").

Moreover, for many of Headwater's entries there is no possible justification for its claim of attorney-client privilege, because they are ***not communications at all***, let alone confidential

6

██████████████████████████████████████████████████████

communications with a lawyer. ████████████████████████

███████████████████████████████████ For example:

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

Dkt. No. 164-2 at 14 (No. 222); *see also, e.g., id.* at 51 (No. 4191), *id.* at 52 (No. 4562), *id.* at 53 (Nos. 4765, 5118), *id.* at 60 (No. 596), *id.* at 242 (No. 79). At a minimum, the Court should order Headwater to produce entries such as these, which are identified on its privilege log as "attorney-client and work product" but are "*document[s]*" prepared in anticipation of litigation, not communications. *E.g.*, Dkt. No. 164-2 at 15 (Nos. 244, 246); *id.* at 6 (No. 156627), *id.* at 48 (No. 3975); Ex. 1 at 1 (No. 156627), *id.* at 2 (No. 4346), *id.* at 3 (No. 7455). ████████████ ████████████████████████████████████████████████████████ ████ are therefore not properly withheld under the attorney-client privilege. *TIGI*, 2020 WL 7773581, at *2.

\* \* \*

Because Headwater's privilege logs rely on assertions about "anticipation of litigation" to support its claims of attorney work product and privilege, and because Headwater has now taken the position it was *not* anticipating litigation prior to ████████ Headwater can no longer withhold these materials. The Court should therefore compel Headwater to produce all materials withheld on the basis of "anticipation of litigation" that are dated prior to ████████.

IV.   **CONCLUSION**

For the foregoing reasons, to the extent the Court does not grant Verizon's motion for sanctions, the Court should grant this motion and compel Headwater to produce all materials in its privilege logs that pre-date ████████ and were withheld on the basis of anticipation of litigation.

Dated: May 8, 2025　　　　　　　　　By: */s/ Josh A. Krevitt*

　　　　　　　　　　　　　　　　　　Josh A. Krevitt
　　　　　　　　　　　　　　　　　　jkrevitt@gibsondunn.com
　　　　　　　　　　　　　　　　　　Katherine Q. Dominguez
　　　　　　　　　　　　　　　　　　kdominguez@gibsondunn.com
　　　　　　　　　　　　　　　　　　Brian A. Rosenthal
　　　　　　　　　　　　　　　　　　brosenthal@gibsondunn.com
　　　　　　　　　　　　　　　　　　Eliyahu Balsam
　　　　　　　　　　　　　　　　　　ebalsam@gibsondunn.com
　　　　　　　　　　　　　　　　　　Charlie Sim
　　　　　　　　　　　　　　　　　　csim@gibsondunn.com
　　　　　　　　　　　　　　　　　　**GIBSON, DUNN & CRUTCHER LLP**
　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　New York, NY 10166-0193
　　　　　　　　　　　　　　　　　　Telephone: 212.351.4000
　　　　　　　　　　　　　　　　　　Facsimile: 212.351.4035

　　　　　　　　　　　　　　　　　　Robert Vincent
　　　　　　　　　　　　　　　　　　rvincent@gibsondunn.com
　　　　　　　　　　　　　　　　　　**GIBSON, DUNN & CRUTCHER LLP**
　　　　　　　　　　　　　　　　　　2001 Ross Avenue, Suite 2100
　　　　　　　　　　　　　　　　　　Dallas, TX 75201
　　　　　　　　　　　　　　　　　　Telephone: 214.698.3112
　　　　　　　　　　　　　　　　　　Facsimile: 214.571.2910

　　　　　　　　　　　　　　　　　　Andrew W. Robb (CA Bar No. 291438)
　　　　　　　　　　　　　　　　　　arobb@gibsondunn.com
　　　　　　　　　　　　　　　　　　**GIBSON, DUNN & CRUTCHER LLP**
　　　　　　　　　　　　　　　　　　310 University Avenue
　　　　　　　　　　　　　　　　　　Palo Alto, CA 94301
　　　　　　　　　　　　　　　　　　Telephone: 650.849.5334
　　　　　　　　　　　　　　　　　　Facsimile: 650.849.5034

　　　　　　　　　　　　　　　　　　Hannah L. Bedard
　　　　　　　　　　　　　　　　　　hbedard@gibsondunn.com
　　　　　　　　　　　　　　　　　　Michelle Zhu
　　　　　　　　　　　　　　　　　　mzhu@gibsondunn.com
　　　　　　　　　　　　　　　　　　**GIBSON, DUNN & CRUTCHER LLP**
　　　　　　　　　　　　　　　　　　1700 M Street, N.W.
　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　Telephone: 202.777.9413
　　　　　　　　　　　　　　　　　　Facsimile: 202.831.6063

　　　　　　　　　　　　　　　　　　Celine Crowson (D.C. Bar No. 0436549A)
　　　　　　　　　　　　　　　　　　celine.crowson@hoganlovells.com
　　　　　　　　　　　　　　　　　　**Hogan Lovells**

█████████████████████████████████████

555 13th Street, N.W.
Washington, D.C. 20004
Telephone: 202.637.5600

Tej Singh (California Bar No. 286547)
tej.singh@hoganlovells.com
Yi Zhang (California Bar No. 342823)
yi.zhang@hoganlovells.com
Kyle Xu (California Bar No. 344100)
kyle.xu@hoganlovells.com
**Hogan Lovells**
4 Embarcadero Center Suite 3500
San Francisco, CA 94111
Telephone: 415.374.2300

Deron R. Dacus (TX Bar No. 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C**.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: 903.705.1117

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on May 8, 2025.

/s/ *Josh A. Krevitt*
Josh A. Krevitt

## CERTIFICATE OF CONFERENCE

On May 7, 2025, counsel for Verizon, with Josh Krevitt as lead counsel and Deron Dacus as local counsel, met and conferred with counsel for Headwater, with Marc Fenster as lead counsel and Andrea Fair as local counsel. The parties were unable to reach agreement and have reached an impasse, leaving an open issue for the Court to resolve. This motion is opposed by Headwater.

/s/ *Josh A. Krevitt*
Josh A. Krevitt

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that pursuant to the protective order of the above-captioned case, this motion and exhibits hereto contain confidential information. Accordingly, this document is to be filed under seal.

/s/ *Josh A. Krevitt*
Josh A. Krevitt