**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:23-CV-00352-JRG-RSP |
| | § | CASE NO. 2:23-CV-00379-JRG-RSP |
| VERIZON COMMUNICATIONS, INC. et al, | § | |
| T-MOBILE US, INC., ET AL. | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

---

**Pretrial Conference**
**MAG. JUDGE ROY PAYNE PRESIDING**
**May 30, 2025**

**OPEN:    9:00 a.m.**                                              **ADJOURN:    4:48 p.m.**

ATTORNEYS FOR PLAINTIFF:          See attached.

ATTORNEY FOR DEFENDANTS:          See attached.

LAW CLERK:                        Greg Saltz

COURT REPORTER:                   Shelly Holmes

COURTROOM DEPUTY:                 Wendy Asbel

Court opened.   Case called.   Andrea Fair introduced co-counsel and announced ready.   Tom Gorham introduced co-counsel and announced ready.

Both cases are on the June 23, 2025, jury selection docket before Judge Gilstrap.   Judge Gilstrap will announce the order of the trials soon.   The Court will allow 11 hours of evidence per side. Marc Fenster requested 12 hours, and Brian Rosenthal joined in that request. The Court will take the requests into account but for now it will remain 11 hours.   The parties will have 30 minutes per side for voir dire.   Eight jurors will be seated.   The parties will have four peremptory challenges per side to be exercised in a blind simultaneous fashion.   The parties will have 30 minutes for opening statements and 40 minutes per side for closing arguments.

The Court will be in chambers at 7:30 a.m. each morning. If the parties, after a meet and confer, are unable to resolve a dispute, the Court will be there for that purpose. The parties shall email the

law clerk assigned to the case by 10:00 p.m. that night (or whatever time has been previously agreed to) and by 7:00 a.m., the parties are directed to jointly prepare a 3-ring binder to chambers that should include a copy of what is at issue with a short narrative from each side so as to prepare Judge Gilstrap to take those matters up at 7:30 a.m. with counsel.

The jury will report at 8:30 daily.  Lunch is supplied to the jury, which means the lunch break will be held to 40-45 minutes.  Typically, the jury will be excused around 6:00 p.m., depending upon a stopping point with a particular witness.

The Court noted a request for a separate provision regarding the use of errata when a deposition is being offered.  Mr. Rosenthal responded.  Robert Vincent replied.  The Court ordered that the pretrial order will be deemed modified to the extent discussed.   The Court also addressed Page 20 of the Verizon pretrial order, Footnote 9, regarding pre-admitted exhibits with particular witnesses.  Mr. Wang responded.  Mr. Rosenthal replied.

Mr. Vincent addressed the issue regarding deposition designation and the use of the errata being offered.  Philip Wang responded.  The Court requested the parties meet and confer and bring the matter up during deposition designation process.

It is the Court's practice to not refer to witnesses and others by their first name alone. This is important to keep the record clear. The Court has a standing order on sealing the courtroom and parts of the transcript. If you are going to request that in this case because of confidential information, read the standing order.

It is the Court's practice to hold all Rule 50A motions until the close of all evidence. There will be an informal charge conference off the record to look at the state of the proposed jury instructions, usually held at the close of all evidence.

The Court addressed juror questionnaires.   Andrea Fair confirmed that a proposed questionnaire has been provided to Ms. Clendenning.   Counsel should review Judge Gilstrap's standing order on the use of jury information.   The pretrial order provides the requirements regarding juror notebooks.   The parties will provide chambers with 12 juror notebooks (eight for the jury and four for the staff) by close of business on the Thursday before jury selection, which is also when jury questionnaires will be available to be picked up at the Court.

Chambers will send an email regarding expert reports.   Experts will be held to the four-corners of their reports.

The Court inquired if there were any other issues to add to today's agenda items.   Reza Mirzaie mentioned the issue regarding indemnification of an Apple or Samsung witness.   Defendant has nothing to add.   The Court added this issue to the agenda.

The Court then addressed the matter regarding stipulations.  Mr. Yang responded.  Mr. Vincent replied.  The Court found that Paragraph 6 and 7 under the general stipulations are not actually stipulated to so they will be disregarded and will take up authenticity issues for those documents on an exhibit-by-exhibit basis.   The Court asked the parties if there were any other disputes about

the pretrial order that need to be resolved before adopting it.   Josh Krevitt responded.   Mr. Wang responded.

The Court addressed the witness lists.   Kristopher Davis addressed timeliness issues.   Mr. Krevitt responded that they believe they have resolved this issue and could put this issue off. The Court will see where the parties are regarding this at the end of the day.

Mr. Vincent further argued objections regarding witnesses and provided names.   Jason Wietholter responded.   Mr. Vincent replied.   The Court left the objections to be resolved through the deposition objection process.

The Court heard arguments on the parties' motions *in limine*.   Mr. Davis, Mr. Fenster, and Mr. Wang argued for Plaintiff.   Kate Dominguez, Mr. Krevitt, and Mr. Rosenthal argued for Defendants.   The Court made rulings.

After the break, the Court continued hearing arguments on the parties' motions *in limine*.   Mr. Mirzaie, Mr. Wietholter, and Dale Chang argued for Plaintiff.   Mr. Rosenthal responded.   Mr. Fenster was excused from the hearing.

Following the break, Mr. Chang continued arguments for Plaintiff.   Mr. Rosenthal replied. Andrew Robb and Mr. Gorham argued the next motions for Defendants.   Adam Hoffman replied.

Mr. Gorham advised the Court that counsel had worked out an agreement over the lunch hour regarding Headwater's requested clarifications to Defendants' proposed MIL No. 6.   Mr. Gorham will email the edits to the Court as requested.

At the Court's direction, the parties met and conferred after the hearing and set a final pretrial conference for Thursday, 6/5, at 9:00 a.m., where exhibits and other matters on today's agenda will be addressed.

The hearing was adjourned.