IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.,<br>CELLCO PARTNERSHIP d/b/a VERIZON<br>WIRELESS, and VERIZON CORPORATE<br>SERVICES GROUP, INC.,<br><br>    *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§    Case No. 2:23-cv-00352-JRG-RSP<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM ORDER**

Before the Court is the Motion for Sanctions Under Federal Rule of Civil Procedure 37(e)(1), filed by Defendants Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, and Verizon Corporate Services Group, Inc. **Dkt. No. 164**. For the reasons discussed below, the Motion is **DENIED**.

**I.    BACKGROUND**

Headwater Research was founded in 2008 along with another entity, ItsOn. *See generally* Dkt. No. 164-5. Headwater operated as a research and development entity for technology that ItsOn would license and commercialize. *See id.* However, in January 2018, ItsOn entered liquidation under California law, and its assets were transferred to an "Assignment for Benefit of Creditors" entity ("ItsOn-ABC"). *See* Dkt. No. 164-11 at ¶¶ 1-2. Unfortunately, it has since come to light that certain Electronically Stored Information ("ESI") was not successfully preserved. Specifically, ItsOn emails were not acquired by ItsOn-ABC, which was only interested in collecting assets. *Id.* at ¶ 7. Further, other ESI—most importantly ItsOn's source code and technical documents—although collected by ItsOn-ABC, is no longer accessible because it is encrypted and cannot be decrypted. *See id.* at ¶¶ 8-9.

On July 28, 2023 Plaintiff Headwater Research filed suit against Defendants, asserting that they infringe four of its patents: U.S. Patent Nos. 8,589,541; 8,924,543; 9,198,042; and 9,215,613. Dkt. No.1 at 1. On January 29, 2025, the Parties agreed to dismiss the '543 Patent. Dkt. No. 144.

On March 19, 2025, Defendants filed the instant Motion, alleging that Headwater Research had an obligation to preserve the now lost ESI in anticipation of litigation (namely, the instant suit) but that it failed to take reasonable steps to do so. *See generally* Dkt. No. 164.

## II. APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 37(e)(1), sanctions may be warranted when material that should have been preserved in anticipation of litigation "is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." FED. R. CIV. P. 37(e)(1). In such a case, "upon finding prejudice to another party from loss of the information," the Court "may order measures no greater than necessary to cure the prejudice." *Id.* Rule 37(e) thus sets forth "four predicate elements" that must be established: "namely, that a party was (i) obligated to preserve ESI (ii) but did not do so (iii) because it failed to take reasonable steps to preserve it, and (iv) the ESI cannot be restored or replaced." *Edwards v. Junior State of Am. Found.*, 2021 WL 1600282, at *7 (E.D. Tex. Apr. 23, 2021) (citing *Balancecxi, Inc. v. Int'l Consulting & Rsch. Grp.*, 2020 WL 6886258, at *12 (W.D. Tex. Nov. 24, 2020)).

The Advisory Committee Notes to the 2015 amendment quoted above state: "Rule 37(e) is based on this common-law duty; it does not attempt to create a new duty to preserve. The rule does not apply when information is lost before a duty to preserve arises." The Notes also state that the rule "is inapplicable when the loss of information occurs despite the party's reasonable steps to preserve. For example, the information may not be in the party's control."

2

### III.     ANALYSIS

A party is obligated to preserve ESI that it has the "right, authority, or practical ability" to control (*United States ex rel. Harman v. Trinity Indus., Inc.*, No. 2:12-CV-00089-JRG, 2014 WL 12603247, at *1 (E.D. Tex. July 11, 2014) (quoting *Perez v. Perry*, No. SA-11CV-360-OLG-JES-XR, 2014 U.S. Dist. LEXIS 62284 at *12, 2014 WL 1796661 at *1, (W.D. Tex. May 6, 2014))), for use in a "reasonably foreseeable" litigation (Fed. R. Civ. P. 37 Advisory Committee's note to 2015 amendment).

Here, as discussed above, ItsOn entered liquidation in January 2018. *See supra* Section I. As of that time, based on all of the evidence presented by the parties at the hearing, Headwater Research had no right, authority or practical ability to control ItsOn's assets which had been assigned for the benefit of its creditors. This is particularly true of its intellectual property, which was the principal asset being liquidated.

Further, the Court finds that as of January 2018, which was four years before any litigation was commenced by Headwater Research, litigation was not sufficiently foreseeable to require preservation of ESI under a third-party's control. Defendants rely upon the *Trinity Industries* case, but that case involved the intentional deletion of emails of companies that were half-owned by the plaintiff, during the litigation. The Court finds that it was reasonable for Headwater Research to rely upon ItsOn ABC to safeguard the ESI of ItsOn. Moreover, the most important ESI, the source code, was preserved and would be available but for the inability of the liquidator to access the storage devices. Whether the liquidator encrypted it after it was delivered to it, or it was encrypted before it was delivered, would not change the analysis. There is not a shred of evidence that anyone related to Headwater Research intended to render the source code inaccessible.

The record reflects that Headwater Research has preserved all the emails and

documentation relating to its interactions with ItsOn, which are thus available to Defendants through discovery. None of those emails have been used to show any likely relevance to the current litigation for any ItsOn emails that were not preserved. There has been no showing that the loss of ItsOn's emails has caused any prejudice to Defendants.

No case has been cited where sanctions were imposed on a party for the negligent failure to preserve the ESI of a third party four years before any litigation was commenced. All of the sanctions sought by Defendants would cause serious prejudice to Plaintiff's case, and Defendants have not shown prejudice commensurate with the relief being sought, even if a violation of Rule 37(e)(1) were found.

Accordingly, for the reasons discussed above, the Motion for Sanctions Under Federal Rule of Civil Procedure 37(e)(1) is **DENIED**.

**SIGNED this 3rd day of June, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE