IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.,<br>CELLCO PARTNERSHIP d/b/a VERIZON<br>WIRELESS, and VERIZON CORPORATE<br>SERVICES GROUP, INC.,<br><br>*Defendants*. | § § § § § § § § § § § § | Case No. 2:23-cv-00352-JRG-RSP |

## ORDER

Before the Court is the Motion to Compel Documents and Communications Improperly Withheld on the Basis of Anticipation of Litigation, filed by Defendants Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, and Verizon Corporate Services Group, Inc. **Dkt. No. 266**.

In the Motion, Defendants ask the Court to compel Plaintiff to turn over documents dated prior to mid-2022, which were added to its privilege log. *Id.* at 1. Defendants argue that these documents cannot be withheld on the basis of the work-product doctrine because Plaintiff, in other motions, asserted that it did not anticipate litigation until mid-2022. *Id.* (citing Dkt. No. 197 at 6–7, 9).

The Court finds that the Motion is untimely. The instant Motion to Compel was filed on May 8, 2025. *Id.* This is over three months after the deadline to file motions to compel as per the Docket Control Order. Dkt. No. 145 at 4. Accordingly, the Motion is untimely and may be denied on this basis alone.

Further, all items on Plaintiff's privilege log that Defendants seek discovery on, in addition to being covered by a claim of work product, are also covered by assertion of attorney-client

privilege. See generally Dkt. No. 266-1. Defendants attempt to argue that because Plaintiff was not anticipating litigation until mid-2022 this means that Headwater's discussions with counsel could not have been for the provision of legal services. *See id.* at 5-6.

The Court is not persuaded. Work-product and attorney-client privilege do not rise or fall together. It is perfectly possible for a client to have discussions with their counsel on matters concerning various legal issues which are not in anticipation of litigation, but that ultimately wind up being (according to one party or another) relevant to the now initiated litigation. Concordantly, even if the documents were not covered by the work-product doctrine, Defendants' Motion would still be futile.

For these reasons, the Motion is **DENIED**.

**SIGNED this 3rd day of June, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE