# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>    Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC., et al,<br><br>    Defendants. | Civil Action No. 2:23-cv-00352-JRG-RSP |

## ORDER ON MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned case on May 30, 2025 and addressed the motions *in limine* filed by Plaintiff Headwater Research LLC (Dkt. No. 242) and Defendant Verizon Communications Inc. (Dkt. No. 240). This Order summarizes and memorializes the Court's rulings and reasons at the hearing, including additional instructions given to the parties, and also gives the Court's rulings on the motions resolved on the briefing. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

   A. **Headwater's Motions *in Limine* (Dkt. No. 242)**

   1. Plaintiff's **MIL No. 1**: Exclude Evidence or Argument Previously Barred by this Court in the Headwater -422 and -103 Cases Regarding (1) Alleged Embezzlement, (2) Amounts of Unconsummated Offers from Qualcomm and Fortress, and (3) Plaintiff's Expert Witnesses' Relationships with Plaintiff's Law Firm.

This motion *in limine* is **GRANTED** as to "the amounts of unconsummated offers from Qualcomm and Fortress" in view of the agreement by the parties.

Further, the motion *in limine* is **GRANTED** by agreement of the parties as to the relationship between the experts and the law firm that has called them to testify.

Finally, the motion *in limine* is **GRANTED** as to argument or evidence of alleged embezzlement including that by Mr. Johnson.

2. Plaintiff's **MIL No. 2**: Exclude from Evidence the Non-Binding InterDigital Letter of Intent (LOI) and Exclude All Evidence or Argument Regarding It, Including Offering or Implying Any Speculation About Why the LOI Was Not Consummated.

This motion *in limine* is **GRANTED** only to the extent that Defendants are prohibited from offering speculation as to why the LOI was never consummated.

3. Plaintiff's **MIL No. 3**: Exclude Reference, Testimony, Evidence, Cross Examination, or Argument Regarding Other Headwater Patents Asserted in Other Litigations to Avoid Jury Confusion Regarding the Patents Asserted Here.

This motion *in limine* is **GRANTED** with respect to prior testimony that was expressly directed to claim limitations no longer asserted in this case. To be clear, the Parties may use prior testimony referring to products that appeared in prior litigations, provided the testimony is not in relation to a limitation that is not found within one or more of the presently asserted claims.

Nothing in this Order precludes the introduction of evidence or argument with respect to prior art.

4. Plaintiff's <u>MIL No. 4</u>: The Court Has Already Ruled Three Times that Offers to Invest in Headwater and/or ItsOn Are Irrelevant, and Should Again Exclude Evidence and Argument Regarding These Equity Offers in This Case.

This motion *in limine* is **GRANTED** by agreement of the parties as follows: No party will make any reference to the existence or amount of any investment in or payment to Headwater or ItsOn by Verizon, and no party will make any reference to the existence or amounts of solicitations or offers for Verizon to invest in Headwater or ItsOn.

5. Plaintiff's <u>MIL No. 5</u>: Exclude Evidence or Argument Regarding Alleged Spoliation or Failure to Preserve Documents or ESI by Headwater or ItsOn.

This motion *in limine* is **GRANTED**. However, the parties may explain that certain pieces of evidence are no longer available after the liquidation of ItsOn in 2018, but may not comment on whether the evidence should have been preserved or by whom, unless leave is granted by the Court.

**B. Verizon's Motions *in Limine* (Dkt. No. 240)**

1. <u>Defendants' **MIL No. 1**</u>: No argument or evidence that ItsOn practiced or embodied Headwater's patents.

This motion *in limine* is **DENIED**.

2. <u>Defendants' **MIL No. 2**</u>: No argument or evidence that Verizon or any third party copied ItsOn.

This motion *in limine* is **GRANTED** as to no argument or evidence copying by Verizon but is otherwise **DENIED** (as to copying by any non-parties).

3. <u>Defendants' **MIL No. 3**</u>: No argument or evidence regarding Headwater's or ItsOn's communications, interactions, or prior relationship with Verizon.

3

This motion *in limine* is **GRANTED** by agreement as to investments made by Verizon into Headwater Research or ItsOn. The Motion is otherwise **DENIED**.

4. <u>Defendants' **MIL No. 4**</u>: No argument or evidence regarding Mr. Russell's lawsuit or the allegations therein.

This motion *in limine* is **GRANTED** in view of the agreement of the parties precluding reference to the complaint that Mr. Russell filed against Verizon, the claim of retaliation against Mr. Russell, and all allegations of reverse engineering by Defendants. The Motion is otherwise **DENIED**.

5. <u>Defendants' **MIL No. 5**</u>: No argument or evidence regarding irrelevant and prejudicial figures that risk skewing the damages horizon, including through improper post-judgment royalties.

This motion *in limine* is **CARRIED** to be addressed in connection with the *Daubert* motion addressing Plaintiff's damages expert, Dr. Bazelon.

6. <u>Defendants' **MIL No. 6**</u>: Plaintiff shall not present evidence, testimony, or argument that Defendants' fact witnesses have not read the patents-in-suit or formed opinions regarding the patents-in-suit unless the witnesses were designated on such topics; and shall not present any argument, evidence, or testimony suggesting that a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic.

This motion *in limine* is **GRANTED**[1] by agreement of the parties as follows:

---

[1] Accordingly, Defendant Motion for Leave to File a Sixth Motion *In Limine* (Dkt. No. 243) is **GRANTED**.

Plaintiff shall not present evidence, testimony, or argument that Defendants' fact witnesses have not read the patents-in-suit or formed opinions regarding the patents-in-suit unless the witnesses were designated on such topics. However, Plaintiff is permitted to confirm that a fact witness is not testifying as an expert and was not applying claim language in his or her direct testimony. Plaintiff is also permitted to confirm with a fact witness that their role in the trial is not to provide expert opinions about the patents-in-suit.

In addition, the parties shall not present any argument, evidence, or testimony suggesting that a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic. However, a party is permitted to question the opposing party's corporate representative at trial regarding that opposing party's high-level positions taken in the litigation and at trial (regarding infringement, invalidity, and damages). For clarity, this MIL is not intended to circumvent the MILs set forth in the Court's Standing Order on Motions *in Limine*.

**SIGNED this 4th day of June, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE