IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC., CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, and VERIZON CORPORATE SERVICES GROUP, INC.,<br><br>*Defendants*. | Case No. 2:23-cv-00352-JRG-RSP |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment of Non-Infringement for the '042 Patent, filed by Defendants Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, and Verizon Corporate Services Group, Inc. **Dkt. No. 181**. For the reasons discussed below, the Motion should be **GRANTED**.

### I. BACKGROUND

Defendants' Motion focuses on Plaintiff Headwater Research LLC's infringement allegations with respect to U.S. Patent No. 9,198,042. *See generally id.* Defendants argue that they are entitled to summary judgment of non-infringement of the '042 Patent based on Plaintiff's infringement theory failing to meet the limitations found in Claim 1[a] and 1[b].[1] *Id.*

Claim 1 of the '042 Patent recites as follows:

**1.** A method comprising:

    receiving, over a service control link, a report from a wireless end-user device, the report comprising information about a device service state;

    determining, based on the report, that a particular service policy setting of the wireless end-user device needs to be modified, the particular service policy setting being

---

[1] Plaintiff asserts that Defendants infringe claims 1, 6, 9, 12, and 13 of the '042 Patent. Dkt. No. 181 at 1-2. Claims 6, 9, 12, and 13 of the '042 Patent depend from Claim 1. '042 Patent at 20: 12-14, 20: 22-23, 20: 32-33, 20: 34-35.

>> stored in a protected partition of the wireless end-user device, the protected partition configured to deter or prevent unauthorized modifications to the particular service policy setting, the particular service policy setting being associated with a service profile that provides for access by the wireless end-user device to a network data service over a wireless access network, the particular service policy setting configured to assist in controlling one or more communications associated with the wireless end-user device over the wireless access network; and
>
> is [*sic*] in response to determining that the particular service policy setting needs to be modified, sending configuration information to the wireless end-user device over the service control link, the configuration information configured to assist in modifying or allowing modifications to the particular service policy setting.

'042 Patent at 19: 22-45. The Court construed certain terms in the '042 Patent. *See generally* Dkt. No. 140. This included construing "device service state" as "the condition of the device as it relates to operation of a DAS[2] system at a point in time." *Id.* at 17.

## II.     APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

---

[2] "DAS" refers to device assisted services. Dkt. No. 140 at 5.

2

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### III.  ANALYSIS

#### A.  Claim Limitation 1[a]

Defendants argue that Verizon's network does not receive a "report comprising information about a device service state" as required by limitation 1(a) of the '042 Patent. Dkt. No. 181 at 4. Defendants argue that it is undisputed that the accused device sends a request, not a report, to the network, and the network responds by providing a protocol configuration option ("PCO") value, which is merely a description of the device's general capabilities. *Id.* Defendants assert that "sending the PCO request has nothing to do with the 'condition' of the device 'at a moment in time'—the device always will, or never will, send the request, depending on whether it supports PCO values." *Id.*

Plaintiff responds that Verizon's Attach/PDN request messages provide a report with information regarding the device's service state and satisfy the claim requirement. Dkt. No. 210 at 2-3. Plaintiff asserts that Verizon's Attach/PDN request messages report information regarding the device's current condition, including that the device is configured and ready to handle a new PCO value in the FF00H container. *Id.*

The Court finds that a genuine dispute of material fact remains regarding whether Verizon's network receives a "report … about a device service state." Plaintiff has adduced sufficient evidence that Verizon's Attach/PDN request messages convey information regarding the condition of the device as it relates to the operation of the DAS system at a point in time. For example, there is evidence in the record that the Attach/PDN request messages include the user equipment's PDN connection status and that the device is configured to receive the FF00H PCO value. The Court finds that the question of whether Verizon's Attach/PDN request messages satisfy the "report" requirement of limitation 1[a] is a disputed fact question squarely within the province of the jury and, thus, summary judgment should be denied.

### B. Claim Limitation 1[b]

Defendants argue that the '042 Patent requires that "after receiving the report, the network must 'determine, based on the report, that [a setting] of the wireless end-user device needs to be modified.'" Dkt. No. 181 at 5-6. Defendants argue that the Verizon network "determines, on its own, the correct PCO value to send, and then it sends that information." *Id.* at 5. Defendants assert that the network does not consider the current PCO value at all in responding to the request and, thus, the network never "determin[es]" that a setting on the device "needs to be modified" as required by the claims. *Id.* at 5-6. Instead, it "blindly sends the PCO value to the device every time it is asked to . . . ." *See id.* at 6.

Plaintiff responds that "[t]he whole purpose of Verizon's PCO-based DAS system is to enable the network to modify traffic control policies on the device." Dkt. No. 210 at 3-4. Plaintiff asserts that "this undisputedly happens when the network determines that a different traffic control policy should be applied by the device (e.g., determines that PCO value 2 or 3 should be sent when stored PCO value is 0 or vice versa)." *Id.* Plaintiff argues that "contrary to [Defendants']

4

arguments, the claim does not require an explicit, real-time comparison between the currently stored value and the newly assigned value." *Id.* at 4. Plaintiff contends that "[t]he claim permits the network to determine that the device's service policy setting needs to be modified without receiving the stored value on the device." *Id.*

The Court agrees with Defendants that Plaintiff lacks evidence to show that Verizon's network "determin[es]" that a setting on the device "needs to be modified" as required by the claims. While the Court agrees that "the claim does not require an explicit, real-time *comparison* between the currently stored value and the newly assigned value," the Court disagrees that "[t]he claim permits the network to determine that the device's service policy setting needs to be modified *without receiving the stored value on the device*."

The claim language is clear: "determining, *based on the report*, that a particular service policy setting of the wireless end-user device needs to be modified . . . ." Thus, under the plain reading of the claim, for the Verizon network to infringe, the Verizon network must determine whether a setting needs to be modified based on the report the Verizon network receives.[3] As discussed above, the Court finds that Verizon's Attach/PDN request messages could qualify as a "report" and, thus, this is a factual dispute for the jury to decide. However, under limitation 1[b], the Verizon network must consider the request message and determine whether a setting needs to be modified. Plaintiff does not dispute that in response to receiving a request, the Verizon network *blindly* sends the appropriate PCO value without ever considering the current PCO value.[4]

---

[3] The parties also dispute whether the Verizon network meets the "modified" requirement in limitation 1[b]. The Court does not find it necessary to resolve this dispute to rule on the Motion.

[4] Plaintiff's opposition and sur-reply focus on whether the Verizon network meets the "modified" requirement in limitation 1[b], but do not substantively dispute that the Verizon network does not consider the Attach/PDN request messages in determining whether a setting needs to be modified. *See generally* Dkt. No. 210; *see also* Dkt. No. 263. Plaintiff's expert, in conclusory fashion, simply states that the network determines that the policy needs to be modified, but provides no evidence or argument that the determination is based on the Attach/PDN request messages. *See* Dkt. No. 210-4 ¶¶ 69-71.

The Court agrees with Defendants that a "network that blindly sends the PCO value to the device every time it is asked to do so cannot possibly be found to 'determine' that a PCO value 'needs to be modified.'" Plaintiff does not provide any evidence or testimony that the network's determination is based on the report.

Accordingly, the Court recommends granting summary judgment of non-infringement of the asserted claims of the '042 Patent.

## IV.     CONCLUSION

For the reasons discussed above, the Court recommends that Defendants' Motion be **GRANTED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 4th day of June, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

6