IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>VERIZON COMMUNICATIONS INC., §<br>CELLCO PARTNERSHIP d/b/a VERIZON §<br>WIRELESS, and VERIZON CORPORATE §<br>SERVICES GROUP, INC., §<br>§<br>*Defendants*. § | Case No. 2:23-cv-00352-JRG-RSP |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Partial Summary Judgment that Plaintiff Headwater's Damages are Limited by 35 U.S.C. § 287, filed by Defendants Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, and Verizon Corporate Services Group, Inc.. **Dkt. No. 188**. In it, Defendants argue that Plaintiff's damages should be limited for failure to comply with the requirements related to patent marking. For the reasons discussed below, the Motion should be **GRANTED** as to Plaintiff not having given pre-suit actual notice to Defendants, and otherwise **DENIED**.

### I.   BACKGROUND

On July 28, 2023 Plaintiff Headwater Research LLC filed suit against Defendants, asserting that they infringe four of its patents: U.S. Patent Nos. 8,589,541; 8,924,543; 9,198,042; and 9,215,613. Dkt. No.1 at 1. On January 29, 2025, the Parties agreed to dismiss the '543 Patent. Dkt. No. 144.

On May 24, 2024, Defendants sent Plaintiff an *Arctic Cat* letter identifying products that Defendants allege were not properly marked pursuant to 35 U.S.C. § 287. *See generally* Dkt. No. 188-15.

On April 3, 2025, Defendants filed the instant Motion for Partial Summary Judgment, asserting that Plaintiff should be limited to post-suit damages for its failure to comply with 35 U.S.C. § 287. *See generally* Dkt. No. 188.

## II.   APPLICABLE LAW

### A. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No.

2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### B. Patent Marking

It is the plaintiff's burden to prove it provided actual notice of infringement or provided constructive notice through compliance with 35 U.S.C. § 287(a). *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*"). "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). Alternatively, for constructive notice, the plaintiff has the burden to prove compliance with § 287 after an alleged infringer identifies "unmarked 'patented Articles' subject to § 287." *Arctic Cat I*, 876 F.3d at 1368. The initial burden borne by the alleged infringer to identify such Articles is a "low bar." *See Packet Intel. LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1313 (Fed. Cir. 2020). Once it has met this low bar, the burden shifts to the plaintiff to show that the products identified were either adequately marked or not subject to a marking requirement. *See id.* "In the event of failure so to mark, no damages shall be recovered" until actual notice is given. 35 U.S.C. § 287(a). However, "a patentee who begins selling unmarked products can cure noncompliance with the notice requirement and thus begin recovering damages by beginning to mark its products in accordance with the statute." *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*"). Filing an action for infringement constitutes actual notice. *Packet Intel.*, 965 F.3d at 1313.

### III.   ANALYSIS

#### A. Actual Notice

In the Motion, Defendants argue that Plaintiff never provided them with actual notice until

the filing of the instant suit. Dkt. No. 188 at 5-6.

In response, Plaintiff appears to dispute this and argues that Defendants did have actual pre-suit notice. *See* Dkt. No. 202 at 1 (citing Dkt. No. 188-2; Dkt. No. 188-4). The entirety of its arguments and the evidence it cites in support, however, rest on the notion that Verizon was *aware* of the patents; Plaintiff never points to anything showing that *it provided anything* to Defendants. *See id.*; *see also* Dkt. No. 188-2 ("Verizon had a great deal of *knowledge* about Headwater's patent portfolio. They actually invested in Headwater. Part of their diligence in the investment was looking into Headwater's patent portfolio."); *see also* Dkt. No. 188-4 ("Defendants have had *knowledge* of or were willfully blind to the [asserted patents] . . . .").

