# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § § *Plaintiff*, § § v. § § VERIZON COMMUNICATIONS INC., § CELLCO PARTNERSHIP d/b/a VERIZON § WIRELESS, and VERIZON CORPORATE § SERVICES GROUP, INC., § § *Defendants*. § | Case No. 2:23-cv-00352-JRG-RSP |

## REPORT AND RECOMMENDATION

Before the Court is the Partial Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 8,589,541 and 9,215,613, filed by filed by Defendants Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, and Verizon Corporate Services Group, Inc.. **Dkt. No. 183**. For the reasons discussed below, the Motion should be **DENIED**.

### I. APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion

for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II.    ANALYSIS

Defendants argue summary judgment of non-infringement is warranted for all Android devices, as set forth in their co-pending Motions: Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 8,589,541 (Dkt. No. 177) and Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 9,215,613 (Dkt. No. 180). *See* Dkt. No. 183 at 1.  The Court has already addressed both of the above motions. *See* Dkt. Nos. 309 and 311.  Accordingly, the instant Motion on this basis should be denied as moot.

Defendants also, however, argue that for all but three Android device manufacturers ("OEMs"), summary judgment is warranted because Plaintiff has no evidence to link its infringement theories to the accused devices. Dkt. No. 183 at 1. Specifically, Plaintiff alleges that Android OS is open-source, and that each OEM makes proprietary changes to the open-source code for its own devices. *Id.* (citing Dkt. No. 183-2 at 44:4–16). Defendants contend that the opinions of Plaintiff's infringement expert, Dr. Wesel, however, are based solely on the open-

source code and documentation. *Id.* (citing Dkt. No. 183-3 at ¶ 93). Thus, assert Defendants, Plaintiff must prove that the accused open-source OS functionalities are actually implemented in the accused devices. *Id.*

They acknowledge that Dr. Wesel cites evidence purportedly showing this is true for Samsung, Google, and Motorola (*Id.* (citing Dkt. No. 183-3 at ¶¶ 94–104)), but that Plaintiff accuses devices from nearly a dozen other OEMs—including from LG, HTC, and Nokia (*Id.* (citing Dkt. No. 183-4 at ¶ 17))—and that there is no evidence in the record about how (or if) these OEMs implement the accused features (*Id.*). Defendants state that Plaintiff never obtained discovery from any of these OEMs, and thus has no evidence to establish they implement the open-source OS features accused. *Id.* In support of this, they point back to Dr. Wesel's report which never even mentions these OEMs, instead asserting that the accused products "include … Google, Samsung, and Motorola" devices. *Id.* (citing Dkt. No. 183-3 at ¶ 94). They further point to the opinions of Plaintiff's damages expert, Mr. Bergman, which includes sales from all of the OEMs as a part of his damages model. *Id.* (citing Dkt. No. 183-5 at Schedule 3.2 (listing products from Blackberry, HTC, Kyocera, LG, Nokia, OnePlus, Sony, TCL, and ZTE)). As a result, Defendants assert that summary judgment should be granted with respect to these products. *Id.*

In response, Plaintiff argues that Dr. Wesel *does* link his Android infringement theories to all of the Android accused products, including those addressed in Defendants' Motion. Dkt. No. 211 at 1. It contends that, "[w]hile device manufacturers can make certain modifications to Android open source (AOSP) code, Google (as developer of the Android OS) explicitly requires ***all*** Android smartphones to include every one of the Android accused features." *Id.* (emphasis in original). "Because of this requirement," argues Plaintiff, "Dr. Wesel was able to conclude that every Android accused product infringes for essentially the same reasons—since each accused

3

feature is developed by Google and cannot be substantively changed by device manufacturers." *Id.* In support of this, Plaintiff points to Dr. Wesel's report. *Id.* at 1-2. For example, it directs the Court to paragraph 123 which reads:

> I have reviewed the **Android Compatibility Definitions** documents. The Android Compatibility Definitions documents *require* that Android smartphones implement AOSP **Doze, App Standby, Power Saving, and Data Saver** features—including each of the Accused Products, all of which implement Doze, App Standby (including app standby buckets also referred to as Adaptive Battery from Android 9.0 forward), Power Saving, and Data Saver modes—in respects that are materially the same as the descriptions of these features in AOSP code and on the android.developer.com web pages. This shows that the accused Android smartphones support the claim elements of the Asserted Claims, including under my analysis showing that an Android smartphone with any one or more of these features practices each element of the Asserted Claims. The relevant elements of Android OS are likewise a fundamental part of the Android framework which no operator has altered in a material way for purposes of infringement.

*Id.* at 1 (quoting Dkt. No. 176-7 at ¶ 123 (emphasis added by Plaintiff)), and "I understand that the Battery Saver, Data Saver, App Standby (later, Adaptive Battery), and Doze Mode are required to be in Android devices and can only be modified in certain limited circumstances" *Id.* (quoting Dkt. No. 176-7 at ¶ 100). Consequently, Plaintiff says that, at best, there is a factual dispute which precludes summary judgment.

The Court agrees with Plaintiff. While Defendants may disagree with the validity of Dr. Wesel's opinions, there is not, as Defendants contended, a complete lack of evidence. To the extent that Defendants disagree with Dr. Wesel, this a factual dispute to be resolved before a jury.

Accordingly, the Court concludes that Defendants' Motion should be **DENIED** on this basis as well.

### III. CONCLUSION

For the reasons discussed above, it is recommended that the Motion be **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report **by not later than June 18, 2025** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 11th day of June, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE