# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § Civil Action No. 2:23-cv-00352-JRG-RSP |
| VERIZON COMMUNICATIONS INC., et al, | § |
| | § |
| | § |
| Defendants. | § |

## SUPPLEMENTAL ORDER ON MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned case on May 30, 2025 and heard argument on the motions *in limine* filed by Plaintiff Headwater Research LLC (Dkt. No. 242) and Defendant Verizon Communications Inc. (Dkt. No. 240). The Court carried ruling on Defendants' motion *in limine* 5 until it had reviewed the filings in connection with Defendants' Daubert Motion and Motion to Strike Opinions and Testimony of Plaintiff's Expert Coleman Bazelon. Dkt. No. 186. Having now done so, the Court issues this Supplemental Order resolving Defendants' MIL No. 5.

This Supplemental Order in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

   A. **Verizon's Motions *in Limine* (Dkt. No. 240)**

   Defendants' **MIL No. 5**: No argument or evidence regarding irrelevant and prejudicial figures that risk skewing the damages horizon, including through improper post-judgment royalties.

This motion *in limine* is **GRANTED** to the following extent, the Court having determined that the figures set out are not necessary to the expert's analysis. Plaintiff is precluded from discussing or showing to the jury, without prior leave of Court:

(1) Verizon's generating of $77 Billion in revenue in 2023;

(2) T-Mobile's generating of $63 Billion in revenue in 2023;

(3) AT&T's generating of $63 Billion in revenue in 2023;

(4) the wireless telecommunications industry's generating of $210 Billion in revenue in 2023;

(5) the wireless telecommunications infrastructure and network equipment industry's generating of $39 Billion in revenue in 2024;

(6) forecasted projected smartphone sales being over $109 Billion for 2024;

(7) smartphone sales being over $102 Billion for 2023;

(8) total costs associated with secondary market sales of spectrum:[1] the $3.5 Billion sale between T-Mobile and Columbia and the $1 Billion sale between Verizon and US Cellular; and

(9) the calculated total value of Verizon's spectrum holdings at $155 Billion or its calculated constituent components: the $98 Billion sub-2.5 GHz value, the $7 Million 2.5 GHz value, and the $57 Billion 3.7 GHz value.

Further, the motion *in limine* is **GRANTED by agreement** of the parties that Plaintiff is precluded from discussing or showing (1) total revenues generated by FCC

---

[1] Defendants additionally complain of a "$2.7 Billion" figure. Dkt. No. 186 at 6. Having reviewed Dr. Bazelon's report, the Court is unable to find such a figure. Accordingly, it is not a part of this Supplemental Order on the Motions *in limine* due to a lack of evidence. Should the $2.7 Billion figure appear in the future, the Court would consider it subject to this Order.

spectrum auctions, including the $41 Billion generated by Auction 97; and (2) carrier spending in general.

Nothing in the foregoing prevents Plaintiff from presenting the numbers shown in Tables 5 and 6 in Dr. Bazelon's report.

**SIGNED this 13th day of June, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE