# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.,<br>CELLCO PARTNERSHIP d/b/a VERIZON<br>WIRELESS, and VERIZON CORPORATE<br>SERVICES GROUP, INC.,<br><br>*Defendants*. | Case No. 2:23-cv-00352-JRG-RSP |

## ORDER

Before the Court is the Motion to Strike Certain Opinions and Testimony of Defendants' Expert Mark Lanning, filed by filed by Plaintiff Headwater Research LLC. **Dkt. No. 174**. For the reasons discussed below, the Motion is **DENIED**.

### I.  BACKGROUND

On July 28, 2023 Plaintiff Headwater Research LLC filed suit against Defendants, asserting that they infringe four of its patents: U.S. Patent Nos. 8,589,541; 8,924,543; 9,198,042; and 9,215,613. Dkt. No.1 at 1. On January 29, 2025, the Parties agreed to dismiss the '543 Patent. Dkt. No. 144.

On June 5, 2025, the Court recommended that Defendants' Motion for Summary Judgment of Non-Infringement for the '042 Patent (Dkt. No. 181) should be granted (Dkt. No. 303).

### II.  APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product

of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while

exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

### III.   ANALYSIS

In the Motion, Plaintiff asserts that Mr. Lanning's opinions that certain 3GPP specifications render obvious the asserted claims of the '042 patent should be excluded.

As discussed in Section I above, the Court has already recommended that summary judgment be granted that Defendants do not infringe the '042 Patent. If the Report and Recommendation is not adopted, this Motion will be further considered.

Accordingly, the Motion is **DENIED AS MOOT**.

**SIGNED** this 15th day of June, 2025.

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE