# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> VERIZON COMMUNICATIONS INC., § <br> CELLCO PARTNERSHIP d/b/a VERIZON § <br> WIRELESS, and VERIZON CORPORATE § <br> SERVICES GROUP, INC., § <br> § <br> *Defendants*. § | Case No. 2:23-cv-00352-JRG-RSP |

## ORDER

Before the Court is the Daubert Motion and Motion to Strike the Opinions of Todor Cooklev, filed by filed by Defendants Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, and Verizon Corporate Services Group, Inc.. **Dkt. No. 185**. For the reasons discussed below, the Motion is **DENIED**.

## I.   BACKGROUND

On July 28, 2023 Plaintiff Headwater Research LLC filed suit against Defendants, asserting that they infringe four of its patents: U.S. Patent Nos. 8,589,541; 8,924,543; 9,198,042; and 9,215,613. Dkt. No.1 at 1. On January 29, 2025, the Parties agreed to dismiss the '543 Patent. Dkt. No. 144.

On June 5, 2025, the Court recommended that Defendants' Motion for Summary Judgment of Non-Infringement for the '042 Patent (Dkt. No. 181) should be granted (Dkt. No. 303).

On June 16, 2025, the Court addressed Defendants' Motion for Summary Judgment of No Pre-Suit Willful Infringement, Indirect Infringement, or Copying (Dkt. No. 182) and recommended, *inter alia*, that the Motion should be granted as to no copying by Verizon (Dkt. No. 325).

## II. APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law)

("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

### III.  ANALYSIS

In the Motion, Defendants ask the Court to strike various sections of both Dr. Cooklev's Opening Report and his Rebuttal Report. *See generally* Dkt. No. 185.

Both of Dr. Cooklev's reports are concerned exclusively with the '042 Patent. Cooklev Opening Report at ¶¶ 1, 3; Cooklev Rebuttal Report at ¶¶ 1, 3. As discussed in Section I above, the Court has already recommended granting summary judgment that Defendants do not infringe the '042 Patent.[1]

Accordingly, the Motion is **DENIED AS MOOT**.

**SIGNED this 16th day of June, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes, however, that if the Report and Recommendation (Dkt. No. 303) is not adopted, the instant Motion will be considered further.