UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>CELLCO PARTNERSHIP, D/B/A VERIZON WIRELESS, and VERIZON CORPORATE SERVICES GROUP INC.,<br><br>*Defendants.* | Case No. 2:23-cv-00352-JRG-RSP |

**PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF <u>NONINFRINGEMENT FOR THE '042 PATENT</u>**

Pursuant to Rule 72(b), Headwater respectfully objects to Magistrate Judge Payne's Report and Recommendation granting Defendants Verizon Communication Inc., Cellco Partnership d/b/a Verizon Wireless, and Verizon Corporate Services Group, Inc. (collectively, "Verizon") Motion for Summary Judgment of Non-Infringement of the '042 Patent (Dkt. 303). A Court must make a *de novo* determination of the portions of the R&R to which an objection is made. *Kreimerman v. Casa Veerkamp, S.A. de C. V.*, 22 F.3d 634, 646 (5th Cir. 1994); Fed. R. Civ. P. 72(b).

    I.    **Headwater Presented Sufficient Evidence to Raise a Triable Fact Issue Regarding Whether Verizon Infringes the '042 Patent**

Verizon filed a Motion for Summary Judgment of Non-Infringement of the '042 Patent, arguing that Headwater failed to show that Verizon satisfied limitations 1[a] and 1[b] of claim 1 of the '042 Patent. Magistrate Judge Payne found that Headwater has adduced sufficient evidence that Verizon's network meets limitation 1[a]. He also found, however, that Headwater lacked sufficient evidence as to limitation 1[b] and on that basis issued the R&R recommending that

Verizon' Motion be granted. Headwater respectfully objects to the R&R's finding regarding limitation 1[b]. It should be rejected and Verizon's Motion denied for the reasons below. Construing all material facts in Headwater's favor, sufficient evidence establishes that Verizon meets the limitation 1[b], or at least that it presents a genuine dispute of fact.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). Here, the R&R recommended summary judgment as to non-infringement of the '042 Patent based on limitation 1[b] of the '042 Patent. Headwater contends that this recommendation is contrary to the facts.

Limitation 1[b] requires the network to determine, based on the report received from the end-user device, that a particular service policy setting of the device needs to be modified. Dkt. 303 at 4. That is precisely what Verizon's network does. It determines that the PCO service policy setting needs to be modified based on the report from the device. As Verizon's 30(b)(6) designee testified: "The network would assign the [PCO] value, ***depending on what the device is asking***." Dkt. 210, Ex. D at 31:23-32:1. Indeed, as Headwater's expert Dr. Cooklev explained, the network receives the device report (ATTACH REQUEST and PDN CONNECTIVITY REQUEST messages) which informs the network that the device is ready to be configured with a new PCO value in the FF00H container. Based on this report, the network determines that the currently stored PCO value needs to be updated with the new value, i.e., modified. *See* Dkt. 210 at 2-4.

The R&R correctly found that "the claim does not require an explicit, real-time comparison

between the currently stored value and the newly assigned value" but nevertheless determined that the claim requires that the network receive the value stored on the device. *Id*. at 5. As Dr. Cooklev explained however, a POSITA would understand that Verizon's network determines, based on the device report, that the currently stored value needs to be modified without receiving the stored value. "For example, if the UE currently has unrestricted network data access (PCO=0) but the subscriber's service plan or condition changes (e.g., subscriber is out of credit, has hit a data usage limit, etc.) such that the UE's internet data access should be restricted, the network determines that the policy needs to be modified and sends PCO value 2 or 3." Dkt. 210, Ex. C, ¶70. The network's use of information beyond the device report does not preclude it from determining, based on that report, that the stored value needs to be modified—the claim does not require the determination to rely *solely* on the report.

Construing the facts in its favor, Headwater has cited sufficient evidence to at least establish that a genuine dispute of material fact regarding whether Verizon satisfies limitation 1[b].

## II. Conclusion

Based on the foregoing, this Court should not adopt the R&R and should deny Verizon's motion.

Dated: June 17, 2025

Respectfully submitted,

/s/ Marc Fenster
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712

Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Dale Chang
CA State Bar No. 248567
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
Adam S. Hoffman
CA State Bar No. 218740
Qi (Peter)Tong
TX State Bar No. 24119042
Mackenzie Paladino
NY State Bar No. 6039366
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Andrea L. Fair
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF, Headwater Research LLC**