IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.,<br>CELLCO PARTNERSHIP d/b/a VERIZON<br>WIRELESS, and VERIZON CORPORATE<br>SERVICES GROUP, INC.,<br><br>    *Defendants*. | § § § § § § § § § § § §  Case No. 2:23-cv-00352-JRG-RSP |

## **MEMORANDUM ORDER**

Before the Court is the Motion for Leave to Supplement Expert Reports Based on Newly Produced Discovery, filed by Plaintiff Headwater Research LLC. **Dkt. No. 195**. In the Motion, Plaintiff seeks leave to amend the expert reports of Dr. Wesel and Dr. Bazelon with information that Plaintiff asserts was only recently produced.

### **1. Supplementation of Reports with the Deposition of Verizon Witness Mr. Rice**

In the Motion, Plaintiff argues as follows: "On February 25, 2025, Headwater took the deposition of Steven Rice, who is Verizon's Vice President of Network Planning. Mr. Rice was first disclosed to Headwater in supplemental initial disclosures served on January 24, 2025, and Headwater requested his deposition that same day. The only availability offered for Mr. Rice was February 25, 2025, so Headwater took his deposition then." *Id.* at 2.

Plaintiff seeks leave to serve Dr. Bazelon's supplemental report, which it contends "briefly points out how Mr. Rice's testimony further supports the valuation methodology in Dr. Bazelon's opening report." *Id.* (citing Dkt. No. 195-3 at ¶¶ 9-12.)

In their sur-reply, Defendants represent that they do not oppose Plaintiff's request to serve the portions of Dr. Wesel and Dr. Bazelon's new reports that discuss Mr. Rice's testimony. Dkt. No. 275 at 3.

Accordingly, the Court hereby **GRANTS** the Motion as to the deposition testimony of Mr. Rice.

### 2. Supplementation of Reports with the Declaration of Motorola Declarant Mr. Spriggs

In the Motion, Plaintiff argues as follows: "On March 5, 2025, third party Motorola produced the Declaration of Kevin Spriggs Regarding Motorola Products. This production was made in response to Headwater's May 21, 2024 subpoena and supplemented Motorola's prior document production after extensive back-and forth between counsel for Headwater and Motorola. Dr. Wesel's supplement addresses this new document in a single paragraph, stating that it "further supports the opinions in [his] Opening Report related to the Motorola accused products" and reproducing relevant quotations from the declaration." Dkt. No. 195 at 2 (citing Dkt. No. 195-2 at ¶ 2).

In response, Defendants argue that:

Headwater served a subpoena on Motorola eleven months ago on May 21, 2024. On March 5, 2025, Motorola produced a declaration in response to the subpoena regarding its implementation of the accused features. Dr. Wesel does not rely on Motorola source code (or source code from any Android OEM) in his expert reports and instead relies on open-source Android code. The Motorola declaration testimony does not either change Dr. Wesel's substantive opinions. Dr. Wesel instead seeks to add to his report that the declaration "further supports the opinions in [his] Opening Report related to the Motorola accused products."

Because Motorola did not provide its declaration until March 5, 2025, and Dr. Wesel did not provide his supplemental report until after rebuttal expert reports were due, Verizon did not have the chance to seek additional discovery from Motorola regarding the source code discussed in the declaration or provide rebuttal analysis to Dr. Wesel's use of the declaration.

2

Dkt. No. 220 at 4.

The Court finds that Plaintiff has not shown sufficient diligence here. As Defendants correctly point out, Plaintiff served its subpoena on Motorola eleven months ago, which was early enough for Plaintiff to acquire the discovery in advance of the fact discovery deadline of February 7, 2025. Dkt. No. 145 at 4. Plaintiff's proffered excuse of having gone through an "extensive back-and-forth between counsel for Headwater and Motorola" is unpersuasive, particularly in view of the fact that this correspondence did not appear to begin in earnest until January of 2025. *See* Dkt. No. 196-4.

Accordingly, the Motion for Leave is **DENIED** as to the Declaration of Kevin Spriggs.

### 3. Supplementation of Reports with Apple Data

In the Motion, Plaintiff argues as follows: "On March 12, 2025, third party Apple produced APL-HEADWATER_00000716, containing new usage data for accused Apple devices. This production was made in response to Headwater's May 21, 2024 subpoena and supplemented Apple's prior document production after extensive back-and-forth between counsel for Headwater and Apple. This document was ultimately produced because an Apple representative testified in his January 9, 2025 deposition that Apple possessed this information, and Headwater promptly followed up with Apple's counsel the next day. Apple represented that it was looking into the request, and then stated that it would produce the responsive data in its possession, but delayed doing so for several weeks, during which Headwater followed up several times. Dr. Wesel's supplement addresses this new document in a single paragraph, stating it "is consistent with and further supports the opinions in [his] Opening Report" and calculating the effect the numbers disclosed in the document would have if applied to his calculations of data savings. Dr. Bazelon's

3

supplement addresses the document and Dr. Wesel's opinions relying on it, including the possible effect of Dr. Wesel's calculations on the opinions of Dr. Bazelon that rely on those calculations."

The Court finds that, while Plaintiff should have begun the process of acquiring the desired information sooner, it was sufficiently diligent here.

As with the other third parties, Plaintiff served its subpoena on Apple eleven months ago. However, unlike with Kevin Spriggs, Plaintiff only received confirmation of the existence of the data repository that it was interested in at the January deposition of the Apple witness. Further, Plaintiff has shown that it diligently followed up on this matter. *See* Dkt. No. 195-4.

Accordingly, the Motion for Leave is **GRANTED** as to the Apple Data.

### 4. Supplementation of Reports with the Deposition of Samsung Witness Mr. Schiksnis, and the Samsung Source Code

In the Motion, Plaintiff argues as follows: "On March 12, 2025, third party Samsung produced for deposition Michael Schiksnis, who was designated by Samsung to testify in response to Headwater's May 21, 2024 subpoena, after extensive back-and-forth between counsel for Headwater and Samsung. After months of correspondence and teleconferences, Samsung indicated it could obviate a deposition and production of source code by providing a declaration confirming certain information about the operation of Samsung's products and its document production—but ultimately Samsung declined to provide the declaration, necessitating the deposition of Mr. Schiksnis and a production of source code. Dr. Wesel's supplement addresses Mr. Schiksnis's deposition in a single paragraph, stating that it 'is consistent with and further supports the opinions in [his] Opening Report' and reproducing quotations from the deposition transcript." Dkt. No. 195 at 3 (citing Dkt. No. 195-2 at ¶ 4).

With respect to the Samsung source code, Plaintiff argues that "On March 14, 2025, third party Samsung first made available for inspection source code for the Samsung accused products,

4

in response to Headwater's May 21, 2024 subpoena, again after extensive back-and-forth. Dr. Wesel's supplement addresses this new source code in a single paragraph, stating that based on his review, this code 'is consistent with and further supports the opinions in [his] Opening Report.'" *Id.* at 3-4 (citing Dkt. No. 195-2 at ¶ 5).

Plaintiff has not shown diligence here. Plaintiff's arguments here are substantively identical to its arguments for the Declaration of Kevin Spriggs. As with third-party Motorola, Plaintiff served its subpoenas on Samsung eleven months ago, which was ample time for Plaintiff to acquire the discovery in advance of the fact discovery deadline of February 7, 2025. Dkt. No. 145 at 4. Also as before, Plaintiff's proffered excuse of having gone through an "extensive back-and forth between counsel for Headwater and Samsung" is unpersuasive, particularly in view of the fact that this correspondence did not appear to begin until January of 2025. *See* Dkt. Nos. 195-5, 196-6, 196-7.

Accordingly, the Motion for Leave is **DENIED** as to the Declaration of Miachel Schiksnis and the Samsung source code.

**SIGNED this 19th day of June, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE