IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> VERIZON COMMUNICATIONS INC., CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, and VERIZON CORPORATE SERVICES GROUP, INC., <br><br> *Defendants*. | § § § § § § § § § § § § § Case No. 2:23-cv-00352-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is the Motion to Reconsider Partial Denial of Plaintiff's Motion for Leave to Supplement Expert Reports Based on Newly Produced Discovery (Dkt. No. 347), filed by Plaintiff Headwater Research LLC. **Dkt. No. 353**. For the reasons discussed below, the Motion is **DENIED**.[1]

### I.   BACKGROUND

On April 8, 2025, Plaintiff filed a Motion for Leave to Supplement Expert Reports Based on Newly Produced Discovery. Dkt. No. 195. In it, Plaintiff sought leave to amend the reports of two of its experts—Dr. Wesel and Dr. Bazelon—with (1) the deposition of a Verizon witness, Mr. Rice; (2) the declaration of a Motorola declarant, Mr. Spriggs; (3) Apple data; and (4) the Deposition of a Samsung witness, Mr. Schiksnis, and Samsung source code. *See generally id.* In mid-March, Plaintiff received the above-requested materials from the various third parties. *See generally id.*

This was long after the fact discovery cutoff on February 7, 2025. Dkt. No. 145 at 4.

---

[1] For this reason, Plaintiff's Unopposed Motion to Expedite briefing on the instant motion (Dkt. No. 354) is **DENIED AS MOOT**.

On June 20, 2025, the Court issued its Order on this motion, ruling (*inter alia*) that the motion was denied as to items (2) and (4) for a lack of diligence on Plaintiff's part. *See generally* Dkt. No. 347. The Court explained that this was, in part, because "Plaintiff's proffered excuse of having gone through an 'extensive back-and-forth between counsel for Headwater and Motorola' is unpersuasive, particularly in view of the fact that this correspondence did not appear to begin in earnest until January of 2025." *Id.* at 3 (internal citations omitted); *see also id.* at 5 (The Court said nearly the same with respect to the Samsung items).

Plaintiff now seeks reconsideration as to those denials. Dkt. No. 353.

## II.   ANALYSIS

In the instant Motion, Plaintiff requests reconsideration as to the Motorola and Samsung items on the basis that Plaintiff was diligent. Specifically, Plaintiff asserts that, although it did not clearly articulate this in its initial motion or reply,[2] its correspondence with Motorola and Samsung began earlier than January; Plaintiff contends that the 'back-and-forth' began in September and June respectively, and that it continued from there until Plaintiff finally received its requested items in mid-March. *See id.* at 1, 3. Therefore, argues Plaintiff, this shows that it was diligent in its discovery efforts.

The additional details do not change the conclusion. As an initial matter, the Court said in its Order on Plaintiff's initial underlying motion that "The Court finds that Plaintiff has not shown sufficient diligence here" because "Plaintiff served its subpoena on Motorola eleven months ago, *which was early enough for Plaintiff to acquire the discovery in advance of the fact discovery deadline* of February 7, 2025." Dkt. No. 347 at 3 (emphasis added); *see also id.* at 5 (saying

---

[2] *See e.g.* Dkt. No. 353 at 3 ("Headwater regrets not being clearer about the extent of these communications in its Briefing," and "In retrospect, Headwater should have provided a more fulsome description of its communications with Samsung in its opening brief, as well as in its reply, to provide a clear record for the Court.")

2

substantively the same with respect to the Samsung items). We were merely pointing to the Plaintiff's proffered 'back-and-forth' as an example of this. However, regardless of the 'back-and-forth' beginning earlier than January, this still does not tip the scales.

We clarify that the primary reason for the denials was that Plaintiff had let the fact discovery deadline pass without *ever* seeking the assistance of the Court, even though (by the time of the February 7, 2025 cutoff) the subpoenas had been issued for more than eight months. Plaintiff, even after months of unfruitful discussion with Motorola and Samsung, *never* filed a motion to compel—not even when the deadline was upon them.[3] Plaintiff's argument that "[d]uring [the back-and-forth] process, Samsung and Motorola did not refuse to produce responsive materials, limiting Headwater's ability to seek Court intervention" (Dkt. No. 353 at 4) is unpersuasive. The failure to timely produce responsive materials can be raised with a Court just as well as the refusal to do so.

Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**.

**SIGNED this 25th day of June, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court acknowledges that compelling discovery in the responding party's home district can be challenging and time-consuming, but the failure to do so assures an inability to show diligence when seeking to use the late-produced discovery.