IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS and VERIZON CORPORATE SERVICES GROUP, INC.,<br><br>*Defendants*. | Civil Action No. 2:23-CV-00352-JRG-RSP |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT FOR THE '042 PATENT**

Headwater's Objections recycle the same meritless arguments it made in its prior briefing, and which Judge Payne expressly considered and rejected in issuing his Report and Recommendation that summary judgment of non-infringement for the '042 Patent is appropriate. Indeed, this is not a close call. Non-infringement is so plain that Headwater did not bother submitting a damages report for the '042 Patent; instead, Headwater seeks to use this patent as a Trojan Horse to introduce salacious and irrelevant facts that have nothing to do with the merits of this case. Dkt. No. 181 at 1, 3.

The asserted claims require two related steps. First, the claims require that the network receive a "report comprising information about a device service state," with "device service state" being construed to mean "the condition of the device . . . at a point in time." Dkt. No. 140 at 17. Second, the claims require that, after receiving the report about the condition of the device at a point in time, the network must "determine, based on the report, that [a setting] of the wireless end-user device needs to be modified."

1

As Verizon set forth in its Motion and Reply, Verizon's network never does the second step. Rather, the device sends an Attach/PDN request to the network, which includes a request for a PCO value. In response to receiving that request for a PCO value, Verizon's network simply—and always—responds with the appropriate PCO value. The request sent by the device to the network does not even include the current PCO value on the device. Instead, the appropriate PCO value is sent—blindly—by the network every time, in response to the request, regardless of whether the new PCO value is the same or different from the old value. The network does not consider the current value *at all* in responding to the request. Dkt. No. 225 at 3; *see also* Dkt. No. 181 at 5–6. Blindly sending the correct value without considering whether it is the same or different as the current value, or even being told what the current value is, is the opposite of determining that a setting needs to be modified, much less basing that non-existent determination on the report.

These facts are not in dispute. Headwater's expert admitted, repeatedly, that the device, when it sends the PCO request to the network, does not identify the existing PCO value on the device in its request, and that the network "determines what the new PCO value should be *without reference* to what the current PCO value stored on the phone currently is." Dkt. No. 181 at 5–6 (citing Dkt. No. 181-3 at 85:24–86:4, 87:16–18; 88:6–11, 103:20–104:1). Judge Payne recognized this: "Plaintiff does not dispute that in response to receiving a request, the Verizon network *blindly* sends the appropriate PCO value without ever considering the current PCO value [already on the device]." Dkt. No. 303 at 5; *see also id.* at n. 4.

Headwater identifies no evidence to establish a genuine dispute of material fact. Rather, Headwater's Objections merely restate its arguments from the underlying briefing, that a device sends requests to the network, and that the network then responds with the requested information,

2

which might, on occasion, happen to be different from the setting that is already on the device. Dkt. No. 332 at 2. As Judge Payne correctly found, "blindly send[ing] the PCO value to the device every time it is asked to do so cannot possibly be found to 'determine' that a PCO value 'needs to be modified,'" nor would such a non-existent determination be "based on the report," which does not even identify the current value on the device. Dkt. No. 303 at 5, 6. In passing, Headwater also argues that "the claim does not require the determination to rely *solely* on the report." Dkt. No. 332 at 3. Judge Payne never said that it did. Rather, the claims require that the determination be "based on the report," and Judge Payne correctly determined that nothing in the report was used to make the determination—indeed, no determination of a need to modify was ever made at all, let alone whether that non-existent determination of the need to modify was based on the report. Dkt. No. 303 at 4–6.

      For the foregoing reasons, this Court should adopt the R&R and grant Verizon's motion for summary judgment.

Dated: July 2, 2025      By:    */s/ Josh A. Krevitt*

Josh A. Krevitt
jkrevitt@gibsondunn.com
Katherine Q. Dominguez
kdominguez@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Eli Balsam
ebalsam@gibsondunn.com
Charlie Sim
csim@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Robert Vincent
rvincent@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: 214.698.3112
Facsimile: 214.571.2910

Andrew W. Robb
arobb@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5334
Facsimile: 650.849.5034

Hannah L. Bedard
hbedard@gibsondunn.com
Michelle Zhu
mzhu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.777.9413
Fax: 202.831.6063

Celine Crowson (D.C. Bar No. 0436549A)
**Hogan Lovells**
555 13th St NW,

4

Washington, D.C. 20004
Telephone: 202-637-5600
celine.crowson@hoganlovells.com

Tej Singh (California Bar No. 286547)
Yi Zhang (California Bar No. 342823)
Kyle Xu (California Bar No. 344100)
**Hogan Lovells**
4 Embarcadero Center Suite 3500
San Francisco, CA 94111
Telephone: 415-374-2300
tej.singh@hoganlovells.com
yi.zhang@hoganlovells.com
kyle.xu@hoganlovells.com

Deron R. Dacus
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Phone: 903.705.1117

*Attorneys for Defendants*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on July 2, 2025.

/s/ *Josh A. Krevitt*
Josh A. Krevitt
