IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS and VERIZON CORPORATE SERVICES GROUP, INC.,<br>Defendants. | Case No. 2:23-cv-00352-JRG-RSP<br><br>**LEAD CASE**<br><br>**JURY TRIAL** |

**PLAINTIFF HEADWATER RESEARCH, LLC'S RESPONSE TO DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION DENYING MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT WILLFUL INFRINGEMENT, INDIRECT INFRINGEMENT, OR COPYING (DKT. NO. 325)**

The Court should overrule Verizon's Objections ("Objections") to the Report and Recommendation (Dkt. No. 325) ("Report") denying in party their Motion for Summary Judgment of No Pre-Suit Willful Infringement, Indirect Infringement, or Copying (Dkt. No. 182) ("Motion") and adopt the Report in full.

## I. The Report Correctly Found Genuine Issues of Fact Preclude Summary Judgment of No Pre-Suit Willful Infringement and Indirect Infringement

Verizon first contends that the Report was erroneous in denying summary judgment on pre-suit willful infringement and indirect infringement as "[t]he law requires actual knowledge of the asserted patents or its equivalent" and "there is no evidence, whether direct or circumstantial, that Verizon knew of the asserted patents." Dkt. 345 at 1. Verizon admits, as it must, that the law allows for knowledge of the asserted patents to be demonstrated by "circumstantial evidence" or evidence of "*conduct [that] may raise an inference* that the defendant had actual knowledge." *Id.* at 2-3. However, it contends that the evidence only demonstrated pre-suit "business interactions or general knowledge of the patentee's portfolio" which it claims is legally insufficient. *Id.* at 3. Verizon is wrong as to both the law and the facts provided by Headwater.

The Report cited and relied on the Federal Circuit's decision in *Gustafson, Inc. v. Intersystems Indus. Products, Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990), that whether the defendant acted with the required intent for willfulness "must be inferred *from all the circumstances.*" (emphasis added). Verizon makes no attempt to distinguish the opinion. While, Verizon attempts to factually distinguish the Report's reliance on *WCM Industries, Inc. v. IPS Corporation*, 721 Fed.Appx. 959, 970 (Fed. Cir. 2018) and *Warsaw Orthopedic, Inc. v. Nuvasive, Inc.*, 824 F.3d 1344 (Fed. Cir. 2016), it cannot escape that both decisions only reinforce the holding of *Gustafson* that knowledge and intent can be inferred from all circumstances. See *Warsaw*, 824 F.3d at 1347 ("knowledge of infringement can be inferred from circumstantial evidence"); *WCM Industries*, 721 Fed.Appx. at

1

970 ("whether an act is 'willful' is by definition a question of the actor's intent, the answer to which must be inferred from all the circumstances.") (emphasis original) (cleaned up).

Verizon discounts a large majority of the evidence cited by the Report as showing genuine issue of fact as only demonstrating "generally Defendants' awareness of Plaintiff's patent portfolio." Dkt. 345 at 4. In fact, the evidence relied on by the Report is as follows:

> In response, Plaintiff argues that Defendants knew or should have known of the patents at issue. Dkt. No. 203 at 8. In support of this, Plaintiff makes several assertions. First, it asserts that Defendants knew that Headwater had a large portfolio of patents. Id. (citing Dkt. No. 203-12 at 6; Dkt. No. 203-3 at 10, 16; Dkt. No. 203-15 at 3, 9; Dkt. No. 203-16). Second, it asserts that Defendants were aware that the software developed by ItsOn and used by Defendants was protected by several of Headwater's patents. Id. (citing Dkt. No. 203-16). Third, it asserts that Defendants sought to develop their own technology to replace that provided by ItsOn, leading to one of its own employees filing a whistleblower complaint against it.2 Id. at 8-9 (citing Dkt. No. 203-18 at 93-94). Finally, it asserts that the '541 and '042 Patents were listed on Headwater's marking page, thus providing notice to Verizon concerning the Patents. Id. at 9 (citing Dkt. No. 182-2; Dkt. No. 182-3; Dkt. No. 182-4; Dkt. No. 182-5; Dkt. No. 182-6; Dkt. No. 182-8; Dkt. No. 182-12; Dkt. No. 182-23).

It was bases on this evidence, combined with the 2013 letter, where Headwater let Verizon know of "Headwater's intellectual property portfolio" and that "Headwater was evaluating potential violations of the portfolio by Verizon," that the Report concluded the jury could find Verizon had the requisite knowledge and intent. Report at 4-5.

Verizon argues all of this evidence should be discounted because, except for the marking page, it "pre-date[s] the issuance of the asserted patents." But this is not the law. As the Report recognized intent is to be "inferred *from all the circumstances*" not just those that post-date issuance of the patent. *Gustafson, Inc.*, 897 F.2d at 511.

The Report's findings should be affirmed as this evidence demonstrates genuine issues of fact. Indeed, in spite of all of the facts listed above, there was no evidence that Verizon ever investigated whether it infringed the '541 and '042 Patents. A jury could consider this failure to investigate as

evidence of intent to infringe the asserted patents, or at least disregard of the obvious risk. *See Arctic Cat Inc.*, 876 F.3d at 1371 (affirming jury's willfulness finding when, among other things, the infringer "conducted only a cursory analysis of the patents" and "waited years before seeking advice of qualified counsel"). Moreover, while Verizon does not dispute that both the '541 and '042 Patents were listed on the marking page by 2017. A jury could find that Verizon's failure to investigate the page, in light of the above facts, is further evidence of at least willful blindness.

With regard to knowledge of infringement, the Report found that "*[f]or the same reasons discussed above*, the Court finds that a reasonable jury could find that Defendants were aware of their alleged infringement from the totality of the circumstantial evidence." Report at 5 (emphasis added). Verizon concedes that the two issues are tied together. Dkt. 345 at 5 ("For all the same reasons Headwater cannot show a triable fact as to whether … Verizon had knowledge of the alleged infringement."). Accordingly, as the Court should adopt the Report and find factual issues preclude summary judgment as to pre-suit knowledge it should find likewise as to intent to infringe.").

## II. The Report Correctly Found Genuine Issues of Fact Preclude Summary Judgment of No Copying By Third Parties

Verizon attacks the Report's "recommendation as to copying by third parties" only by contending "there is no evidence that Samsung (or another third party) copied a feature that practices an asserted patent." Dkt. 345 at 5. First, Verizon misstates the holding of *Genband US LLC v. Metaswitch Networks Corp.*, 2016 WL 98745 (E.D. Tex. Jan 8, 2016), in contending '[c]opying is only relevant if it is of a '"feature that practices an asserted patent."' Dkt. 345 at 5. In fact, the quote from *Genband* concerned whether nexus could be established, holding "Mr. Lanning may not offer the opinion that Metaswitch has a general 'corporate culture' of copying; this opinion is not sufficiently connected to any alleged act of copying or attempted copying of a product or feature that practices an asserted patent." *Genband US LLC*, 2016 WL 98745 at *2. The Court then went on to note "[b]ecause

3

most of the evidence upon which Mr. Lanning bases his opinions is tied to specific products or technologies alleged to practice the asserted patents, the Court will not strike his opinions that secondary considerations support a finding of non-obviousness." *Id.* at *3.

Here, the Court found that Headwater had at least expert testimony of copying by Samsung, which was alleged to infringe. Report at 6 ("Plaintiff then points to the report of their expert—Mr. de la Iglesia—in support of their allegation of copying by competitors (namely, Samsung and T-Mobile). Id. at 11-12 (citing Dkt. No. 184-2 at ¶¶463-64)."). The Court further noted that "copying [by competitors] can be shown through the alleged infringer having 'access to the patented product combined with the patented product.'" *Id.* (quoting *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir.2010)). Accordingly, based on this evidence, the Court correctly denied copying as to third parties as of "secondary indicia of non-obviousness." *Id*.

Accordingly, Samsung's objections to the Report on the issue of copying should be overruled.

Dated: July 2, 2025                Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
bwang@raklaw.com
Adam Hoffman
CA State Bar No. 218740
Email: ahoffman@raklaw.com
Dale Chang
CA State Bar No. 248657

dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
pwang@raklaw.com
James Milkey
CA State Bar No. 281283
Email: jmilkey@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
jwietholter@raklaw.com
James Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com
Qi (Peter) Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Fl.
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
TX State Bar No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF, HEADWATER RESEARCH LLC**

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas under seal, and served counsel of record with a copy via electronic email.

/s/ *Reza Mirzaie*
Reza Mirzaie