IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS AND VERIZON CORPORATE SERVICES GROUP, INC., | Civil Action No. 2:23-cv-00352-JRG-RSP |

# ORDER

Before the Court is Plaintiff Headwater Research LLC's Motion for Leave to Amend Exhibit List. **Dkt. No. 390**. In the Motion, Plaintiff seeks to add a term sheet created in the course of negotiations with Motorola Mobility LLC for a license related to the Motorola products that are part of the Verizon systems accused of infringement in this case. *Id.* at 1; Dkt. No. 390-2. The motion was filed at the close of business on a Friday, just three business days before jury selection.

Untimely amendments to exhibit lists require a showing of good cause. "Good cause," according to the Federal Circuit, "requires a showing of diligence." *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts in this District routinely apply a four-factor test to determine whether good cause has been shown. *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citation omitted). Those four factors are: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. The burden of proving good cause rests with the party seeking the untimely amendment. *See id*; *see also S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Here, the fact discovery deadline was January 10, 2025 (Dkt. No. 145 at 4), while Plaintiff filed the instant Moton on July 11, 2025 (Dkt. No. 390). Accordingly, the amendment is untimely.

Plaintiff explains the need for the term sheet as rebuttal to expected questioning of its founder, Dr. Raleigh, "seeking to show that Headwater has not widely licensed or received significant licensing revenue from its patents." In an effort to mitigate the obvious prejudice to Defendants, Plaintiff offers a deposition of Dr. Raleigh in the few days remaining before trial. This is a situation of Plaintiff's own making. This case has proceeded for two years on the licensing history established by Plaintiff. The fact that it negotiated a last-minute agreement is entirely within Plaintiff's control.

Complicating the situation is that the term sheet, while "binding," does not contain a fully negotiated license. The other party to that term sheet, Motorola, is not available for easy discovery before trial. The consideration for the agreement appears to be very substantial, yet the facts underlying the negotiation are not readily knowable to Defendants. Lastly, and importantly, neither side's damages experts have examined the agreement and rendered opinions. Thus, Plaintiff proposes to offer it up for the jury to consider without the benefit of such opinions.

Plaintiff relies upon *Solas OLED Ltd. v. Samsung Display Co., Ltd. et al.*, CA No. 2:19-cv-0152-JRG, Dkt. 329 (E.D. Tex. Feb. 3, 2021) as authority for its request. In *Solas*, this Court did allow the introduction of a last-minute license, but it was admitted at the request of the *defendant*. Defendant had just learned of the license, it was the only license of the asserted patents, and it was far lower than the royalty that Solas's expert was testifying to. After the trial was continued, the Court ultimately allowed introduction of another last-minute license, with a much higher royalty, at plaintiff's request, in order to balance the playing field. *Solas* does not support the introduction by Plaintiff, over objection, of a high-dollar partially-negotiated license a few days before trial.

Considering all of the factors, the Plaintiff's Motion for Leave to Amend Exhibit List (Dkt. No. **390**) is **DENIED**.

**SIGNED this 12th day of July, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE