# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC., CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, and VERIZON CORPORATE SERVICES GROUP, INC.,<br><br>*Defendants*. | Civil Action No. 2:23-cv-00352-JRG-RSP<br><br>(Lead Case)<br><br>**JURY DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S RESPONSE TO OBJECTIONS TO ORDER DISQUALIFYING WILMER CUTLER PICKERING HALE AND DORR LLP**

I.  **INTRODUCTION**

The WilmerHale firm first entered an appearance as counsel for Verizon in this matter on the eve of the previously-scheduled trial date. Headwater immediately raised concerns about WilmerHale's conflicts of interest in representing the adverse party, Verizon, in this matter. After considering expedited briefing by the parties, the Court granted Headwater's motion to disqualify WilmerHale in a carefully considered written order. Dkt. # 391. Magistrate Judge Payne found that, in two prior engagements, WilmerHale provided representation substantially related to the current matter. The Court further noted that "there are few things more corrosive to the public confidence in the Bar than having one's former lawyer line up against you across the table." Dkt. # 391 at 4.

WilmerHale now raises two primary grounds for its objection to the Court's Order. Both of those grounds fail. First, WilmerHale incorrectly argues that it cannot be disqualified because it did not have an attorney-client relationship with the plaintiff in this action, Headwater. WilmerHale's argument is both legally and factually incorrect. It was also explicitly considered by Magistrate Judge Payne. Second, WilmerHale incorrectly argues that it cannot be disqualified because all relevant attorneys have purportedly left the WilmerHale firm. That argument is also both legally and factually incorrect. It too was already considered by Magistrate Judge Payne. Neither argument provides a proper basis to reverse Judge Payne's Order granting the motion to disqualify.

II.  **ARGUMENT**

A.  **WilmerHale Misstates The Law Regarding Conflicts Of Interest**

WilmerHale first argues that a law firm may only be disqualified if it had an express attorney-client relationship with the identical party in a previous engagement. This is not correct.

1

As explained in Headwater's motion, the Fifth Circuit holds that a law firm's obligations (and potential conflicts) are not strictly limited to those with whom they had a formal attorney-client relationship. Where a law firm represented a party with a common legal interest with another and actually received confidential information from that other party, the lawyer may not later appear adverse to the common interest party in a substantially related matter. *Wilson P. Abraham Const. Corp. v. Armco Steel Corp.*, 559 F.2d 250, 253 (5th Cir. 1977). This is particularly relevant here, because WilmerHale concedes that it represented ItsOn in connection with preparing a detailed memorandum discussed at length in Magistrate Judge Payne's Order. WilmerHale also does not dispute that it received privileged and confidential information from Headwater as part of that engagement, nor does it dispute that Headwater and ItsOn had a common legal interest (as the Court has previously held). Thus, WilmerHale's first argument, that it can only be disqualified if it had an explicit attorney-client relationship with Headwater, is incorrect.

**B.     WilmerHale misstates the relevant facts regarding its prior attorney-client relationship with Headwater**

Even if WilmerHale were correct about the applicable law (it is not), it also makes incorrect assertions of fact about its prior representations. As noted above, in one prior engagement, WilmerHale represented ItsOn in a matter substantially related to the current case and it received confidential and privileged information from Headwater as part of that representation. But, as WilmerHale also must concede, it had an additional prior engagement <u>for Headwater</u> that the Court also found to be substantially related to this case. WilmerHale's argument is that the name of that entity was Headwater Partners, not Headwater Research, and that this was somehow meaningfully different. But as Headwater showed in its motion, Headwater Partners eventually became

2

Headwater Research. The distinction that WilmerHale purports to draw is simply not factually correct.

### C. WilmerHale Incorrectly Argues That Because Attorneys Have Left The Firm, It Can No Longer Be Disqualified

WilmerHale's second objection to Magistrate Judge Payne's Order is that it purportedly misapplies the precise language of ABA Model Rule 1.10 regarding imputation of conflicts within a law firm. Once again, WilmerHale is incorrect. First, as the Order recognized, the Court "is not limited to the state's ethical rules but may also consider national norms of professional conduct." Dkt. # 391 (quoting *Rembrandt Techs., LP v. Comcast Corp.,* No. Civ. A. 2:05CV433, 2007 WL 470631 at *2 (E.D. Tex. Feb. 8, 2007). Accordingly, Magistrate Judge Payne was not limited to a rote application of the rule and was obliged to consider the particular facts relevant to this case. Magistrate Judge Payne found that the nature of WilmerHale's deep involvement in matters substantially related to this case (on the opposite side it now purports to take) required disqualification. Such a finding is entirely consistent with the applicable law.

### D. WilmerHale Overlooks A Key Component Of The Relevant Rules

Even as to the relevant rule, however, WilmerHale misstates a key part of the rule. It suggests that Magistrate Judge Payne failed to consider the provisions of Rule 1.10(b)(2). But that rule provides a potential exception to imputed disqualification where no remaining lawyer at the firm has information that is material to the matter. WilmerHale did not actually show that this criteria was met. It suggested that the primary lawyers involved in the earlier matters had since left the firm, but it failed to address two members that have not "terminated an association with the firm." First, as to the ItsOn engagement, WilmerHale fails to address the lawyer who signed the engagement letter, Mark Flanagan. Mr. Flanagan is still listed on WilmerHale's website as a

3

"Retired Partner." While Mr. Flanagan may be retired, he has certainly not terminated his association with the firm given his continued presence on the firm's website. With respect to the firm's prior representation of Headwater, the situation is even more stark. The attorney who signed the engagement letter for that multi-year engagement was Daniel Zimmerman. Mr. Zimmerman remains listed as an active partner at the firm. Thus, WilmerHale did not and cannot show that all attorneys with knowledge from either prior engagement have terminated their association with the firm. Judge Payne clearly found that both prior engagements were substantially related to the current case. The objection to Magistrate Judge Payne's Order fails for this additional reason.

### E. WilmerHale's Other Arguments Also Fail

WilmerHale also disputes Magistrate Judge Payne's findings regarding the substantial relationship between its prior engagements for ItsOn and Headwater and the current matter. Its argument, however, relies on a false premise. It asserts that there is no substantial relationship because the Court has already ruled on certain motions Notably, WilmerHale cites no authority that the substantial relationship test is so narrowly circumscribed. In particular, Verizon, the adverse party that WilmerHale seeks to represent here, has not waived any of the issues in this case that are highly related to the subject matter of WilmerHale's prior representations. And as the Court noted, those issues "will remain an issue for potential appeal and in future cases, which are already being filed against Verizon and others." Dkt. # 391 at 3-4. It points to no precedent that a substantial relationship simply vanishes when a court rules on certain issues in a case.

### III. CONCLUSION

WilmerHale and Verizon have failed to carry their burden to show that Magistrate Judge Payne's Order was clearly erroneous or contrary to law. Accordingly, their objections should be overruled.

Dated:  July 14, 2025

Andrea L. Fair
TX State Bar No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Email: andrea@millerfairhenry.com

Respectfully submitted,

*/s/ Brian Ledahl*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

*Attorneys for Plaintiff Headwater Research LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 14, 2025.