**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00352-JRG-RSP |
| | § | |
| CELLCO PARTNERSHIP d/b/a/ VERIZON | § | |
| WIRELESS and VERIZON CORPORATE | § | |
| SERVICES GROUP, INC., | § | |
| *Defendants*. | § | |

**<u>RE-STATED FINAL JUDGMENT AND ORDER NUNC PRO TUNC</u>**

The Court issues this Order Nunc Pro Tunc after considering Defendants' Unopposed Motion for Correction of a Clerical Mistake Under Rule 60(a). (Dkt. No. 454). On April 23, 2026, this Court issued the Final Judgment (Dkt. No. 448) in the above-captioned case. In that Order, the Court inadvertently wrote that "[t]he Jury found that Defendants had willfully infringed Claim 1 of U.S. Patent No. 9,215,613 and Claim 83 of U.S. Patent No. 8,589,541." (*Id.* at 1).[1] The Jury instead found that the Defendants' infringement of the asserted claims was <u>not</u> willful. (Dkt. No. 420 at 6). Accordingly, the Court **GRANTS** the Unopposed Motion (Dkt. No. 454) and issues this Order Nunc Pro Tunc to correct this unintentional error and restate in full substance the Court's Final Judgment (Dkt. No. 448) to-wit:

A jury trial commenced in the above-captioned case on July 16, 2025. On July 23, 2025, the Jury reached and returned its unanimous verdict. (Dkt. No. 420). The Jury found that Defendants had infringed Claim 1 of U.S. Patent No. 9,215,613 and Claim 83 of U.S. Patent No.

---

[1] The same clerical error was made in the background section of the Court's Memorandum Opinion and Order regarding equitable issues addressed at the bench trial. (Dkt. No. 447 at 1 ("On July 23, 2025, a jury found that the patents were willfully infringed and awarded $175 million in damages.")).

8,589,541. (*Id.* at 4, 6). The jury awarded Plaintiff a lump-sum amount of $175,000,000 as compensation for Defendants' infringement. (*Id.* at 7).

Subsequently, the Court held a bench trial on February 4, 2026, regarding Defendants' assertion of equitable estoppel and waiver. (Dkt. No. 443). The Court found that Plaintiff could not enforce the asserted patents against Defendants under the doctrine of implied waiver. (Dkt. No. 447).

Pursuant to Federal Rule of Civil Procedure 58, and in accordance with the Court's Memorandum Opinion and Order regarding Defendants' equitable defenses (Dkt. No. 447), the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. Plaintiff cannot enforce the asserted claims against Defendants.

2. Under Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Defendants are the prevailing party in this case and shall recover costs from Plaintiff. Defendants shall file their bill of costs forthwith.

All other requests for relief now pending between Plaintiff and Defendants that are not specifically addressed herein are **DENIED**. The Clerk of Court is directed to **CLOSE** the above-captioned case.

**So ORDERED and SIGNED this 2nd day of June, 2026.**

_____

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE