# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

HEADWATER RESEARCH, LLC.,        (  CAUSE NO. 22:2-CV-422-JRG
                                 )
          Plaintiff,             (
                                 )
vs.                              (
                                 )
SAMSUNG ELECTRONICS CO., LTD.,   (
et al.,                          )  MARSHALL, TEXAS
                                 (  JANUARY 16, 2025
          Defendants.            )  8:30 A.M.
_____

VOLUME 4

_____

TRIAL ON THE MERITS

BEFORE THE HONORABLE RODNEY GILSTRAP
UNITED STATES CHIEF DISTRICT JUDGE
and a jury

_____

SHAWN McROBERTS, RMR, CRR
100 E. HOUSTON STREET
MARSHALL, TEXAS  75670
(903) 923-8546
shawn_mcroberts@txed.uscourts.gov

A P P E A R A N C E S

FOR THE PLAINTIFF:    RUSS AUGUST & KABAT -
                      LOS ANGELES
                      12424 WILSHIRE BOULEVARD
                      12TH FLOOR
                      LOS ANGELES, CA 90025
                      (310) 826-7474
                      BY: MR. MARC FENSTER
                          MR. REZA MIRZAIE
                          MR. BRIAN LEDAHL
                          MR. JASON WIETHOLTER

                      JAMES N. PICKENS
                      ATTORNEY At LAW
                      1104 NW 88TH WAY
                      PLANTATION, FLORIDA  33322
                      (954) 637-2393

                      MILLER FAIR HENRY, PLLC
                      1507 BILL OWENS PARKWAY
                      LONGVIEW, TEXAS  75604
                      (903) 757-6400
                      BY:  MS. ANDREA FAIR

FOR THE DEFENDANTS:   FISH & RICHARDSON PC - ATLANTA
                      1180 PEACHTREE STREET NE
                      21ST Floor
                      ATLANTA, GEORGIA  30309
                      (404) 724-2792
                      BY:  MR. THAD KODISH

                      FISH & RICHARDSON, PC -
                      WASHINGTON, DC
                      1000 MAINE AVE., SW
                      SUITE 1000
                      WASHINGTON, DC 20024
                      (202) 783-5070
                      BY:  MR. MICHAEL McKEON

                      GILLAM & SMITH, LLP
                      303 SOUTH WASHINGTON AVENUE
                      MARSHALL, TEXAS  75670
                      (903) 934-8450
                      BY:  MS. MELISSA SMITH

OFFICIAL REPORTER:    SHAWN M. McROBERTS, RMR, CRR
                      100 E. HOUSTON STREET
                      MARSHALL, TEXAS  75670
                      (903) 923-8546

oath in deposition, did you come up with this?

I'm not even sure what that is.  I can't really say.  You haven't defined it.

That's what he said before this trial, before this week.  He said other things on the witness stand.  You heard that.  It's about credibility, ladies and gentlemen.  About credibility.

We also deposed the inventors, other inventors, and what did they say?  Well, Dr. Raissinia, did you invent anything in the Android system?

No.

Mr. Lavine, Headwater's patents were meant to be directed to something different from what Google's operation system provides.

Answer, yes.

These folks are not with Headwater any longer.  They're outside of this trial.  They were deposed, and this is what they said under oath.  This is what they said:  No, our stuff's not Android.

Now, let me just briefly go through the claim that you've heard so much about in this trial.  But, ladies and gentlemen, the key language of the claim, the key language of the claim, is interacting in the device display foreground.  Interacting in the device display foreground.  That's key.  So when they show you slides that don't have that language, interacting in

the device display foreground, just note that because you know now--right?--every single word matters. Interacting in the device display foreground.

And then the policy, the policy of the claim disallows, disallows, access to the internet for applications when they're not interacting in the device display foreground. That's the claim language. So keep that in mind when you evaluate the infringement question in this case. It's very important.

And you've seen this before, but this is how the accused products work. If you want to play music, you call up your application. And then if you want to check emails, your application goes to the back. It's classified as a foreground service. You heard that evidence. And that's important because it allows it to keep playing, to keep playing even though you can't see it. But that uses battery power. That uses network so you're checking your application and the music is playing.

And the difference, ladies and gentlemen, is fundamental, because this case, the claim requires if there's no interaction, you shut it down. It's a very harsh solution. And as Dr. Schonfeld told you back in 2010, maybe that made sense to have such a harsh solution because of roaming and the batteries weren't as good. But today, ladies and gentlemen, that doesn't make sense to have such a harsh solution. If

1286

you're not interacting, you lose access to the internet?

The line is drawn very differently in the accused products, very differently.  And the reason for that, ladies and gentlemen, is user experience.  User experience.  Samsung couldn't sell phones, ladies and gentlemen.  If people had bad user experience, they would be gone.  User experience is a guiding principle in anything Samsung makes, and in these smartphones it is different than the accused technology.

And you heard Mr. Sharkey say, well, I could have written a policy, I could have written one where I used interaction in the display foreground as a criteria, but Mr. Sharkey said, no, because it would have been a poor user experience.  That's why he didn't write that policy.

And Dr. Schonfeld told you yesterday that in the current products, they want to err on the side of better user experience.  You don't get as much battery savings, but you get a better user experience.  The line is drawn differently.  The design choice is much different than the patent is, the harsh technology of the patent of cutting off applications if there's no user interaction.

Mr. De la Inglesia was on the stand yesterday.  He recognized the '976 Patent in this case did not invent the concept of foreground versus background.

That's correct.  This is what the accused technology is--foreground versus background, making that decision and