# Exhibit J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

HEADWATER RESEARCH, LLC.,         (  CAUSE NO. 22:2-CV-422-JRG
                                  )
          Plaintiff,              (
                                  )
vs.                               (
                                  )
SAMSUNG ELECTRONICS CO., LTD.,    (
et al.,                   )  MARSHALL, TEXAS
                                  (  JANUARY 13, 2025
          Defendants.             )  9:00 A.M.
_____


                              OPENING

_____

                       TRIAL ON THE MERITS


              BEFORE THE HONORABLE RODNEY GILSTRAP
              UNITED STATES CHIEF DISTRICT JUDGE
                          and a jury
_____


















                SHAWN McROBERTS, RMR, CRR
                  100 E. HOUSTON STREET
                 MARSHALL, TEXAS  75670
                    (903) 923-8546
            shawn_mcroberts@txed.uscourts.gov


                Shawn M. McRoberts, RMR, CRR
              Federal Official Court Reporter

A P P E A R A N C E S

FOR THE PLAINTIFF:    RUSS AUGUST & KABAT -
                      LOS ANGELES
                      12424 WILSHIRE BOULEVARD
                      12TH FLOOR
                      LOS ANGELES, CA 90025
                      (310) 826-7474
                      BY: MR. MARC FENSTER
                          MR. REZA MIRZAIE
                          MR. BRIAN LEDAHL
                          MR. JASON WIETHOLTER

                      JAMES N. PICKENS
                      ATTORNEY At LAW
                      1104 NW 88TH WAY
                      PLANTATION, FLORIDA  33322
                      (954) 637-2393

                      MILLER FAIR HENRY, PLLC
                      1507 BILL OWENS PARKWAY
                      LONGVIEW, TEXAS  75604
                      (903) 757-6400
                      BY:  MS. ANDREA FAIR

FOR THE DEFENDANTS:   FISH & RICHARDSON PC - ATLANTA
                      1180 PEACHTREE STREET NE
                      21ST Floor
                      ATLANTA, GEORGIA  30309
                      (404) 724-2792
                      BY:  MR. THAD KODISH

                      FISH & RICHARDSON, PC -
                      WASHINGTON, DC
                      1000 MAINE AVE., SW
                      SUITE 1000
                      WASHINGTON, DC 20024
                      (202) 783-5070
                      BY:  MR. MICHAEL McKEON

                      GILLAM & SMITH, LLP
                      303 SOUTH WASHINGTON AVENUE
                      MARSHALL, TEXAS  75670
                      (903) 934-8450
                      BY:  MS. MELISSA SMITH

OFFICIAL REPORTER:    SHAWN M. McROBERTS, RMR, CRR
                      100 E. HOUSTON STREET
                      MARSHALL, TEXAS  75670
                      (903) 923-8546

Every single requirement of the claim must be in the product or there's no infringement. And this is the analysis that you're going to be asked to do in this case with respect to the '976 Patent.

Now, counsel walked you through the claim, but I'm going to focus on two of the elements or requirements of the claim. And on this slide, you see the classify element. And what does that do? Well, that requires -- let's walk through the language together. It says classify. So you got to have the processor classify whether or not the first in application, when running, is interacting in the device display foreground--mobile phone, whether there's interaction in the device display foreground. Display foreground. Now, the display foreground is a very important part -- element of the claim that I didn't hear mentioned much by counsel.

Let's look another element of the claim you're going to hear a lot about in this trial. It's the policy element of the claim. And what does that say? Well, it says that you have this policy such that this internet activity is disallowed when? When is it disallowed? It's disallowed when the application is not interacting, when there is no interacting in the display, the device display foreground, internet's gone, no interaction; no interaction with the device display, no internet. No interaction in the display, no internet. That's the policy of this patent, ladies and

gentlemen.

So let's look at the accused product and see how that applies to the accused product. Well, we've got here at the home screen, and you see this Spotify app and I want to play music. So I hit Spotify app on my home screen and I bring that up. Now I'm in the foreground. I'm at the top of the screen. So I hit my play list or my song, and you can see here the song is playing.

But if I'm listening to my music and I want to check emails mail, what do I do? I go back to the home screen, and you see that here, and I check emails. So what just happened? What happened was my Spotify app now is off the top screen. I don't see it. You don't see it anymore. And you have the top of the screen is the email, Gmail account.

But what is happening? Well, that Spotify is still playing your music, it's still grinding in the background, it's still accessing the network because if it wasn't accessing the network, you wouldn't have any music. But in the accused products, there is no policy that cuts off or blocks your music based on interaction in the device display foreground. Spotify is off the top. You're not interacting in the device display foreground, but you got network.

Ladies and gentlemen, what the evidence is going to show in this case is that the Headwater patent requires an extremely severe policy for cutting off network access for

165

applications.  If there's no interaction in the device display, then there's no internet.  The music stops.

Now, this certainly may get you better battery savings because you're not going to be grinding in the background, but it gives you a bad user experience.  That's what the evidence is going to show.  And that is why Samsung's phones simply don't work this way.

You see on the slide here, ladies and gentlemen, on the left is the patented approach--no interaction in the display, no internet.  And on the right, Samsung's approach, which allows access to the internet regardless of whether or not the application is interacting in the device display foreground.

Ladies and gentlemen, we're going to present Dr. Dan Schonfeld, who has looked at all the evidence, the software code and the deposition testimony, the documentation, and he concluded that there is no infringement of the Samsung products in this case.

You're also going to hear the testimony from the other inventors other than Doctor Raleigh who admit in their deposition, they admitted that they didn't invent Google operating system, they didn't invent anything in that.  And you are going to hear this deposition testimony played in this case.

So the conclusion there's no infringement, ladies and gentlemen, is not surprising in light of this testimony.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

HEADWATER RESEARCH, LLC.,            (   CAUSE NO. 22:2-CV-422-JRG
                                     )
              Plaintiff,             (
                                     )
vs.                                  (
                                     )
SAMSUNG ELECTRONICS CO., LTD.,       (
et al.,                              )   MARSHALL, TEXAS
                                     (   JANUARY 16, 2025
              Defendants.            )   8:30 A.M.
_____


VOLUME 4

_____

TRIAL ON THE MERITS


BEFORE THE HONORABLE RODNEY GILSTRAP
UNITED STATES CHIEF DISTRICT JUDGE
and a jury
_____

SHAWN McROBERTS, RMR, CRR
100 E. HOUSTON STREET
MARSHALL, TEXAS  75670
(903) 923-8546
shawn_mcroberts@txed.uscourts.gov

A P P E A R A N C E S

FOR THE PLAINTIFF:    RUSS AUGUST & KABAT -
                      LOS ANGELES
                      12424 WILSHIRE BOULEVARD
                      12TH FLOOR
                      LOS ANGELES, CA 90025
                      (310) 826-7474
                      BY: MR. MARC FENSTER
                          MR. REZA MIRZAIE
                          MR. BRIAN LEDAHL
                          MR. JASON WIETHOLTER

                      JAMES N. PICKENS
                      ATTORNEY At LAW
                      1104 NW 88TH WAY
                      PLANTATION, FLORIDA  33322
                      (954) 637-2393

                      MILLER FAIR HENRY, PLLC
                      1507 BILL OWENS PARKWAY
                      LONGVIEW, TEXAS  75604
                      (903) 757-6400
                      BY:  MS. ANDREA FAIR

FOR THE DEFENDANTS:   FISH & RICHARDSON PC - ATLANTA
                      1180 PEACHTREE STREET NE
                      21ST Floor
                      ATLANTA, GEORGIA  30309
                      (404) 724-2792
                      BY:  MR. THAD KODISH

                      FISH & RICHARDSON, PC -
                      WASHINGTON, DC
                      1000 MAINE AVE., SW
                      SUITE 1000
                      WASHINGTON, DC 20024
                      (202) 783-5070
                      BY:  MR. MICHAEL McKEON

                      GILLAM & SMITH, LLP
                      303 SOUTH WASHINGTON AVENUE
                      MARSHALL, TEXAS  75670
                      (903) 934-8450
                      BY:  MS. MELISSA SMITH

OFFICIAL REPORTER:    SHAWN M. McROBERTS, RMR, CRR
                      100 E. HOUSTON STREET
                      MARSHALL, TEXAS  75670
                      (903) 923-8546

Shawn M. McRoberts, RMR, CRR
Federal Official Court Reporter

you're not interacting, you lose access to the internet?

The line is drawn very differently in the accused products, very differently. And the reason for that, ladies and gentlemen, is user experience. User experience. Samsung couldn't sell phones, ladies and gentlemen. If people had bad user experience, they would be gone. User experience is a guiding principle in anything Samsung makes, and in these smartphones it is different than the accused technology.

And you heard Mr. Sharkey say, well, I could have written a policy, I could have written one where I used interaction in the display foreground as a criteria, but Mr. Sharkey said, no, because it would have been a poor user experience. That's why he didn't write that policy.

And Dr. Schonfeld told you yesterday that in the current products, they want to err on the side of better user experience. You don't get as much battery savings, but you get a better user experience. The line is drawn differently. The design choice is much different than the patent is, the harsh technology of the patent of cutting off applications if there's no user interaction.

Mr. De la Inglesia was on the stand yesterday. He recognized the '976 Patent in this case did not invent the concept of foreground versus background.

That's correct. This is what the accused technology is--foreground versus background, making that decision and

having this foreground services where I can still have access to the internet.  This is the accused technology.

He says the patent is very different, classified as not interaction in the device display foreground with the user.  That's the patent.  This is their witness that they brought to this trial, ladies and gentlemen.

You also heard from Dr. Chrissan.  As the Court instructed you during the trial, Dr. Chrissan has agreed that he's one of ordinary skill in the art, and you heard just about that in the instruction.  You would have to be -- take the testimony of one of ordinary skill in the art.  And he testified in trial.  He was the expert that Headwater hired earlier in the case.

He's gone now, but he was the expert that they originally hired, and he told you, he told us, and you heard in the courtroom, interacting is a two-way interaction.  It's two-way.  He said that it's got to be two-way.  You have to have interaction in the device display.  This is his testimony, ladies and gentlemen, that you heard in the courtroom.  This is a witness that they hired earlier in this case.

And, of course, now in this courtroom Dr. Wesel doesn't agree with him because he knows he can't because if he does, his case -- the case is gone.  He disagrees with the prior expert.  That's the position he's taking and Headwater's