# Exhibit K



**From:** **Philip Wang** pwang@raklaw.com 📎
**Subject:** Headwater v. Verizon, 23-cv-352 - Proposed Final Jury Instructions and Verdict Form
**Date:** July 21, 2025 at 8:44 AM
**To:** Riley Zoch Riley_Zoch@txed.uscourts.gov, Gregory Saltz Gregory_Saltz@txed.uscourts.gov, Danielle Zapata Danielle_Zapata@txed.uscourts.gov
**Cc:** *** GDCVerizon-Headwater GDCVerizon-Headwater@gibsondunn.com, headwater@raklaw.com, HLVerizon Headwater hlverizonheadwater@hoganlovells.com, [EXT] Dacus, Deron ddacus@dacusfirm.com, Andrea Fair andrea@millerfairhenry.com

Mr. Zoch, Mr. Saltz, and Ms. Zapata,

The parties jointly submit the attached proposed final jury instructions and verdict form.



**Headwater v. Verizon -352 Proposed Jury Instructions.docx**
88 KB

**Headwater v. Verizon -352 Proposed Verdict Form.docx**
72 KB

Thank you,

Philip Wang
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310 826-7474
pwang@raklaw.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS AND VERIZON CORPORATE SERVICES GROUP INC.,<br><br>Defendants. | Case No. 2:23-cv-00352-JRG-RSP |

## [PROPOSED] VERDICT FORM[1]

In answering the following questions and completing this Verdict Form, you are to follow all of the instructions I have given you in the Court's Final Jury Instructions. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Final Jury Instructions. You should refer to and consider the Final Jury Instructions as you answer the questions in this Verdict Form.

---

[1] Submissions which are agreed to by both Plaintiff Headwater Research, LLC ("Headwater") and Defendants Cellco Partnership d/b/a Verizon Wireless and Verizon Corporate Services Group Inc. ("Verizon") are not highlighted. Submissions proposed by Headwater that are not agreed to by Verizon are bracketed and in **blue, bold font**. Submissions proposed by Verizon that are not agreed to by Headwater are in **red, bold font**.

As used in this Verdict Form, the following terms have the following meanings:

- "**Headwater**" refers to Plaintiff Headwater Research LLC

- "**Verizon**" refers to Defendants Cellco Partnership d/b/a Verizon Wireless and Verizon Corporate Services Group Inc.

- The "**'613 Patent**" refers to U.S. Patent No. 9,215,613

- The "**'541 Patent**" refers to U.S. Patent No. 8,589,541

- The "**Asserted Claims**" refers collectively to claim 1 of the '613 Patent and claim 83 of the '541 Patent.

2

# IT IS VERY IMPORTANT THAT YOU FOLLOW THE

# INSTRUCTIONS PROVIDED IN THIS VERDICT FORM

# READ THEM CAREFULLY AND ENSURE THAT YOUR

# VERDICT COMPLIES WITH THEM

3

## QUESTION NO. 1

Did Headwater prove by a preponderance of the evidence that Verizon infringed ANY

of the Asserted Claims?

**'613 Patent**

    Claim 1    Yes: _____    OR    No: _____

**'541 Patent**

    Claim 83    Yes: _____    OR    No: _____

**If you answered "YES" for ANY Asserted Claim in Question No. 1, then proceed to answer Question Nos. 2, 3, and 4.**

**If you answered "NO" for ALL Asserted Claims in Question No. 1, then you SHOULD NOT answer any other question, and in that case proceed directly to the final page of the Verdict Form.**

## [QUESTION NO. 2

**As to the Asserted Claim(s) that you found were infringed, for which products did you find infringement?**

**'613 Patent**

    **Claim 1**    **Apple: _____**    **Android: _____**

**'541 Patent**

    **Claim 83**    **Apple: _____**    **Android: _____]²**

---

[2] **Headwater's Position**: Verizon's proposed additional question is unnecessary and unduly confusing. The proper question for the jury is whether Verizon—as the only accused infringer—directly infringes the Asserted Claims. Infringement question 1 is already divided by Asserted Patent / Claim. Identifying the particular products sold by Verizon that the jury finds to infringe is unnecessary, confusing, and creates a greater chance of an inconsistent verdict. The jury instructions describe the Accused Products as devices sold by Verizon and contains detailed infringement instructions. The jury will answer the verdict form based on the instructions. Further, the parties' trial presentions, expert testimony, and evidence discussed infringement of all Accused Products, and addressed any material differences of the Accused Products. In these circumstances, and consistent with the Court's practices, an additional per-product infringement question is unnecessary.

**Verizon's Position**: Verizon's proposed question is entirely consistent with both parties' trial presentations, which have distinguished between the accused Apple products and the accused Android products.  Indeed, for his trial testimony on the issue of alleged infringement, Plaintiff's technical expert, Dr. Wesel, addressed the distinct accused features of the Apple products separately from the distinct accused features of the Android products.  *See, e.g.*, Trial Tr. 394:22–395:3.

Thus, because there are two separate sets of accused products, the jury's answers to Question No. 1 could apply to one set of accused products but not the other.  In the event the jury answers "yes" to Question No. 1 for either or both patents, without Verizon's proposed question No. 2 it will be impossible to know whether the jury's answer applies to both sets of accused products or just one of them.

Verizon's proposed question No. 2 therefore provides the necessary clarity for both post-trial and appeal purposes.  *See Warner-Jenkinson Co. v. Hilton Chem. Co.*, 520 U.S. 17, 39 n.8 (1997) ("[I]n cases that reach the jury, a special verdict and/or interrogatories on each claim element could be very useful in facilitating review, uniformity, and possibly post-verdict judgments as a matter of law."); *Richardson-Vicks Inc. v. Upjohn Co.*, 122 F.3d 1476, 1485

**QUESTION NO. 3**

What sum of money, if paid now in cash, has Headwater proven by a preponderance of the evidence would compensate it for its damages from Verizon's infringement?

Answer in United States Dollars and Cents:

$ _____

---

(Fed. Cir. 1997) ("Given the nuances of patent law combined with the added complications of technology, the advantages of a special fact verdict are even more pronounced. This court early made the point that '[t]he utilization of Rule 49(a) appears to us as a particularly useful tool in conserving judicial resources and in effectuating the Congressional policy expressed in the patent laws.'").

7

**QUESTION NO. 4**

Did Headwater prove by a preponderance of the evidence that Verizon willfully infringed ANY of the Asserted Claims that you found were infringed?

Yes: _____        OR        No: _____

## **FINAL PAGE OF JURY VERDICT FORM**

You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your unanimous determinations. The Jury Foreperson should then sign and date the Verdict Form in the spaces below. Once this is done, notify the Court Security Officer that you have reached a verdict. The Jury Foreperson should keep the Verdict Form and bring it when the jury is brought back into the courtroom.

Signed this _____ day of July, 2025.

_____

Jury Foreperson

9