Because of this, the Court is unpersuaded by Plaintiff's arguments. Showing that Verizon was aware of the patents at issue is insufficient to show the required notice of infringement. *See generally Lans v. Digital Equip. Corp.*, 252 F.3d 1320 (Fed. Cir. 2001). Notice is an affirmative act. *Id.* Therefore, the inquiry concerns the plaintiff's actions, not the defendant's knowledge. *Id.* Here, because Plaintiff has not shown that it provided actual notice to Defendants, the Court finds that summary judgment of no pre-suit actual notice should be **GRANTED**.

    **B. Constructive Notice**

        **1. The '613 Patent**

In the Motion, Defendants assert that Plaintiff did not mark for the '613 Patent and cannot carry its burden to show that the ItsOn products did not practice the claims of the '613 Patent. Dkt. No. 188 at 6.

In response, Plaintiff concedes that the '613 Patent never appeared on its virtual marking page, but that it has sufficient evidence to show that the ItsOn products did not practice the '613 Patent. Dkt. No. 202 at 6. Specifically, Plaintiff points to the report of its expert Dr. Wesel, in

4

which Plaintiff asserts that he opines that the ItsOn products don't practice the '613 Patent (citing Dkt. No. 188-8 at ¶¶ 86-91); Dr. Wesel's associated deposition testimony (citing Dkt. No. 202-11 at 203:20-204:6, 204:25-206:25); and the deposition testimony of Mr. de la Iglesia (citing Dkt. No. 188-16 at 220:12-24). Plaintiff further points to the testimony of several fact witnesses. *Id.*

The Court finds that summary judgment is inappropriate here. First, the Court notes that, despite it being a "low bar," in order for an alleged infringer to successfully carry its burden via an *Arctic Cat* letter, it must identify products that "*it believes* are unmarked patented Articles." *Arctic Cat I*, 876 F.3d at 1368 (emphasis added) (internal quotations omitted). Accordingly, sending such notice to a plaintiff acts as a concession by the alleged infringer that it believes the instrumentality at issue practices the asserted claims.

Here, however, Defendants never stated that they believed that the ItsOn products practiced the claims of the patents at issue. *See generally* Dkt. No. 188-15. They merely asserted that Plaintiff had once contended that the products practiced the '613 Patent. *See id.* Accordingly, Defendants failed to carry their burden from the outset. However, since Plaintiff never objects on this basis, it has waived this argument. *See generally* Dkt. No. 202.

The state of the record as of the filing of the instant Motion was that both parties agreed that the ItsOn products did not practice the asserted patents. *See e.g.* Dkt. No. 188 at 1; *compare e.g.* Dkt. No. 188-8 at ¶ 86. Thus, the Motion can be denied on this basis alone. Regardless, and in the alternative, there remains a genuine dispute of material fact as discussed below.

Turning to the parties' arguments, the Court disregards Plaintiff's arguments concerning fact witnesses. Fact witnesses are generally not competent to testify as to whether a product practices a patent claim. This case is no exception. *See generally* FED. R. EVID. 701.

Regardless, Plaintiff's experts do opine that the ItsOn products do not practice the '613

Patent. For example, in Dr. Wesel's report, he states that "I understand that ItsOn . . . did not practice Headwater's '613 Patent." Dkt. No. 188-8 at ¶ 86. He based this opinion on his review of the '613 Patent, discussions with ItsOn personnel, and other evidence that ItsOn developed with one of the carriers. *See id.* at ¶¶ 87-91.

Accordingly, the motion for summary judgment should be **DENIED** as to the '613 Patent.

### 2. The '541 Patent

In the Motion, Defendants argue that Plaintiff cannot demonstrate sufficient marking for the '541 Patent. Dkt. No. 188 at 7. In support of this, they forward three arguments. First, they assert that Plaintiff was able to physically mark the products at issue, but did not do so (marking only via the virtual marking page), and that it cannot establish that it was not feasible to physically mark. *See id.* at 7-8.

Second, they assert that Plaintiff has not proven that it included a link on all practicing products. *Id.* at 8. Specifically, they contend that as many as 8 million Sprint devices did not contain a link to ItsOn's virtual marking page. *Id.* Thus, argue Defendants, Plaintiff did not comply with marking requirements on "substantially all of" the accused products. *Id.* (quoting *Am. Med. Sys. v. Med. Eng'g Coy.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993)).

Third, they assert that the virtual marking page does not sufficiently tie ItsOn products to specific patents. *Id.* Specifically, they allege that "the entirety of ItsOn's marking website was a list of patents with the following text: 'ItsOn services and devices are protected by patents in the U.S. and elsewhere. This notice is provided to satisfy the virtual patent marking provisions of various jurisdictions, including ... § 287 .... The ItsOn service, and the devices that provide the ItsOn service, embody technology claimed in the following U.S. Patents.'" *Id.* (quoting Dkt. No. 188-13; Dkt. No. 188-14). Defendants contend that nowhere on the marking page is any individual

6

product linked with any particular listed patent(s), nor is a specific ItsOn product even identified on the website. *Id.* Because Plaintiff does not contend that all of the ItsOn products practice all of the patents listed on the ItsOn notice page, ItsOn's website did not comply with § 287(a) since it did not "associate[] the [allegedly] patented Article with the number of the patent." *Id.* at 8-9 (quoting 35 U.S.C. § 287(a)) (further citing *VLSI Tech. LLC v. Intel Col T.*, 2021 WL 2773013, *3 (W.D. Tex. Apr. 12, 2021) ("[A] mere direction to an Internet website that simply lists patents—without mentioning associating any patent with a specific patented Article—does not satisfy the marking obligation as a matter of law.")).

In response to the first point, Plaintiff argues that Defendants point to no case law stating such a proposition, and that the case law on point merely requires a showing that virtual marking is commensurate with physical marking. Dkt. No. 202 at 10 (citing *Egenera Inc v. Cisco Sys., Inc.*, 547 F. Supp. 3d 112, 126 (D. Mass. 2021)).

In response to the second point, Plaintiff argues that, to the extent that there were any deficiencies in marking, they were cured by not later than June 7, 2017, which is before the July 2017 damages period began. *Id.* at 7-8 (citing *Arctic Cat II*, 950 F.3d at 864). Therefore, argues Plaintiff, it is entitled to recover full damages. *See id.* at 7. Specifically, Plaintiff asserts that before the damages period began, the allegedly unmarked postpaid devices were deactivated with the ItsOn software removed. *Id.* (citing Dkt. No. 202-2; Dkt. No. 202-6; Dkt. No. 202-8; Dkt. No. 202-9; Dkt. No. 202-10; Dkt. No. 202-11; Dkt. No. 202-19). As to the prepaid devices,[1] Plaintiff asserts that these were being consistently marked by February 1, 2016 with the '541 Patent added to the

---

[1] Defendants do not argue that the prepaid devices were improperly marked. *See* Dkt. No. 188 at 8. However, it appears that Plaintiff addresses the prepaid devices regardless because Defendants bring them up in their "Statement of Undisputed Material Facts" section (*See id.* at 3) and because Defendants contend that these devices are deficiently marked Articles as a part of their *Arctic Cat* letter (*Id.* at 4-5).

For completeness, the Court addresses both the postpaid and prepaid devices.

7

virtual marking page by then. *Id.* at 7-8 (citing Dkt. No. 202-4; Dkt. No. 202-5).

Further, Plaintiff asserts that it undertook reasonable efforts to ensure Sprint's compliance with marking obligations and points to *Maxwell v. J. Baker, Inc.* which provides "[w]ith third parties unrelated to the patentee ... [w]hen the failure to mark is caused by someone other than the patentee, the court may consider whether the patentee made reasonable efforts to ensure compliance with the marking requirements." *Id.* at 10-11 (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111-12 (Fed. Cir. 1996)). Plaintiff contends it had an agreement with ItsOn requiring ItsOn to mark and ItsOn had an agreement with Sprint requiring Sprint to mark its products which included the ItsOn software. *Id.* at 11.

In response to the third point, Plaintiff argues that the website clearly associates the ItsOn service and devices providing the ItsOn service as embodying the claims of the listed patents. *Id.* at 8-10 (citing Dkt. No. 188-13 ("The ItsOn service, and the devices that provide the ItsOn service, embody technology claimed in the following U.S. Patents . . . ."); Dkt. No. 188-14 at 1). Headwater further contends the phones themselves directly associate the particular version of the software with the patents by linking users of the software to those patents. *Id.* (citing Dkt. No. 202-10; Dkt. No. 202-14; Dkt. No. 202-16; Dkt. No. 202-17; Dkt. No. 188-8; Dkt. No. 188-14).

The Court finds that summary judgment is inappropriate here.

As with the '613 Patent, Defendants failed to carry their burden from the outset with respect to their *Arctic Cat* letter by not stating that they "believed" the ItsOn products practice the '541 Patent. *See generally* Dkt. No. 188-15. Again, however, Plaintiff waived any objection on this basis by not arguing it in its briefing. *See generally* Dkt. No. 202.

Regarding Defendants' first point, the Court is unpersuaded, particularly in view of Defendants' failure to cite any law supporting their assertion regarding feasibility. Plaintiff need

not show that it was not feasible to physically mark; it needs merely to show that the virtual marking was commensurate with physical marking. As seen from the arguments and analysis concerning Defendants' third point, Plaintiff has demonstrated, at minimum, a genuine dispute of material fact on this issue.

Regarding Defendants' second point, the Court finds that there is a genuine dispute of material fact here. As we previously found in *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:22-cv-00422 (hereinafter "*Headwater I*") "[Plaintiff] has shown that Sprint [had already] began the termination of its agreement with ItsOn as to the post-paid phones . . . . This began the process of removing ItsOn's software from post-paid phones. *Headwater I*, 2024 WL 3843760 at *4 (E.D. Tex. July 15, 2024). If Plaintiff's evidence is believed, then this was completed before the damages period began and, therefore, there is no marking issue with respect to the postpaid devices in line with *Arctic Cat II*. *See Arctic Cat II*, 50 F.3d at 864. Further, the Court found in *Headwater I* that the "ItsOn's agreement provided Sprint 'shall reproduce on each copy, any notice of patent.'" *Headwater I*, 2024 WL 3843760 at *4. This is sufficient to create a triable issue of fact with respect to whether Plaintiff undertook reasonable efforts to comply with the marking statute in line with *Maxwell v. J. Baker, Inc.*. *Maxwell*, 86 F.3d 1111-12.

Regarding Defendants' third point, the Court finds that there is a genuine dispute of material fact here. As we previously found in *Headwater I*, while virtual marking requires a website "that associates the patented Article with the number of the patent" (35 U.S.C. § 287(a)), we do not find that this must include an exacting recitation of every version or release of software or every particular product running the same software. The language that "[t]he ItsOn service, and the devices that provide the ItsOn service, embody technology claimed in the following U.S. Patents" is sufficient to associate the ItsOn service with the listed patents. While "the ItsOn

service" may appear to broadly refer to all manner of offerings from ItsOn this refers only to a single offering, the ItsOn service. As such, while generally contending a variety of different services practice a long list of patents might not properly associate the marked Article with practiced patents, the Court is not convinced that is the case here.

### 3. The '042 Patent

The parties' arguments regarding the '042 Patent mirror those for the '541 Patent. *See* Dkt. No. 188 at 9; *compare* Dkt. No. 202 at 7-11.  Accordingly, the Court finds that summary judgment is inappropriate as to the '042 Patent (on this motion) as well.

### IV.    CONCLUSION

For the reasons discussed above, the Court recommends that the Motion should be **GRANTED** as to Plaintiff not having given actual pre-suit notice to Defendants, and otherwise **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 4th day of June, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE